UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 1:23-cv-10063

DERRICK WASHINGTON,
    Plaintiffs,

V.

MA DEPARTMENT OF CORRECTION, et al.,
    Defendants.

## DOC DEFENDANTS' MOTION TO STAY THE CASE AND TO STAY DISCOVERY

Now come defendants, Department of Correction, Superintendent Kenneway, Lt. Deschesne, Lt. Forget, Sgt. Hellis, Officer Catalano, and Officer Gagnon (collectively "the DOC Defendants") through counsel, and request that this Court stay this action, including all discovery requests, until such time the resolution of Diggs et al., v. Mici, et al., USDC 4:22-cv-40003-ADB. As grounds therefor, DOC Defendants state that there Diggs et al. v. Mici is prior pending putative class action in which the plaintiff, Derrick Washington, is a member of the putative class and two of the three incidents are incidents brought as claims for equitable and injunctive relief in that class action. Exhibit A. Although the class has not yet been certified, it appears from the Diggs' Complaint, that the plaintiffs in the above-captioned case would be members of the class. Id. The determination of the Diggs' case will be outcome determinative of the majority of the issues in this case and will drastically change and limit the parameters of discovery.

In the case at bar, plaintiff Washington was an inmate who was committed to the Massachusetts Department of Correction ("DOC") and were housed at Souza Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts during the time period relevant to the Complaint. Plaintiff brings this action for declaratory, injunctive, and monetary relief under 42

U.S.C. § 1983, alleging that he is a Black inmate targeted by DOC Defendants after the serious January 10, 2020 assault against correction officers at SBCC. Plaintiff alleges that the DOC Defendants specifically targeted Black and Latino inmates in retaliation for the January 10, 2020 incident that badly injured several officers, claiming that on or around January 22, 2020, the DOC Defendants acted in a preplanned and coordinated effort to extract them from their cells, and put them in a cell off view from cameras to beat and tase them, claiming that K-9 dogs were used to instill fear in them, and that false incident and disciplinary reports were issued against them, resulting in physical and emotional pain and suffering, and lost property, in violation of the First and Eighth Amendments to the U.S. Constitution.

On January 10, 2022, the Diggs plaintiffs Dwayne Diggs, Demetrius Goshen, James Jacks, David Jackson, Raphael Rebollo, Luis Saldana, Davongie Stone, Xavier Vanentin-Soto, and Danavian Daniel filed suit in the United States District Court. Exhibit A. The Complaint, titled "Class Action Complaint" alleges that the named plaintiffs, and other similarly situated inmates at SBCC, were subjected to excessive uses of force, strip searched and retaliated against due to the incident at SBCC on January 10, 2020. Id. The Complaint further alleges that inmates were subjected to "dehumanizing, humiliating and punitive actions, including being strip searched in view of numerous other prisoners and staff, being led barefoot through toilet water and human waste; having personal property destroyed and being denied medical and mental health care." Exhibit A, at ¶5. The purported class for injunctive relief is described as "all individuals who are now, or who will be in the future, incarcerated at Souza-Baranowski Correctional Center." Id. at ¶171. With respect to damages, the class is defined as:

a) All individuals incarcerated at Souza-Baranowski Correctional Center who were subjected to uses of force from January 10, 2020 to February 6, 2020; and

b) All black and Latinx individuals who were subjected to uses of force from January 10, 2020 to February 6, 2020.

Exhibit A, ¶¶ 171, 172.

In the Diggs case, plaintiffs are represented by counsel (Prisoners' Legal Services and Hogan Lovells, US LLP). Discovery in Diggs is currently ongoing, and the Court has issued the following amended scheduling order: motion for class certification due by 10/12/2023, fact discovery to be completed by 3/29/2024, and dispositive motions due by 7/8/2024.

## ARGUMENT

It is clear that the issues in in the case at bar are the same as those alleged in the Diggs case. Moreover, the plaintiff will be part of the putative class in the Diggs case once the class is certified. The Washington case was filed approximately one year after the putative class action was filed. The only activity in the Washington case, thus far, has been the filing of the Complaint and filing of the Answer. On the other hand, discovery is currently being conducted in Diggs. In the interest of judicial economy, and to avoid conflicting rulings, the case at bar should be stayed until the resolution of Diggs.

"[A] motion to stay proceedings is ordinarily a matter addressed to the sound discretion of the trial judge." Travenol Laboratories, Inc. v. Zotal, Ltd., 394 Mass. 95, 97 (1985) ("Travenol"). Where two related lawsuits overlap only in part, the question of whether to stay one action in favor of the other must take into account all the relevant circumstances, including "the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." TPM Holdings, Inc. v. Intra-Gold Industries, Inc., 91 F.3d 1, 4 (1st Cir. 1996). Courts have "broad discretion to stay cases, provided that the length of stay is reasonable and accounts for the competing interests of the parties." Thakkar v. United States, 389 F. Supp. 3d 160, 171 (D. Mass. 2019), Klein v. MHM Corr. Servs., No. 08-11814-MLW, 2010 WL 3245291, at *9, 2010 U.S. Dist. LEXIS 83818, at *27 (D. Mass. Aug. 16, 2010) (citing Clinton v. Jones, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)). This discretion is "incidental

3

to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed.153(1936).

With respect to motions for stays involving related class actions, the Supreme Court has "established that, as a question of power," courts may stay a suit "pending resolution of another which, 'even if it should not dispose of all the questions involved, would certainly narrow the issues in the pending cas[e] and assist in the determination of the questions of law involved.'" Thakkar v. United States, 389 F. Supp. 3d 160, 171 (D. Mass. 2019), Taunton Gardens Co. v. Hills, 557 F.2d 877, 879 (1st Cir. 1977).

Here, both cases have significant overlap of issues as well as the risk of conflicting decisions. This action was filed approximately one year after the pending putative class action. There has been significant progress with respect to discovery in Diggs and nothing of substance has occurred in this case, the Washington case should be stayed pending the resolution of the Diggs action.

WHEREFORE, Defendants respectfully request that their motion to stay be ALLOWED.

Respectfully submitted,

DOC DEFENDANTS,
DEPARTMENT OF CORRECTION,
Steven Kenneway, Anthony Catalano, Lt. Deschesne Lt. Forget, Sgt. Hellis, Sgt. Tocci, and Officer Gagnon

By their attorneys,

NANCY ANKERS WHITE
Special Assistant Attorney General

/s/ Margaret S. Melville

Margaret S. Melville (BBO # 477970)
Department of Correction, Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300, ext. 1149
Margaret S. Melville@doc.state.ma.us

Dated: June 28, 2023

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

    I hereby certify that I have conferred with plaintiffs' counsel in this matter, in a good faith attempt to resolve or narrow the issues of dispute raised in the accompanying motion, in accordance with Local Rule 7.1.

                                                  /s/ Margaret S. Melville
                                                  **Margaret S. Melville**, Senior Litigation Counsel

## CERTIFICATE OF SERVICE

    I, Margaret S. Melville, counsel for DOC Defendants, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 28, 2023.

                                                  /s/ Margaret S. Melville

                                                  Margaret S. Melville