UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DERRICK WASHINGTON,<br><br>*Plaintiff*,<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT OF CORRECTION et al.<br><br>*Defendants*. | Case No. 1:23-cv-10063-MRG |

### AMENDED JOINT SCHEDULING REPORT PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1

Plaintiff Derrick Washington ("Plaintiff"); Defendants Massachusetts Department of Correction, Superintendent Kenneway, Lieutenant Deschene, Lieutenant Forget, Sergeant Hellis, Sergeant Tocci, Officer Catalano, Officer Gagnon ("DOC Defendants"); and Defendant Nurse Capoccia ("Defendant Capoccia," and collectively with the DOC Defendants, "Defendants"), submit this Amended Joint Scheduling Report and Statement pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1.

Plaintiff, DOC Defendants, and Defendant Capoccia (collectively, the "Parties") previously submitted a Joint Scheduling Report on June 23, 2023. (ECF No. 46.) Since that first Joint Scheduling Report was submitted, the Court stayed this action on April 4, 2024 (ECF No. 83) and lifted the stay on October 17, 2025 (ECF No. 98).

Plaintiff submitted his own Scheduling Report on December 23, 2025, proposing scheduling deadlines (ECF No. 114). At a status conference on December 29, 2025, the Court declined to adopt Plaintiff's proposed dates and ordered the Parties to confer to file a scheduling report jointly, wherein fact discovery would be completed by the end of June 2026. (*See* ECF No. 115.) The Parties have conferred and now jointly propose the following amended schedule.[1]

---

[1] The Parties note that this matter was stayed by the Court for over eighteen months, from April 2, 2024 (ECF No. 83) to October 17, 2025 (ECF No. 98). Though the Parties are eager to efficiently complete discovery, they wish to bring to the Court's attention the fact that multiple preliminary matters and motions, which will affect discovery, remain pending before this Court. Before the Court's April 2, 2024 stay, Plaintiff filed a Motion to Amend the Complaint and First Amended Complaint (ECF No. 68, filed November 15, 2023). Plaintiff also served a subpoena on Wellpath, aimed at identifying Nurse Doe and Medical Director Doe, which Wellpath moved to quash (ECF No. 63, filed September 18, 2023) filed and Plaintiff opposed (ECF No. 65, filed September 18, 2023)). Defendant Capoccia filed a Motion to Dismiss (ECF No. 37, filed May

1

**PLAINTIFF'S POSITION**

Plaintiff seeks compensatory and punitive damages pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and state tort law, for Defendants' illegal treatment of Plaintiff at Souza-Baranowski Correctional Center in January and March 2020. Plaintiff alleges that:

1. DOC officers used excessive force against him on multiple occasions, including by beating and tasing him;

2. DOC officers used chemical agents against him despite knowing that he was asthmatic, provoking severe asthma attacks and other symptoms;

3. Defendants failed to adequately treat Plaintiff's asthma after he was sprayed with chemical agents; and

4. Defendants intentionally inflicted emotional distress on Plaintiff through this course of conduct.

Plaintiff made the above allegations in his original Complaint (ECF No. 1).

On November 15, 2023, Plaintiff filed his initial Motion to Amend (ECF No. 68, "First Motion to Amend") that sought to add Wellpath LLC ("Wellpath")—the private medical contractor at SBCC—as a defendant; add failure-to-intervene claims against Officers Pepoli and Kalriess, whose involvement was uncovered through document discovery from DOC; add a First Amendment retaliation claim arising from a years-long campaign of retaliation for Plaintiff's organizing, protected speech, and grievance activity; and name previously unidentified officer Doe defendants.

The Court stayed this action on April 2, 2024 (ECF No. 83) without having ruled on Plaintiff's Motion to Amend. Subsequently, on November 11, 2024, Wellpath filed for bankruptcy. The Court lifted the stay on October 17, 2025 (ECF No. 98).

Due to the implications of Wellpath's bankruptcy, on November 19, 2025, Plaintiff withdrew his initial First Motion to Amend (*see* ECF No. 103), in order to replace proposed defendant Wellpath with post-restructuring entity, the Wellpath Liquidating Trust (the "Trust")

---

23, 2023). Plaintiff's Corrected Motion to Amend (ECF No. 116, filed January 9, 2026, corrected to reflect Wellpath LLC's bankruptcy, which occurred while this case was stayed) and Wellpath's Motion to Quash remain pending. Defendant Capoccia intends file a renewed request for hearing on his Motion to Dismiss. Additionally, Plaintiff wishes to bring to the Court's attention that other plaintiffs litigating claims against the DOC concerning the violence at Souza Baranowski Correctional Center in 2020 were able to obtain complete written discovery from DOC defendants only after extensive motion to compel practice, prolonging fact discovery. *See, e.g.*, *Silva-Prentice, et al. v. Turco, et al.*, 21-cv-11580-PBS, ECF Nos. 77, 95, 108, 131 (D. Mass.) (four motions to compel filed, all granted in part); *Diggs, et al. v. Mici et al.*, 22-cv-40003-ADB, ECF Nos. 46, 86 (D. Mass.) (two motions to compel filed, one granted in part).

and Trustee Matthew J. Dundon (the "Trustee"). Plaintiff filed that Corrected Motion to Amend on January 9, 2026.[2] The Corrected Motion to Amend also seeks to add a Rehabilitation Act claim arising from DOC and Wellpath's denial of accommodations in conjunction with excessive force incidents, which is, in substance, identical to Plaintiff's originally pled ADA claim. Other than making these two changes, Plaintiff's proposed amendments are the same as the proposed amendments that Plaintiff sought leave to make when he filed the First Motion to Amend in 2023, on which the Court never ruled. Plaintiff contends that all his claims arise from the same series of related events and a broader campaign of harassment, abuse, and retaliation.

Because of Defendants' violations, Plaintiff alleges that he suffered physical and emotional injuries, including pain, suffering, and emotional distress.

## DOC DEFENDANTS' POSITION

The DOC Defendants state that the alleged incidents did not occur as alleged; that any force used was reasonable in the circumstances and not excessive; that their actions complied with all applicable policies and procedures; and that Plaintiff was provided access to adequate medical care by licensed clinicians employed by the inmate medical care contractor. The DOC Defendants deny any liability under federal or state law and deny that Plaintiff is entitled to any relief.

## DEFENDANT CAPOCCIA'S POSITION

Defendant Capoccia has a motion to dismiss pending. Defendant Capoccia's Motion to Dismiss has remained pending since May 23, 2023 while the stay was in place. It is Defendant Capoccia's position that a hearing on the pending Motion to Dismiss should be held and a Rule 16 conference held prior to the implementation of a discovery schedule. Defendant Capoccia anticipates filing a Renewed Request for Hearing on his pending Motion to Dismiss. Should that motion be denied, Defendant Capoccia expects the evidence will show that at all times his care and treatment of Plaintiff complied with the applicable standard of care, and that nothing he did or allegedly failed to do caused Plaintiff any injuries. Defendant Capoccia denies all liability and damages.

## DISCOVERY COMPLETED TO DATE

Prior to the stay, Plaintiff filed a motion for early discovery, which attached Plaintiff's first set of requests for production and first set of interrogatories. (ECF No. 33, "First Interrogatories and First RFPs"). Plaintiff served a subpoena for documents on non-party Wellpath LLC, the private medical contractor at SBCC, on September 11, 2023. These limited

---

[2] Plaintiff could not file the Corrected Motion to Amend earlier than January 9, 2026, pursuant to the fourteen-day notice requirement imposed by Local Rule 15.1(b). Plaintiff satisfied Local Rule 15.1(b)'s requirements by completing service of the Corrected Motion to Amend on the necessary parties on December 26, 2025. In addition to serving the Trust and Trustee, Plaintiff served the individual defendants in the First Motion to Amend—Officers Pepoli and Kalriess as well as the 14 previously unnamed officer Doe defendants.

3

initial requests were all aimed at identifying Doe Defendants. Plaintiff served his second set of requests for production directed to all Defendants on November 21, 2023.

No depositions have been taken. Plaintiff's medical records were previously produced to counsel on January 9, 2024, pursuant to an authorization executed by Plaintiff.  Further, DOC has made an initial production to Plaintiff of certain incident reports and grievances relating to Plaintiff's allegations.

**Plaintiff's position:** DOC has not yet served complete responses and objections to any of Plaintiff's discovery requests, despite having been served with each of those discovery requests over two years ago. On July 21, 2023, DOC produced incomplete records in response to Plaintiffs' First Set of RFPs. DOC has produced nothing in response to Plaintiff's First Set of Interrogatories and Second Set of RFPs.  As to Plaintiff's First Interrogatories and First RFPs, those discovery requests should be deemed served on DOC Defendants as those written requests were (i) served via electronic filing on April 23, 2023 (ECF Nos. 33-2 & 33-3), (ii) served via e-mail by Plaintiff's prior counsel of record on DOC Defendants' prior counsel of record Margaret Melville on June 8, 2023, and (iii) clearly referenced by subsequently served Plaintiff's Second Set of Requests for Production Directed to All Defendants ("Second RFPs"), served on DOC Defendants and Defendant Capoccia by electronic mail on November 21, 2023.

Furthermore, Plaintiff disagrees with the DOC Defendants' position that their July 21, 2023 production includes all incident reports, investigations, and grievances pertaining to the use-of-force events alleged in the Complaint. Plaintiff believes the DOC Defendants are withholding key discovery and anticipates filing a motion to compel if the DOC Defendants maintain this position. Plaintiff also contends that, in order to expedite discovery in this case, the DOC Defendant should promptly produce all documents it produced in the multiple other actions in this Court stemming from the same incidents underlying Plaintiff's Complaint, in addition to the deposition transcripts from those cases. Indeed, the Second RFPs Request No. 1 to all defendants requested:

> All Documents You produced in the following matters:
> a. *Silva-Prentice, et al. v. Turco*, et al., 21-cv-11580-PBS (D. Mass.);
> b. *Diggs, et al. v. Mici et al.*, 22-cv-40003-ADB (D. Mass.);
> c. *Molinari v. Frink*, et al., 20-cv-11922 (D. Mass);
> d. *Burrell v. Kenneway, et al.*, 20-cv-11776-ADB (D. Mass);
> e. *Graulau, et al. v. Turco et al.*, 23-cv-10129-PBS (D. Mass.);
> f. *Monahan v. Mici, et al.*, No. 2384-cv-00261(Mass. Super. Jan. 23, 2023);
> g. *Denson v. Mici, et al.*, No. 2185-cv-00101A (Mass. Super. Jan. 25, 2021);
> h. *Gibson v. Commonwealth, et al.*, No. 2084-cv-02663 (Mass. Super. Nov. 16, 2020);

> i. *Gaskins et al. v. Mici, et al.*, No. 2085-cv-00415 (Mass. Super. Mar. 24, 2020).

Plaintiff maintains that this discovery request is relevant, appropriately tailored, not burdensome, and will promote expedient document discovery in this case.

As to Wellpath, it has not yet complied with the third-party subpoena that Plaintiff served on it on September 11, 2023. Instead, Wellpath moved to quash. (ECF No. 63). Wellpath's motion remains pending. Resolution of that motion is necessary because Plaintiff seeks information that would identify Medical Director Doe and Nurse Doe, as the limited records produced to Plaintiff by DOC do not identify these two Defendants.

**DOC Defendants' position:** Prior to the stay, Plaintiff filed a Motion for Early Discovery with exhibits including Plaintiff's First Interrogatories Directed to Defendant Massachusetts Department of Correction[s] and Plaintiff's First Set of Requests for Production Directed to Defendant Massachusetts Department of Correction[s] on May 2, 2023, which remains pending. DOC Defendants produced preliminary documents on July 21, 2023, including, but not limited to, all incident reports, investigations, and grievances pertaining to the use-of-force events alleged in the Complaint. Plaintiff's Second Set of Requests for Production includes 35 requests for production with up to 53 sub-requests.

## TIMETABLE FOR DISCOVERY AND MOTION PRACTICE[3]

The Parties propose the following amended schedule:

**1.    Initial Disclosures.**

Initial disclosures, as required by Fed. R. Civ. P. 26(a)(1) and by the Court's Notice of Scheduling Conference, shall be exchanged by February 2, 2026.

**2.    Amendments to Pleadings.**

Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after the close of discovery. This

---

[3]    These proposed discovery deadlines would apply to existing defendants in this case—DOC Defendants and Defendant Capoccia—although Plaintiff does not believe they should change in the scenario where the Court grants Plaintiff's to-be-filed Corrected Motion to Amend the Complaint and permits additional claims and defendants.

As noted above, Defendant Capoccia maintains that a hearing on his pending Motion to Dismiss and a Rule 16 conference should be held prior to the implementation of a discovery schedule. Should his Motion to Dismiss be denied, Defendant Capoccia anticipates working cooperatively with counsel to establish a discovery schedule.

paragraph is without prejudice to Plaintiff's currently pending Corrected Motion to Amend the Complaint.

**3.    Discovery.**

    **a.  Scope and coordination.**

Plaintiff anticipates that discovery in this action will overlap with discovery in other actions arising out of Defendants' alleged uses of force at SBCC in early 2020. Plaintiff agrees to cooperate in good faith to avoid duplicative discovery, including by cross-using depositions and document productions where appropriate, while preserving all objections. DOC Defendants object to certain requests for production of discovery pertaining to other actions in light of the fact that Plaintiff has opted out of the class and this is not a class action.

    **b.  Limits on discovery.**

In light of the number of defendants and the incidents at issue, and absent further order of the Court, the Parties propose the following limits for each side:

- 25 Interrogatories (including all discrete subparts and excluding Interrogatories served before the Court's April 4, 2024 stay, which pertained to Doe identification).

- 25 Requests for Admission (excluding those directed solely to the authentication of documents).

- Depositions: Unless otherwise agreed, each deposition shall be limited to seven (7) hours of on-the-record testimony, as provided in Fed. R. Civ. P. 30(d)(1).

    - **Plaintiff's position:** Plaintiff proposes that each side may take up to 250 hours of fact-witness depositions, which may be allocated among witnesses at their discretion. Plaintiff believes that this number of hours is appropriate given the complexity and number of parties. This case concerns three separate instances of alleged excessive force against the Plaintiff by numerous officers (between four and ten officers per incident). Plaintiff anticipates deposing each officer who allegedly used force, ordered force, or failed to intervene in each of these three incidents, totaling twenty-three (23) individuals, as well as three (3) medical defendants and witnesses to these three discrete incidents of force against Plaintiff. The current Complaint lists thirty-four (34) defendants, including twenty-three (23) Officer Doe Defendants; the proposed FAC (ECF No. 116-2) lists twenty-six (26) defendants (given that certain Officer Doe Defendants were dropped in an effort to streamline and narrow Plaintiff's claims for efficiency). DOC Defendants previously agreed to a total of 250 hours of fact-witness deposition in the original Joint Scheduling Report filed in this case. *See* ECF No. 46 at 3.

- o **DOC Defendants' position:** In order to comply with fact discovery deadlines, but also because this is not a class action and discovery should be limited where Plaintiff's allegations of harm necessarily pertain only to him DOC Defendants propose reducing the number of hours of fact-witness depositions to 100 hours for each side. There are currently eight (8) DOC Defendants and one (1) Wellpath Defendant.

- Requests for Production will comply with Fed. R. Civ. P. 26(b)(1) and 34.

  - o **Plaintiff's position:** It is Plaintiff's position that, in light of the complexity and number of parties, the limitations on requests for production in Local Rule 26.1(c) shall not apply. DOC defendants previously agreed to this condition in the original Joint Scheduling Report filed in this case. *See* ECF No. 46 at 3.

  - o **DOC Defendants' position:** DOC Defendants disagree.

c. **Timeline for written discovery.**

Plaintiff served interrogatories and requests for production upon Defendants before the Court issued its stay. Defendants must serve any responses and objections to previously served interrogatories and requests for production by January 26, 2026, unless otherwise agreed.

d. **Substantial completion of document production.**

The Parties shall substantially complete their production of documents responsive to timely served requests for production by April 26, 2026. Production may continue thereafter as necessary to address supplemental requests, third-party productions, or documents later discovered.

e. **Completion of discovery.**

All fact discovery must be completed by June 30, 2026.

All expert discovery must adhere to the following deadlines:

- Expert disclosures: July 15, 2026

- Rebuttal experts (if any): July 30, 2026

- Completion of expert discovery: August 10, 2026

4.   **Dispositive Motions.**

   a. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by September 1, 2026.

   b. Oppositions to dispositive motions must be filed by October 1, 2026.

   c. Reply memoranda, if any, shall be governed by Local Rule 7.1(b) and the provisions below concerning reply memoranda.

5.   **Conferences with the Court.**

   a. In addition to the Rule 16(b) Scheduling Conference scheduled for January 22, 2026, Plaintiff respectfully requests that the Court hold a status conference near the close of discovery, at a date and time convenient to the Court, to address any outstanding discovery disputes and case-management issues.

6.   **Initial Pretrial Conference.**

   a. An initial pretrial conference will be held on a date to be set by the Court. Plaintiff proposes that the Parties shall prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(D) five (5) business days prior to the date of the conference, except that the Parties need not include matters required by Local Rule 16.5(D)(2) or (3).

7.   **Settlement Discussions.**

   a. Plaintiff has served a settlement proposal on all Defendants. DOC Defendants have served written responses.

8.   **Certification Under Local Rule 16.1(d)(3).**

   a. Plaintiff's and Defendants' certifications pursuant to Local Rule 16.1(d)(3) are below.

9.   **Trial by Magistrate.**

   a. Plaintiff does not consent to a trial by magistrate judge.

10.  **Procedural Provisions.**

   a. **Extension of Deadlines.** Motions to enlarge or modify deadlines will be granted only for good cause shown. All motions to extend shall contain (i) a brief statement of the reasons for the request; (ii) a summary of the discovery, if any, that remains to be taken; and (iii) a specific date by which the requesting Party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

    b. **Motions to Compel or Prevent Discovery.** Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than seven (7) days after the close of discovery that is relevant to the motion. If additional discovery is compelled by the Court after the relevant discovery deadline has passed, the Court may enter such additional orders relating to discovery as it deems appropriate.

    c. **Reply Memoranda.** Plaintiff proposes that parties need not seek leave of Court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed twelve (12) pages, double-spaced, and is filed within seven (7) days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum. Plaintiff proposes that parties may otherwise file reply or surreply memoranda only with leave of Court. When such leave is sought, the moving Party may file a proposed reply or surreply memorandum with the motion for leave.

    d. **Additional Conferences.** Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled. Plaintiff proposes that parties may request telephonic or remote conferences where appropriate to avoid undue inconvenience or expense.

    e. **Early Resolution of Issues.** The Court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and make appropriate motions at an early stage in the litigation.

| | |
|---|---|
| Dated: January 12, 2026 | Respectfully submitted, |
| _/s/ Stephanie M. Caffrey_ | _/s/ Sabina Mariella_ |
| Stephanie M. Caffrey (BBO No. 697075) | Boies Schiller Flexner LLP |
| Department of Correction | Sabina Mariella (_pro hac vice_) |
| Legal Division | John Lyons (BBO No. 569500) |
| 70 Franklin Street, Suite 600 | Katherine Zhang (_pro hac vice_) |
| Boston, MA 02110-1300 | Jayden Rush (_pro hac vice_) |
| (t) +1 617 727 3300 x1154 | 55 Hudson Yards |
| stephanie.m.caffrey@doc.state.ma.us | New York, NY 10001 |
| | (t) +1 212 446 2300 |
| _Attorney for DOC Defendants_ | (f) +1 212 446 2380 |
| | smariella@bsfllp.com |
| _/s/ Lori K. Vaulding_ | jlyons@bsfllp.com |
| Adler Cohen Harvey Wakeman and Guekguezian LLP | kzhang@bsfllp.com |
| | jrush@bsfllp.com |
| Lori K. Vaulding (BBO No. 678404) | |

Matthew D. Medoff (BBO No. 706871)
2 Oliver Street
Boston, MA 02109
(t) +1 617 423 6674
lvaulding@adlercohen.com
mmedoff@adlercohen.com

*Attorneys for Defendant Capoccia*

Rights Behind Bars
Lillian Novak (*pro hac vice*)
Derrick Luster (*pro hac vice*)
1800 M Street NW FNT 1 #33821
Washington, DC 20033
(t) +1 202 455 4399
lily@rightsbehindbars.org
derrick@rightsbehindbars.org

*Attorneys for Plaintiff*

## PLAINTIFF'S CERTIFICATION PURSUANT TO L.R. 16.1(d)(3)

In accordance with L.R. 16.1(d)(3), the undersigned certify that they have conferred (1) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation and (2) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in L.R. 16.4.

Dated: January 12, 2026

| COUNSEL FOR PLAINTIFF | PLAINTIFF |
|---|---|
| /s/ Sabina Mariella | /s/ Derrick Washington |
| Sabina Mariella | Derrick Washington |

## DOC DEFENDANTS' CERTIFICATION PURSUANT TO L.R. 16.1(d)(3)

In accordance with L.R. 16.1(d)(3), the undersigned certify that they have conferred (1) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation and (2) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in L.R. 16.4.

Dated: January 12, 2026

Defendants,

Massachusetts Department of Correction,
Superintendent Kenneway, Lieutenant Deschene,
Lieutenant Forget, Sergeant Hellis, Sergeant Tocci,
Officer Catalano, and Officer Gagnon

By their Attorney,

NANCY ANKERS WHITE
Special Assistant Attorney General

/s/ Stephanie M. Caffrey
Stephanie M. Caffrey (BBO # 697075)
Department of Correction, Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300, ext. 1154
Stephanie.M.Caffrey@doc.state.ma.us

## **DEFENDANT CAPOCCIA'S CERTIFICATION PURSUANT TO L.R. 16.1(d)(3)**

In accordance with L.R. 16.1(d)(3), the undersigned certify that they have conferred (1) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation and (2) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in L.R. 16.4.

Dated: January 12, 2026

The Defendant,
CHRISTIAN CAPOCCIA,
By his Attorneys,

s/ Matthew Medoff
Lori K. Vaulding, BBO #678404
Matthew D. Medoff, BBO #706871
Adler │ Cohen │ Harvey │ Wakeman │ Guekguezian, LLP
2 Oliver Street, 10th Floor, Suite 1005
Boston, MA 02109
(617) 423-6674
lvaulding@adlercohen.com
mmedoff@adlercohen.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 12, 2026, I electronically filed the foregoing with the Clerk of the District of Massachusetts by using the CM/ECF system, which automatically sends an electronic notification with this filing to all counsel of record.

Dated: January 12, 2026  /s/ *Sabina Mariella*
Sabina Mariella

*Attorney for Plaintiff*