UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DERRICK WASHINGTON,<br><br>*Plaintiff*,<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT OF CORRECTION, SUPERINTENDENT KENNEWAY, LIEUTENANT DESCHENE, LIEUTENANT FORGET, SERGEANT HELLIS, SERGEANT TOCCI, OFFICER CATALANO, OFFICER GAGNON, NURSE CAPOCCIA,<br><br>*Defendants*. | Civil No. 1:23-cv-10063-MRG |

## MEMORANDUM AND ORDER

**GUZMAN, J.**

Plaintiff's Motion to Amend the Complaint [ECF No. 116] is **GRANTED**. The Court has thoroughly considered the Department of Correction ("DOC") Defendants' opposition to Plaintiff's proposed amendments. [ECF No. 120].[1] The DOC Defendants' opposition places dispositive weight on Plaintiff's alleged failure to satisfy Rule 15(c)(1)(C), which provides a framework for assessing whether a proposed amendment relates back to the original complaint.

---

[1] Plaintiff Derrick Washington ("Plaintiff") brought this action against Defendants Massachusetts Department of Correction, Superintendent Kenneway, Lieutenant Deschene, Lieutenant Forget, Sergeant Hellis, Sergeant Tocci, Officer Catalano, Officer Gagnon ("DOC Defendants"), and Defendant Nurse Capoccia ("Defendant Capoccia," and collectively with the DOC Defendants, "Defendants") on January 10, 2023. [ECF No. 1]. On March 31, 2024, the action was stayed pending the resolution of a proposed class action lawsuit containing overlapping factual and legal allegations. [ECF No. 83]. The stay was lifted on October 17, 2025. [ECF No. 98].

1

However, the DOC Defendants' focus on Rule 15(c)(1)(C) is misplaced. Rule 15(c)(1)(A) provides that an amendment relates back to the date of the original complaint when: "the law that provides the applicable statute of limitations allows relation back." Here, Massachusetts law provides the applicable statutes of limitations, Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 118 (1st Cir. 2003),[2] and controls the relation-back inquiry. See Cayo v. Fitzpatrick, 95 F. Supp. 3d 8, 13 (D. Mass. 2015) (citing Morel v. DaimlerChrysler AG, 565 F.3d 20, 26 (1st Cir. 2009)) ("if Massachusetts law provides for a more liberal relation back rule than afforded by Rule 15(c)(1)(C), then the Massachusetts relation back rule must be applied").

Under Massachusetts law, "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading." Mass. R. Civ. P. 15(c); see also Mass. Gen. L. ch. 231, § 51. Here, there is no dispute that the proposed amendments—including the claims against the new parties—arise out of the same conduct, transaction or occurrence as the claims asserted in the original complaint. Compare ECF No. 1 (original pleading) with ECF No. 116-2 (proposed amendment pleading). The DOC Defendants do not contest this. See generally ECF No. 120. Because Massachusetts' less strenuous relation back rule applies, Plaintiff's proposed amendment is permitted under Rule 15(c)(1)(A).[3]

Plaintiff is hereby **ORDERED** to file his First Amended Complaint [ECF No. 116-2] by January 30, 2026. The Court is mindful that the Parties filed a proposed scheduling order on

---

[2] Applying Puerto Rico statutes of limitations to claims under the Rehabilitation Act and 42 U.S.C. § 1983.
[3] To be sure, courts may consider additional factors in assessing the appropriateness of a proposed amendment beyond the "same conduct, transaction or occurrence" test under Massachusetts law. See e.g., Salmon v. Lang, 57 F.4th 296, 325 (1st Cir. 2022) (citing Berman v. Linnane, 434 Mass. 301, 748 N.E.2d 466 (2001)). These factors do not impact the Court's ruling.

December 23, 2025. [ECF No. 114]. The Parties are hereby **ORDERED** to confer and file an amended proposed scheduling order that incorporates any anticipated motion practice related to Plaintiff's amended complaint by February 6, 2026.

In light of today's ruling, Nurse Capoccia's Motion to Dismiss [ECF No. 37], Motion for Leave to File a Reply to Plaintiff's Response to Defendant's Supplemental Argument to Motion to Dismiss [ECF No. 82], and Motion for a Hearing [119] are **DENIED** as moot. Kolling v. Am. Power Conversion Corp., 347 F.3d 11, 16 (1st Cir. 2003) (citation omitted) (an "amended complaint completely supersedes [an] original complaint, and thus the original complaint no longer performs any function in the case").

Additionally, the discovery related motions (Plaintiff's Motion for Early Discovery [ECF No. 33] and Wellpath, LLC's Motion to Quash [ECF No. 63]) are hereby **DENIED** without prejudice. Since Plaintiff sought early discovery and served his subpoena on Wellpath, LLC, multiple years have passed and a bankruptcy court entered an order confirming Wellpath, LLC's plan of re-organization. Should need still exist, Plaintiff may re-file a motion for early discovery and/or serve an updated third-party subpoena consistent with the Federal Rules of Civil Procedure and this Court's Local Rules reflecting his present need for information.

**SO ORDERED.**

Dated: January 27, 2026              /s/ Margaret R. Guzman
                                     Margaret R. Guzman
                                     United States District Judge