UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DERRICK WASHINGTON,<br><br>　　*Plaintiff*,<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT OF CORRECTION et al.<br><br>　　*Defendants*. | Case No. 1:23-cv-10063-MRG |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO PERFECT SERVICE ON DEFENDANT CHRISTIAN CAPOCCIA PURSUANT TO FED. R. CIV. P. 4(m) AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

RIGHTS BEHIND BARS
Lillian Novak (*pro hac vice*)
Derrick Luster (*pro hac vice*)
1800 M Street NW FNT 1 #33821
Washington, DC 20033
(t) +1 202 455 4399
lily@rightsbehindbars.org
derrick@rightsbehindbars.org

BOIES SCHILLER FLEXNER LLP
Sabina Mariella (*pro hac vice*)
John Lyons (BBO No. 569500)
Katherine Zhang (*pro hac vice*)
Jayden Rush (*pro hac vice*)
55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2300
(f) +1 212 446 2380
smariella@bsfllp.com
jlyons@bsfllp.com
kzhang@bsfllp.com
jrush@bsfllp.com

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ II

INTRODUCTION ........................................................................................................................ 1

PROCEDURAL HISTORY ........................................................................................................... 2

LEGAL STANDARD .................................................................................................................... 4

ARGUMENT ................................................................................................................................. 5

    I.    GOOD CAUSE EXISTS BECAUSE PLAINTIFF DILIGENTLY ATTEMPTED SERVICE BUT COULD NOT IDENTIFY THE DEFENDANT, WAS THWARTED BY THIRD-PARTY ACTION, AND BARRED BY A STAY ........................................................................................................... 5

    II.   EVEN ABSENT GOOD CAUSE, THE COURT SHOULD EXERCISE ITS DISCRETIONARY TO GRANT AN EXTENSION. .............................................. 7

CONCLUSION .............................................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Cases**

*Abernathy v. Dewey*,
    196 F. Supp. 3d 157 (D. Mass. 2016) ............................................................................... 6

*Benjamin v. Grosnick*,
    999 F.2d 590 (1st Cir. 1993) .............................................................................................. 5

*Bobola v. F/V Expectation*,
    204 F. Supp. 3d 382 (D. Mass. 2016) ...................................................................... 4, 5, 6

*Cichocki v. Massachusetts Bay Cmty. Coll.*,
    174 F. Supp. 3d 572 (D. Mass. 2016) ............................................................................... 7

*Cooper v. Hagelberg*,
    No. 4:20-CV-40035-TSH, 2022 WL 21758808 (D. Mass. Mar. 9, 2022) ........................ 6

*Cutler Assocs., Inc. v. Palace Constr., LLC*,
    132 F. Supp. 3d 191 (D. Mass. 2015) ............................................................................... 5

*Evariste v. United States*,
    No. 19-cv-11996-DJC, 2021 WL 828380 (D. Mass. Mar. 4, 2021) ................................. 7

*Henderson v. United States*,
    517 U.S. 654 (1996) ........................................................................................................... 4

*Kwan v. Schlein*,
    441 F. Supp. 2d 491 (S.D.N.Y. 2006) ............................................................................... 8

*Martello v. United States*,
    133 F. Supp. 3d 338 (D. Mass. 2015) ........................................................................... 5, 8

*Payne v. Massachusetts*,
    No. 09-cv-10355-PBS, 2010 WL 5583117 (D. Mass. Nov. 18, 2010) ............................ 7

*Riverdale Mills Corp. v. U.S. Dep't of Transp.*,
    225 F.R.D. 393 (D. Mass. 2005) ....................................................................................... 7

*United States v. Tobins*,
    483 F. Supp. 2d 68 (D. Mass. 2007) ....................................................................... 5, 7, 8

**Rules**

Federal Rule of Civil Procedure 4 ........................................................................................ 1, 4, 8

Plaintiff Derrick Washington ("Plaintiff") respectfully moves this Court for an order extending the time to perfect service on Defendant Christian Capoccia ("Defendant" or "Capoccia") under Federal Rule of Civil Procedure 4(m). Plaintiff has now identified Capoccia's full name and residence and has completed personal service on Capoccia. *See* ECF No. 159 (executed summons on Defendant Capoccia, including proof of service on Defendant Capoccia on February 24, 2026). Plaintiff seeks a retroactive extension validating that service under Rule 4(m). Good cause exists for the delay, and, independently, the discretionary factors overwhelmingly favor permitting service so the case may be decided on the merits.

Plaintiff respectfully maintains that his prior efforts at service (*see* ECF No. 12) complied with Rule 4. Plaintiff does not concede that prior service was ineffective. Rather, in light of Defendant's pending Rule 12(b)(5) motion (*see* ECF No. 143; ECF No. 143-1, at 14–16), and in the interest of avoiding unnecessary motion practice, Plaintiff has sought to serve Capoccia a second time (*see* ECF No. 159) and seek a retroactive extension under Rule 4(m) to moot Defendant's improper-service argument, ensuring that this matter proceeds on the merits.

## INTRODUCTION

From the outset of this litigation, Plaintiff diligently attempted to identify and serve Capoccia, a nurse involved in the January 2020 incident at Souza-Baranowski Correctional Center ("SBCC"). (*See* Amended Complaint ("Am. Compl."), ECF No. 126 ¶ 22.) Those efforts were thwarted for years by the absence of identifying information uniquely within the control of the Massachusetts Department of Corrections ("DOC"). Plaintiff did not know Capoccia's first name and therefore could not locate a home address or effect personal service. Only after document production in July 2023 was Plaintiff able to determine Capoccia's full identity. A subsequent court-ordered stay then halted the case for approximately eighteen months. The stay was lifted in

October 2025. Plaintiff now knows Capoccia's identity and address and has completed personal service upon him. *See* ECF No. 159. An extension should be granted in these circumstances.

## PROCEDURAL HISTORY

1. The original complaint ("Complaint" or "Compl.," ECF No. 1) was filed on January 10, 2023 and named "Nurse Capoccia" as a defendant.

2. A summons issued the same day. (ECF No. 3.)

3. On January 18, 2023, Plaintiff's counsel contracted with the Worcester County Sheriff's Office to serve Capoccia. (ECF No. 23, at 4.)

4. On January 19, 2023, Plaintiff's counsel called the DOC legal department and spoke with a DOC attorney. (*Id.* at 3.) Plaintiff's counsel asked the DOC attorney to whom they spoke what the proper procedure was to serve a DOC employee at their place of work to ensure service would be effectuated correctly. Plaintiff's counsel believed Capoccia to be a DOC employee. (*Id.*) The DOC attorney said that there is no person at any other location, including DOC headquarters, who is authorized to accept service on behalf of a DOC employee. (*Id.*) The DOC attorney told Plaintiff's counsel that the process server should bring the summons and copies of the complaint to the facility. (*Id.*) Following this call, Plaintiff's counsel also consulted Massachusetts's public guidance on service of process within the state, which directs in part: "First have the sheriff or constable try to serve the defendant at the last address you know the defendant lived or worked."[1] (*Id.*)

5. On February 1, 2023, Worcester Sheriff Deputy Gregory Carr attempted service on Capoccia at SBCC. (*Id.* at 4.) In line with the guidance from the DOC attorney on January 19,

---

[1] "Completing service of process if you don't know where the defendant lives," MASS.GOV, available at https://www.mass.gov/how-to/completing-service-of-process-if-you-dont-know-where-the-defendant-lives.

2023, Deputy Carr took the summons and complaints to SBCC—Capoccia's last known place of work—but the prison did not permit him to enter. (*Id.*) Prohibited from serving Capoccia personally, Deputy Carr attested that he instead served Capoccia "by delivering in hand to Mike Shirley, Inner Perimeter Security, agent, person in charge at the time of service" at the prison. (*Id.*) On February 6, 2023, the Worcester County Sheriff told Plaintiff's counsel over the phone that service had been successful, and the executed summons would be returned by mail shortly. (*See id.*; ECF No. 12.)

6. At the time, Plaintiff did not know Capoccia's first name and could not identify a residential address despite diligent investigation, including professional licensing searches, internet searches, and public-records research. (ECF No. 23, at 6.)

7. For instance, the Massachusetts Health Professions License Verification Site showed several nurses with the last name Capoccia who had active licenses at the time of Plaintiff's assaults and subsequent failures to provide adequate care or accommodations. Internet and LinkedIn searches did not yield any results for a nurse by that last name employed by the DOC or by a contractor thereof, and no prior federal cases name a Nurse Capoccia as a defendant. Without knowing this Capoccia' first name, Plaintiff's counsel was unable to locate their home address. (*Id.*)

8. On April 4, 2023, Plaintiff filed a Motion for Extension of Time to Serve and Leave to Use an Alternative Method for Service as applied to Capoccia. (ECF No. 20.) The Court granted a limited extension as to Capoccia. (ECF No. 26.)

9. On April 28, 2023, Plaintiff filed a Motion for Early Discovery and Extension of Time to Serve Doe Defendants and Defendant Capoccia. (ECF No. 33.) This motion sought discovery from DOC to enable the full identity of Capoccia.

10. On July 21, 2023, Defendants produced use-of-force records that finally revealed Defendant's full name: Christian Capoccia. (*See generally* ECF No. 128.)

11. On March 31, 2024, the Court stayed the case pending related litigation. (ECF No. 83.)

12. On October 17, 2025, the Court lifted the stay. (ECF No. 98.)

13. On January 27, 2026, the Court denied Plaintiffs' Motion for Early Discovery and Extension of Time to Serve Doe Defendants and Defendant Capoccia. (ECF No. 125.)

14. Plaintiff has now identified Capoccia's residence and has personally served Defendant Capoccia at that address. A return of service has been filed. (ECF No. 159.)

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure require courts to grant an extension of time to perfect service when the plaintiff has "good cause" for delay.

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). Good cause for delay exists where:

> Plaintiff's failure to complete service in timely fashion is *a result of a third person's actions*, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, *the plaintiff has acted diligently in trying to effect service, or there are understandable mitigating circumstances*.

*Bobola v. F/V Expectation*, 204 F. Supp. 3d 382, 388 (D. Mass. 2016) (citation omitted) (emphases added). The purpose of the rules for service is to "supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996).

Even without good cause, a plaintiff may receive an extension of time at the court's discretion. Courts weigh the following factors to decide whether a discretionary extension of time is appropriate: "actual notice of the lawsuit by the party to be served; the possibility of prejudice to the defendant if the case is preserved; and the potential prejudice to the plaintiff if the case is dismissed." *Martello v. United States*, 133 F. Supp. 3d 338, 346 (D. Mass. 2015). Under that final factor (prejudice to a plaintiff), a statute of limitations that would bar a refiled action "should be given substantial weight in considering an extension under Rule 4(m), because the Rule was specifically contemplated to provide for extensions in such cases." *Id.*; *see also Benjamin v. Grosnick*, 999 F.2d 590, 592 (1st Cir. 1993). Courts may also consider as a factor whether "there exists a reasonable prospect that service may yet be obtained." *Cutler Assocs., Inc. v. Palace Constr., LLC*, 132 F. Supp. 3d 191, 194 (D. Mass. 2015).

"Nothing in Fed. R. Civ. P. 4(m) requires that the request for an extension be made before the standard period for service has expired." *Martello*, 133 F. Supp. 3d at 347.

## ARGUMENT

**I.     GOOD CAUSE EXISTS BECAUSE PLAINTIFF DILIGENTLY ATTEMPTED SERVICE BUT COULD NOT IDENTIFY THE DEFENDANT, WAS THWARTED BY THIRD-PARTY ACTION, AND BARRED BY A STAY**

"Good cause means a valid reason for delay." *United States v. Tobins*, 483 F. Supp. 2d 68, 78 (D. Mass. 2007) (finding good cause where there were "reasonable efforts to locate Mr. Tobins and serve him"). Good cause includes circumstances where "failure to complete service in timely fashion is a result of a third person, typically the process server . . . [or] the plaintiff has acted diligently in trying to effect service." *Bobola*, 204 F. Supp. 3d at 388. That is precisely what occurred here.

First, Plaintiff made early and diligent efforts to serve Capoccia at SBCC where (as described in the Complaint) Capoccia was believed to work, *see* Compl. ¶ 20. Furthermore, the

failure to properly serve Capoccia was the result of actions taken by "third persons," namely prison personnel who told the process server to route service through security, who subsequently represented they were the "person in charge" and would deliver it. That type of obstacle is "a result of a third person" (prison staff controlling access) and/or "understandable mitigating circumstances" (security protocols, inability to access the employee), especially because Plaintiff then reacted by immediately seeking an enlargement. *Bobola*, 204 F. Supp. 3d at 388. Flawed but prompt attempts at service are often seen by courts as a basis for good cause. *See, e.g.*, *Cooper v. Hagelberg*, No. 4:20-CV-40035-TSH, 2022 WL 21758808, at *5 (D. Mass. Mar. 9, 2022); *Abernathy v. Dewey*, 196 F. Supp. 3d 157, 170 (D. Mass. 2016).

Subsequently, Plaintiff sought court intervention when the attempt did not result in valid service. (ECF Nos. 26, 33.) Despite diligent efforts, Plaintiff initially could not identify Capoccia despite concerted investigation. Plaintiff knew only the last name "Capoccia." Multiple nurses in Massachusetts shared that surname. Without a first name, Plaintiff could not use property records, databases, or other location tools necessary for personal service. The information required to identify Defendant existed exclusively in DOC's institutional records and was produced only in July 2023. Good cause is warranted where the behavior of a third party – such as the DOC, who withheld identifying information necessary for service that was uniquely within DOC's control – impaired the plaintiff's ability to properly serve a defendant. Plaintiff moved for extensions and early discovery before deadlines expired and repeatedly attempted alternative service methods. (*See* ECF Nos. 20, 33.) These efforts demonstrate diligence, not neglect.

Lastly, from March 31, 2024 to October 17, 2025, the case was stayed, barring Plaintiff from attempting service and comprising the "mitigating circumstances" that establish good cause.

## II. EVEN ABSENT GOOD CAUSE, THE COURT SHOULD EXERCISE ITS DISCRETIONARY TO GRANT AN EXTENSION.

All equitable factors favor allowing service. First, Capoccia has actual notice. Counsel for Capoccia entered their appearance on May 10, 2023. (ECF No. 35.) Capoccia has filed two motions to dismiss in this litigation. (ECF Nos. 37, 143.) Courts routinely treat the filing of a motion to dismiss (or other appearances) as strong evidence of actual notice. *See, e.g.*, *Evariste v. United States*, No. 19-cv-11996-DJC, 2021 WL 828380, at *3 (D. Mass. Mar. 4, 2021); *Payne v. Massachusetts*, No. 09-cv-10355-PBS, 2010 WL 5583117, at *4 (D. Mass. Nov. 18, 2010), *report and recommendation adopted*, No. 09-cv-10355, 2010 WL 5583111 (D. Mass. Dec. 10, 2010) ("the defendant received actual notice of [Plaintiff's] claims against it and was able to file a response to those claims, in the form of its motions to dismiss").

Second, there is no prejudice against Capoccia, as he already has actual notice. *See Evariste*, 2021 WL 828380, at *3 ("the Court perceives no evidence of prejudice to Defendant where Defendant had actual notice of the action"); *Cichocki v. Massachusetts Bay Cmty. Coll.*, 174 F. Supp. 3d 572, 578 (D. Mass. 2016) (given that defendants have notice of the plaintiffs' claim, risk of prejudice from an extension of time is minimized). Given that counsel for Capoccia has entered an appearance as of June 26, 2023 (ECF No. 48), Capoccia has had ample time to develop his legal defense. *See Riverdale Mills Corp. v. U.S. Dep't of Transp.*, 225 F.R.D. 393, 395 (D. Mass. 2005) ("[T]the FAA will not be prejudiced by an extension of the time for service because the FAA has long had notice of this dispute and has had ample time, during several phases of litigation, to anticipate the present appeal and develop a response."); *Tobins*, 483 F. Supp. 2d at 80 (finding that defendant would not be subject to prejudice because he received notice of the action and failed to show any actual harm to his ability to defend the action as a result of the delay in service).

Third, denying the grant of an extension of time to perfect service would severely prejudice Plaintiff. The statute of limitations has expired. Dismissal would permanently bar claims against Capoccia. Courts give substantial weight to this factor and routinely allow late service where dismissal would be case-dispositive. *See Martello*, 133 F. Supp. 3d at 346 ("most importantly, a dismissal of Mr. Martello's suit under Rule 4(m) would as a practical matter be with prejudice since the six-month statute of limitations has lapsed. This final point should be given substantial weight in considering an extension under Rule 4(m)"). The commentary to Rule 4 expressly identifies this as a basis for discretionary relief from the service requirements. See Advisory Committee's Notes on Fed. R. Civ. P. 4 ("Relief [under Rule 4(m)] may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . .")."

Lastly, service has already been obtained. On February 24, 2026, Plaintiff successfully completed personal service upon Capoccia. (*See* ECF No. 159.) Courts routinely grant retroactive Rule 4(m) extensions validating completed service where a plaintiff acted diligently but faced obstacles outside his control. *See, e.g.*, *Tobins*, 483 F. Supp. 2d at 81; *Kwan v. Schlein*, 441 F. Supp. 2d 491, 497–98 (S.D.N.Y. 2006) (collecting cases). This factor strongly favors extension.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court retroactively extend the time for service under Rule 4(m) and deem Plaintiff's completed personal service on Defendant Christian Capoccia timely and effective.

Dated: February 27, 2026

RIGHTS BEHIND BARS
Lillian Novak (*pro hac vice*)
Derrick Luster (*pro hac vice*)
1800 M Street NW FNT 1 #33821
Washington, DC 20033
(t) +1 202 455 4399
lily@rightsbehindbars.org
derrick@rightsbehindbars.org

 BOIES SCHILLER FLEXNER LLP
Sabina Mariella (*pro hac vice*)
John Lyons (BBO No. 569500)
Katherine Zhang (*pro hac vice*)
Jayden Rush (*pro hac vice*)
55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2300
(f) +1 212 446 2380
smariella@bsfllp.com
jlyons@bsfllp.com
kzhang@bsfllp.com
jrush@bsfllp.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on February 27, 2026, I electronically filed the foregoing with the Clerk of the District of Massachusetts by using the CM/ECF system, which automatically sends an electronic notification with this filing to all counsel of record.

Dated: February 27, 2026          */s/ Sabina Mariella*
                    Sabina Mariella

                    *Attorney for Plaintiff*

## **LOCAL RULE 7.1 CERTIFICATION**

  I HEREBY CERTIFY that I attempted to confer with Defendant Christian Capoccia's counsel in this matter, in a good faith attempt to resolve or narrow the issues of dispute raised in the accompanying motion, in accordance with Local Rule 7.1.

Dated: February 27, 2026          */s/ Sabina Mariella*
                    Sabina Mariella

                    *Attorney for Plaintiff*