UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 1:23-cv-10063

DERRICK WASHINGTON,

    Plaintiff,

V.

MASSACHUSETTS DEPARTMENT OF
CORRECTION, WELLPATH LIQUIDATING
TRUST, MATTHEW J. DUNDON as
Trustee of the Wellpath Liquidating Trust,
SUPERINTENDENT STEVE KENNEWAY,
LIEUTENANT ROBERT DESCHENE,
LIEUTENANT ARTHUR FORGET,
SERGEANT RYAN HILLIS, SERGEANT
THOMAS TOCCI, OFFICER ANTHONY
CATALANO, OFFICER JOSHUA GAGNON,
NURSE CHRISTIAN CAPOCCIA,
SERGEANT ARTHUR BARNES, OFFICER
JOSEPH CUMMINGS, OFFICER NICHOLAS
DUMONT, OFFICER ZACHARY FONSECA,
OFFICER DANIEL HOLLENBACH,
OFFICER ERIC LAWSON, SERGEANT
NATHAN OWEN, OFFICER CORY SHEPHERD,
OFFICER JEFFREY PEPOLI, SERGEANT
BRIAN RAYNER, OFFICER ROBERT
BASHAW, OFFICER RAYMOND SIMULA,
OFFICER SERGIO CACIOPPO, OFFICER
THOMAS MEMBRINO, OFFICER DAVID
GILMAN, OFFICER RYAN KALRIESS,
MEDICAL DIRECTOR DOE, AND NURSE DOE.

    Defendants.

## **ANSWER**

    Defendant, Raymond Simula, through counsel, hereby opposes Plaintiff's Amended

Complaint to the extent that the factual allegations in the First Amended Complaint ("FAC") are

contained in 218 numbered paragraphs and most are argumentative, long, confusing and prolix;

they contain more than a statement of a single set of circumstances, and are in narrative form in violation of Fed. R. Civ. Pro. 8(a) and 10(b). Without waiving said objection, Defendant answers the allegations of Plaintiff's Amended Complaint as follows:

1. Defendant admits the allegations to the extent that Souza-Baranowski Correctional Center ("SBCC") is a maximum-security prison operated by DOC. Defendant denies all other factual allegations.

2. Deny.

3. Defendant admits the allegations to the extent that Derrick Washington is in the lawful custody of the Department of Correction who was housed at SBCC from September 2018 to June 2023. Defendant has insufficient information to form a belief as to the truth of the remaining allegations.

4. Defendant admits the allegations to the extent that Plaintiff was classified to SBCC during the time period from January through March 2020. Defendant denies all other factual allegations.

5. Deny.

6. Deny.

7. Deny.

### JURISDICTION AND VENUE

8. The allegations of this paragraph constitute conclusions of law that do not require a response. To the extent the allegations require a response, the allegations are denied.

9. The allegations of this paragraph constitute conclusions of law that do not require a response. To the extent the allegations require a response, the allegations are denied.

10. The allegations of this paragraph constitute conclusions of law that do not require a response. To the extent the allegations require a response, the allegations are denied.

## PARTIES

Plaintiff

11. Defendant admits the allegations contained in paragraph 11 to the extent that plaintiff Washington was incarcerated at SBCC in January and March 2020 and is currently housed at MCI-Shirley. Answering further, Defendant states that Plaintiff is a 41-year-old who identifies as Black and Male.

Defendants

12. Defendant admits the allegations contained in paragraph 12 to the extent that DOC is an agency of the Commonwealth and oversees SBCC. Defendants have insufficient information to form a belief as to the truth of the remaining allegations.

13. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 13.

14. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 14.

15. Defendant admits the allegations contained in paragraph 15 to the extent that Steve Kenneway was the Superintendent at SBCC from January to March 2020. Defendant denies all other factual allegations.

16. Defendant admits the allegations contained in paragraph 16 to the extent that Robert Deschene was a correction officer employed by DOC in January 2020. Defendant denies all other factual allegations.

17. Defendant admits the allegations contained in paragraph 17 to the extent that Arthur Forget is a correction officer employed by DOC in January 2020. Defendant denies all other factual allegations.

18. Defendant admits the allegations contained in paragraph 18 to the extent that Ryan Hillis is a correction officer employed by DOC in January 2020. Defendant denies all other factual allegations.

19. Defendant admits the allegations contained in paragraph 19 to the extent that Thomas Tocci is a correct officer employed by DOC in January 2020. Defendant denies all other factual allegations.

20. Defendant admits the allegations in paragraph 20 to the extent that Anthony Catalano is a correction officer employed by DOC in January 2020. Defendant denies all other factual allegations.

21. Defendant admits the allegations in paragraph 21 to the extent that Joshua Gagnon is a correction officer employed by DOC in January 2020. Defendant denies all other factual allegations.

22. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 22.

23. Defendant admits the allegations in paragraph 23 to the extent that Arthur Barnes is a correction officer employed by DOC in January 2020. Defendant denies all other factual allegations.

24. Defendant admits the allegations in paragraph 24 to the extent that Joseph Cummings was a correction officer employed by DOC in January 2020. Defendant denies all other factual allegations.

25. Defendant admits the allegations in paragraph 25 to the extent that Nicholas Dumont was a correction officer employed by DOC in January 2020. Defendant denies all other factual allegations.

26. Defendant admits the allegations in paragraph 26 to the extent that Zachary Fonseca is a correction officer employed by DOC in January 2020. Defendant denies all other factual allegations.

27. Defendant admits the allegations in paragraph 27 to the extent that Daniel Hollenbach is a correction officer employed by DOC in January 2020. Defendant denies all other factual allegations.

28. Defendant admits the allegations in paragraph 28 to the extent that Eric Lawson is a correction officer employed by DOC in January 2020. Defendant denies all other factual allegations.

29. Defendant admits the allegations in paragraph 29 to the extent that Nathan Owen is a correction officer employed by DOC in January 2020. Defendant denies all other factual allegations.

30. Defendant admits the allegations in paragraph 30 to the extent that Cory Shepherd is a correction officer employed by DOC in January 2020. Defendant denies all other factual allegations.

31. Defendant admits the allegations in paragraph 31 to the extent that Jeffrey Pepoli is a correction officer employed by DOC in January 2020. Defendant denies all other factual allegations.

32. Defendant admits the allegations in paragraph 32 to the extent that Brian Rayner is a correction officer employed by DOC in March 2020. Defendant denies all other factual allegations.

33. Defendant admits the allegations in paragraph 33 to the extent that Robert Bashaw was a correction officer employed by DOC in March 2020. Defendant denies all other factual allegations.

34. Defendant admits the allegations in paragraph 34 to the extent that Raymond Simula was a correction officer employed by DOC in March 2020. Defendant denies all other factual allegations.

35. Defendant admits the allegations in paragraph 35 to the extent that Sergio Cacioppo is a correction officer employed by DOC in March 2020. Defendant denies all other factual allegations.

36. Defendant admits the allegations in paragraph 36 to the extent that Thomas Membrino is a correction officer employed by DOC in March 2020. Defendant denies all other factual allegations.

37. Defendant admits the allegations in paragraph 37 to the extent that David Gilman is a correction officer employed by DOC in March 2020. Defendant denies all other factual allegations.

38. Defendant admits the allegations in paragraph 38 to the extent that Ryan Kalriess is a correction officer employed by DOC in March 2020. Defendant denies all other factual allegations.

39. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 22.

40. The allegations in this paragraph refer to Nurse Doe and DOC Defendants are not required to respond. To the extent a response is required, Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 40.

## FACTUAL ALLEGATIONS

41. Defendant admits the allegations in paragraph 41 to the extent that Derrick Washington is in the lawful custody of the Department of Correction since February 2007, is currently housed at MCI-Shirley, and who was housed at SBCC from September 2018 to June 2023. Answering further, Defendants state that Plaintiff is a 41-year-old who identifies as Black and Male. Defendant denies all other factual allegations.

42. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 42.

43. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 43.

44. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 44.

45. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 45.

46. Defendant admits the allegations contained in paragraph 46 to the extent that SBCC is the maximum-security facility in Massachusetts housing criminally sentenced males that has an operational capacity of 1,410. Answering further, Defendant admits that on January 1, 2020, the facility population was reported as 795. https://www.mass.gov/doc/prison-population-trends-2019/download/. Defendant denies all other factual allegations.

47. Defendant admits the allegations contained in paragraph 47 to the extent that the basis for the allegations, the DOC report titled MA DOC Institutional Fact Cards, speaks for itself. https://www.mass.gov/doc/institutional-fact-cards-january-2020/download.    Answering further, Defendant admits to the extent that the basis for the allegations, the DOC report

titled State Employee Diversity Dashboard, speaks for itself. https://www.mass.gov/info-details/state-employee-diversity-dashboard. Defendant denies the allegations contained in this paragraph to the extent they seek to characterize the statistics in any manner. To the extent the allegations require a response, the allegations are denied.

48. Defendant admits the allegations contained in paragraph 48 to the extent that the basis for these allegations, the DOC report contained at https://www.mass.gov/info-details/state-employee-diversity-dashboard speaks for itself. Defendant denies the allegations contained in this paragraph to the extent they seek to characterize the statistics in any manner. To the extent the allegations require a response, the allegations are denied.

49. Deny.

50. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 50.

51. Defendant admits the factual allegations in paragraph 51 to the extent that DOC's regulations, policies, and procedures governing property, canteen, education, programming, visitation, and work assignments speak for themselves. Defendant denies the allegations contained in this paragraph to the extent they seek to characterize the regulations, policies, and procedures in any manner. Defendant denies all other factual allegations.

52. Deny.

53. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 53.

54. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 54.

55. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 55.

56. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 56. To the extent that misconduct is alleged, Defendant denies the allegations.

57. Deny.

58. Deny.

59. Defendant admits the allegations in paragraph 59 to the extent that officers responded to a reported disruptive inmate on the J3 Housing tier which resulted in an incident with Plaintiff. Answering further, Defendant admits that Plaintiff received a disciplinary report. Defendant denies the allegations contained in this paragraph to the extent they seek to characterize the incident and disciplinary report. Defendant denies all other factual allegations.

60. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 60. To the extent that misconduct is alleged, Defendant denies the allegations.

61. Defendant admits the allegations in paragraph 61 to the extent that Plaintiff submitted a grievance on December 2, 2019, which was denied. Defendant denies the allegations contained in this paragraph to the extent they seek to characterize the grievance. Defendant denies all other factual allegations.

62. Defendant admits the allegations contained in paragraph 62 to the extent that there was an incident on January 10, 2020, during which SBCC inmates on the North side of the institution seriously assaulted correction officers on the housing unit and four correction officers were severely injured. Defendant denies all other factual allegations.

63. Defendant admits the allegations contained in paragraph 63 to the extent that the news article cited in the allegations speaks for itself. Defendant denies the allegations contained in this paragraph to the extent they seek to characterize the news article. Defendant denies all other factual allegations.

64. Defendant admits the allegations contained in paragraph 64 to the extent that after the brutal attack on correction officers, SBCC was placed on disorder status, locked down, and the housing reorganization commenced on January 21, 2020 with the need to divide the North side and South side. Defendant denies all other factual allegations.

65. Defendant admits the allegations contained in paragraph 65 to the extent that SBCC was on disorder status and locked down. Defendant denies all other factual allegations.

66. Deny.

67. Defendant admits the allegations contained in paragraph 67 to the extent that Plaintiff was housed in L2 Unit on January 10, 2020. Defendant denies all other factual allegations.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Defendant admits the allegations contained in paragraph 72 to the extent that the news article cited in the paragraph speaks for itself. Defendant denies the allegations contained in this paragraph to the extent they seek to characterize the news article. Defendant denies all other factual allegations.

73. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 73.

74. Defendant admits the allegations in paragraph 74 to the extent that Plaintiff submitted a grievance on January 20, 2020. Defendant denies all other factual allegations.

75. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 75.

76. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 76.

77. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 77.

78. Defendant admits the allegations in paragraph 78 to the extent that the SBCC reorganization operation began on January 21, 2020 and Plaintiff was housed in L2 Housing Unit then. Answering further, Defendant admits the allegations in the paragraph to the extent that appropriate units, including Special Operations Division, were deployed and certain equipment was utilized during the disorder. Defendant denies all other factual allegations.

79. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 79.

80. Deny.

81. Deny.

82. Deny.

83. Defendant admits the allegations in paragraph 82 to the extent that Plaintiff was moved from L2 Housing Unit to M2 Housing Unit on January 21, 2020. Defendant denies all other factual allegations.

84. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 84.

85. Deny.

86. Deny.

87. Deny.

88. Defendant admits the allegations in paragraph 88 to the extent that Plaintiff was escorted to the Health Services Unit ("HSU") on January 21, 2020. Answering further, Defendant admits that Officer Pepoli submitted handheld and surveillance video related to a use of force. Defendant denies all other factual allegations.

89. Deny.

90. Deny.

91. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 91.

92. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 92.

93. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 93.

94. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 94.

95. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 95.

96. Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 96.

97. Deny.

98. Deny.

99. Deny.

100.    Deny.

101.    Deny.

102.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 102.

103.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 103.

104.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 104.

105.    Deny.

106.    Defendant admits the allegations in paragraph 106 to the extent that Plaintiff was transported via ambulance to an outside medical facility. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

107.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 107.

108.    Deny.

109.    Defendant denies any misconduct alleged in paragraph 109. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

110.    Defendant admits the allegations in paragraph 110 to the extent that Plaintiff filed a grievance on January 30, 2020. Defendant denies the allegations contained in this

paragraph to the extent they seek to characterize the grievance. Defendants deny all other factual allegations.

111.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 111.

112.    Deny.

113.    Defendant admits the allegations in paragraph 113 to the extent that Plaintiff was moved from HSU to M2 Housing Unit Cell 13 on January 23, 2020. Defendant denies all other factual allegations.

114.    Defendant admits the allegations in paragraph 114 to the extent that officers responded to an unresponsive inmate in M2 Housing Unit Cell 13 on January 23, 2020. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

115.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 115.

116.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 116.

117.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 117.

118.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 118.

119.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 119.

120.    Deny.

121.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 121.

122.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 122.

123.    Deny.

124.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 124.

125.    Deny.

126.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 126.

127.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 127.

128.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 128.

129.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 129.

130.    Deny.

131.    Deny.

132.    Deny.

133.    Deny.

134.    Deny.

135.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 135.

136.     Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 136. Hillis denies the allegations.

137.     Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 137.

138.     Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 138.

139.     Deny.

140.     Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 140.

141.     Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 141.

142.     Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 142.

143.     Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 143.

144.     Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 144.

145.     Defendant admits the allegations in paragraph 145 to the extent that Plaintiff filed a grievance on January 30, 2020. Defendant denies the allegations contained in this paragraph to the extent they seek to characterize the grievance. Defendant denies all other factual allegations.

146.     Deny.

147.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 147.

148.    Deny.

149.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 149.

150.    Defendant admits the allegations to the extent that Plaintiff was escorted from M2 Housing Unit to L2 Housing Unit. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

151.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 151.

152.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 152.

153.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 153.

154.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 154.

155.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 155.

156.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 156.

157.    Defendant admits the allegations in paragraph 157 to the extent that Bashaw, Cacioppo, Gilman, Kalriess, Membrino, Rayner, and Simula responded to the strip cell. Defendant denies all other factual allegations.

158.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 158.

159.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 159.

160.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 160.

161.    Defendant admits the allegations in paragraph 160 to the extent that chemical agent was deployed. Defendant denies all other factual allegations.

162.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 162.

163.    Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 163.

164.    Deny.

165.    Defendant admits the allegations in paragraph 165 to the extent that Plaintiff's clothes were cut. Defendants deny all other factual allegations.

166.    Defendant admits the allegations in paragraph 166 to the extent that Plaintiff was transported on a gurney. Defendant denies all other factual allegations.

167.    Defendant admits the allegations in paragraph 167 to the extent that Plaintiff was transported to HSU where a nebulizer treatment was performed. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

168.    Defendant admits the allegations in paragraph 168 to the extent that Plaintiff was transported to K3 Housing Unit Cell 5 on a gurney. Defendant has insufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

169.     Deny.

170.     Deny.

171.     Deny.

172.     Deny.

173.     Deny.

174.     Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 174.

175.     Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 175.

176.     Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 176.

177.     Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 177.

178.     Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 178.

179.     Deny.

180.     Deny.

181.     Defendant has insufficient information to form a belief as to the truth of the allegations in paragraph 181.

182.     Defendant admits the allegations contained in paragraph 182 to the extent that the United States Constitution and DOC's written regulations, policies, and procedures speak for themselves.  Defendant denies the allegations contained in this paragraph to the extent

they seek to characterize the written regulations, policies, and procedures in any manner. Defendant denies all other allegations.

183.     Defendant admits the allegations contained in paragraph 183 to the extent that DOC's written regulations, policies, and procedures speak for themselves. Defendant denies the allegations contained in this paragraph to the extent they seek to characterize the written regulations, policies, and procedures in any manner. Defendant denies all other allegations.

184.     Defendant admits the allegations contained in paragraph 184 to the extent that the Standard Operating Procedures speak for themselves. Defendant denies the allegations contained in this paragraph to the extent they seek to characterize the Standard Operating Procedures in any manner. Defendant denies all other allegations.

185.     Defendant admits the allegations contained in paragraph 185 to the extent that DOC's written regulations, policies, and procedures speak for themselves. Defendant denies the allegations contained in this paragraph to the extent they seek to characterize the written regulations, policies, and procedures in any manner. Defendant denies all other allegations.

186.     Defendant admits the allegations contained in paragraph 186 to the extent that DOC's written regulations, policies, and procedures speak for themselves. Defendant denies the allegations contained in this paragraph to the extent they seek to characterize the written regulations, policies, and procedures in any manner. Defendant denies all other allegations.

187.     Defendant admits the allegations contained in paragraph 187 to the extent that DOC's written regulations, policies, and procedures speak for themselves. Defendant

denies the allegations contained in this paragraph to the extent they seek to characterize the written regulations, policies, and procedures in any manner.  Defendant denies all other allegations.

188.     Defendant admits the allegations contained in paragraph 187 to the extent that DOC has certain written regulations, policies, and procedures that are private policies that are not publicly disclosed.  Defendant denies the allegations contained in this paragraph to the extent they seek to characterize the written regulations, policies, and procedures in any manner.  Defendant denies all other allegations.

## CLAIMS FOR RELIEF

### Count I

**42 U.S.C. § 1983- Eighth Amendment- Excessive Use of Force Against Sgt. Barnes, Officer Bashaw, Officer Cacioppo, Officer Catalano, Officer Cummings, Lt. Deschene, Officer Dumont, Officer Fonseca, Lt. Forget, Officer Gagnon, Officer Gilman, Sgt. Hillis, Officer Hollenbach, Officer Kalriess, Superintendent Kenneway, Officer Lawson, Officer Membrino, Sgt. Owen, Officer Pepoli, Sgt. Rayner, Officer Shepherd, Officer Simula, Sgt. Tocci, Medical Director Doe, Wellpath Litigation Trust, and Matthew J. Dundon As Trustee of the Wellpath Litigation Trust**

189.     Defendant incorporates by reference the responses to paragraphs 1 through 188 of the First Amended Complaint.

190.     Deny.

191.     Deny.

192.     Deny.

193.     Deny.

194.    Deny.

195.    Deny.

196.    Deny.

197.    Deny.

198.    Deny.

199.    Deny.

200.    Deny.

201.    Deny.

202.    Deny.

203.    Deny.

204.    Deny.

205.    Defendant has insufficient information to form a belief as to the truth of the

allegations in paragraph 174.

206.    Deny.

207.    Deny.

208.    Deny.

## COUNT II

### 42 U.S.C. § 1983- Fourteenth Amendment- Failure to Intervene Against Officer Pepoli and Officer Kalriess

209.    Defendant incorporates by reference the responses to paragraphs 1 through 208 of

the First Amended Complaint.

210.    Deny.

211.    Deny.

212.    Deny.

213.     Deny.

214.     Deny.

215.     Deny.

216.     Deny.

217.     Deny.

218.     Deny.

## COUNT III

**Intentional Torts- Assault & Battery Against Sgt. Barnes, Officer Bashaw, Officer Cacioppo, Officer Catalano, Officer Cummings, Lt. Deschene, Officer Dumont, Officer Fonseca, Lt. Forget, Officer Gagnon, Officer Gilman, Sgt. Hillis, Officer Hollenbach, Officer Kalriess, Officer Lawson, Officer Membrino, Sgt. Owen, Officer Pepoli, Sgt. Rayner, Officer Shepherd, Officer Simula and Sgt. Tocci**

219.     Defendant incorporates by reference the responses to paragraphs 1 through 218 of the First Amended Complaint.

220.     Deny.

221.     Deny.

222.     Deny.

223.     Deny.

224.     Deny.

225.     Deny.

226.     Deny.

227.     Deny.

228.     Deny.

229.     Deny.

230.     Deny.

231.     Deny.

232.     Deny.

233.     Deny.

234.     Deny.

235.     Deny.

236.     Deny.

## COUNT IV

**Intentional Tort- Intentional Infliction of Emotional Distress Against Sgt. Barnes, Officer Bashaw, Officer Cacioppo, Officer Catalano, Officer Cummings, Officer Dumont, Officer Fonseca, Officer Gagnon, Officer Gilman, Officer Hollenbach, Officer Kalriess, Officer Lawson, Officer Membrino, Sgt. Owen, Officer Pepoli, Sgt. Rayner, Officer Shepherd, and Officer Simula**

237.     Defendant incorporates by reference the responses to paragraphs 1 through 236 of the First Amended Complaint.

238.     Deny.

239.     Deny.

240.     Deny.

241.     Deny.

## COUNT V

**42 U.S.C. § 1983- First Amendment- Retaliation Against Sgt. Barnes, Officer Catalano, Officer Cummings, Officer Dumont, Officer Fonseca, Officer Hollenbach, Officer Lawson, Sgt. Owen, Officer Shepherd, Officer Pepoli, Lt. Deschene, Lt. Forget, Sgt. Tocci, Sgt. Hillis, Officer Bashaw, Officer Cacioppo, Officer Gagnon, Officer Gilman, Officer Membrino, Sgt. Rayner, Officer Simula, Superintendent Kenneway, Officer Kalriess, and Medical Director Doe**

242.     Defendant incorporates by reference the responses to paragraphs 1 through 241 of the First Amended Complaint.

243.     Deny.

244.　　Deny.

245.　　Deny.

246.　　Deny.

247.　　Deny.

    a.　Deny.

    b.　Deny.

248.　　Deny.

249.　　Deny.

    a.　Deny.

    b.　Deny.

    c.　Deny.

250.　　Deny.

## COUNT VI

**42 U.S.C. § 1983- Eighth Amendment- Deliberate Indifference Against Nurse Doe, Nurse Capoccia, Wellpath Litigation Trust, and Matthew J. Dundon As Trustee of the Wellpath Litigation Trust**

251.　　Defendant incorporates by reference the responses to paragraphs 1 through 250 of the First Amended Complaint.

252.　　This paragraph is not directed to this Defendant and does not require a response.

253.　　This paragraph is not directed to this Defendant and does not require a response.

254.　　This paragraph is not directed to this Defendant and does not require a response.

255.　　This paragraph is not directed to this Defendant and does not require a response.

256.　　This paragraph is not directed to this Defendant and does not require a response.

257.　　This paragraph is not directed to this Defendant and does not require a response.

258.　　This paragraph is not directed to this Defendant and does not require a response.

## COUNT VII

### 42 U.S.C. § 121022- Americans with Disabilities Act, Title II Against DOC

259.    Defendant incorporates by reference the responses to paragraphs 1 through 258 of the First Amended Complaint.

260.    Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VII. To the extent a response is required, Defendant denies the allegations in this paragraph.

261.    Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VII. To the extent a response is required, Defendant denies the allegations in this paragraph.

262.    Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VII. To the extent a response is required, Defendant denies the allegations in this paragraph.

263.    Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VII. To the extent a response is required, Defendant denies the allegations in this paragraph.

264.    Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VII. To the extent a response is required, Defendant denies the allegations in this paragraph.

265.    Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VII. To the extent a response is required, Defendant denies the allegations in this paragraph.

266.     Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VII. To the extent a response is required, Defendant denies the allegations in this paragraph.

267.     Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VII. To the extent a response is required, Defendant denies the allegations in this paragraph.

268.     Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VII. To the extent a response is required, Defendant denies the allegations in this paragraph.

269.     Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VII. To the extent a response is required, Defendant denies the allegations in this paragraph.

## COUNT VIII

**Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a Against DOC, Wellpath Litigation Trust, and Matthew J. Dundon As Trustee of the Wellpath Litigation Trust**

270.     Defendant incorporates by reference the responses to paragraphs 1 through 269 of the First Amended Complaint.

271.     Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 et seq. speaks for itself.

272.     Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VIII. To the extent a response is required, Defendant denies the allegations in this paragraph.

273.     Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VIII. To the extent a response is required, Defendant denies the allegations in this paragraph.

274.     Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VIII. To the extent a response is required, Defendant denies the allegations in this paragraph.

275.     Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VIII. To the extent a response is required, Defendant denies the allegations in this paragraph.

276.     Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VIII. To the extent a response is required, Defendant denies the allegations in this paragraph.

277.     Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VIII. To the extent a response is required, Defendant denies the allegations in this paragraph.

278.     Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VIII. To the extent a response is required, Defendant denies the allegations in this paragraph.

279.     Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VIII. To the extent a response is required, Defendant denies the allegations in this paragraph.

280.     Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VIII. To the extent a response is required, Defendant denies the allegations in this paragraph.

281.    Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VIII. To the extent a response is required, Defendant denies the allegations in this paragraph.

282.    Defendants have filed a Motion to Partially Dismiss the First Amended Complaint on Count VIII. To the extent a response is required, Defendant denies the allegations in this paragraph.

**REQUEST FOR RELIEF**

a.    Paragraph (a) sets forth Plaintiff's claims for relief to which no response is required. Defendant further denies the Plaintiff is entitled to the relief requested.

b.    Paragraph (b) sets forth Plaintiff's claims for relief to which no response is required. Defendant further denies the Plaintiff is entitled to the relief requested.

c.    Paragraph (c) sets forth Plaintiff's claims for relief to which no response is required. Defendant further denies the Plaintiff is entitled to the relief requested.

d.    Paragraph (d) sets forth Plaintiff's claims for relief to which no response is required. Defendant further denies the Plaintiff is entitled to the relief requested.

e.    Paragraph (e) sets forth Plaintiff's claims for relief to which no response is required. Defendant further denies the Plaintiff is entitled to the relief requested.

f.    Paragraph (f) sets forth Plaintiff's claims for relief to which no response is required. Defendant further denies the Plaintiff is entitled to the relief requested.

**<u>AFFIRMATIVE DEFENSES</u>**

1.  The First Amended Complaint fails to state a claim upon which relief can be granted.

2.  The First Amended Complaint should be dismissed for lack of jurisdiction over the subject matter.

3.  The First Amended Complaint should be dismissed for lack of personal jurisdiction.

4.  The First Amended Complaint is barred in whole or in part by the provisions of the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

5.  The First Amended Complaint is barred in whole or in part by the provisions of 42 U.S.C. § 1997e(a).

6.  The First Amended Complaint is barred in whole or in part by the provisions of M.G.L. c. 127, § 38F.

7.  The First Amended Complaint is barred in whole or in part by the provisions of 42 U.S.C. § 1997e(e).

8.  The First Amended Complaint is barred in whole or in part by the doctrine of sovereign immunity.

9.  The First Amended Complaint is barred in whole or in part by Eleventh Amendment immunity.

10. Plaintiff has failed to exhaust his administrative remedies.

11. The Defendant is entitled to qualified immunity.

12. The Defendant is entitled to judgment as a matter of law.

13. Any actions taken by the Defendant was performed within the scope of their duties, authority, and jurisdiction, and made in good faith, without malice and without corruption, and therefore, the Defendant is entitled to common law immunity with respect to any common law torts.

14. Because of his own conduct, Plaintiff is estopped from raising any of the claims he may have against the Defendant.

15. To the extent that Plaintiff seeks declaratory relief, the Court should enter a declaration that the actions of the Defendant were lawful.

16. The First Amended Complaint is barred in whole or in part by the doctrines of claim and issue preclusion.

17. The First Amended Complaint is barred to the extent that it invokes statutes or regulations that do not provide a private right of action for enforcement or damages.

18. Any claims of negligence or intentional torts are barred where Plaintiff failed to comply with the Massachusetts Tort Claim Act, M.G.L. c. 258.

19. Any claims of negligence or intentional torts are barred where Plaintiff failed to make proper presentment.

20. Any claims of negligence are barred in whole or in part by the provisions contained in M.G.L. c. 258, § 10.

21. The First Amended Complaint is barred in whole or in part by the <u>Colorado River</u> abstention doctrine.

22. Pursuant to M.G.L. c. 258, § 2, the individual Defendants are not liable for any injury purportedly caused by their negligent or wrongful act or omission while acting within the scope of their employment.

23. The First Amended Complaint is barred in whole or in part by the applicable statute of limitations and/or by the doctrine of laches.

24. Any injuries or damage that Plaintiff suffered were caused by someone for whose conduct the Defendant was not and is not legally responsible.

25. Because of his own conduct, or the conduct of Plaintiff's agents, servants, or conspirators, Plaintiff has waived any and all rights he may have had against the Defendant.

26. Because of his own conduct, or the conduct of Plaintiff's agents, servants, or conspirators, Plaintiff is estopped from recovering any judgment against the Defendant.

27. Plaintiff consented to the alleged conduct of DOC Defendant, and therefore cannot recover.

28. The Defendant is not liable for any interest, costs, or attorney fees.

29. The Defendant reserves the right to add additional defenses.

## **JURY DEMAND**

Defendant claims a trial by jury on all issues so triable.

Respectfully submitted,

DEFENDANT, RAYMOND SIMULA,

By his attorneys,

NANCY ANKERS WHITE

Special Assistant Attorney General

*/s/ Stephanie M. Caffrey*

Stephanie M. Caffrey (BBO # 697075)
Department of Correction, Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300, ext. 1154
Stephanie.M.Caffrey@doc.state.ma.us

Dated: March 9, 2026

## CERTIFICATE OF SERVICE

I, Stephanie M. Caffrey, counsel for Defendant, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 9, 2026.

*/s/ Stephanie M. Caffrey*

Stephanie M. Caffrey