UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 1:23-cv-10063

| | |
|---|---|
| DERRICK WASHINGTON, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DEPARTMENT OF CORRECTION, et al., | ) |
|     Defendants. | ) |
| | ) |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT

The Massachusetts Department of Correction ("DOC") Defendants respectfully submit this Reply in further support of its Motion to Partially Dismiss the Amended Complaint pursuant to Rule 12(b)(6). Plaintiff's Opposition fails to cure the fundamental defects identified in Defendants' motion. Accordingly, the Amended Complaint should be partially dismissed.

### INTRODUCTION

Plaintiff's opposition does not save his American Disabilities Act ("ADA") claim. To survive a motion to dismiss, an incarcerated individual asserting a Title II claim must plausibly allege that he is a qualified individual with a disability within the meaning of the statute. He has not done so here.

The ADA Amendments Act of 2008 ("ADAAA") broadened the statute's definition of disability and clarified that episodic impairments may qualify if they would substantially limit a major life activity when active. But the ADAAA did not eliminate the threshold requirement that a plaintiff plead facts showing such a limitation. The determination remains an individualized

inquiry focused on the plaintiff's actual functional limitations. That inquiry requires factual allegations, not just a diagnosis.

Plaintiff alleges only that he has asthma and that he was exposed to chemical agents. The amended complaint contains no allegations describing the severity, frequency, or functional impact of his condition. It does not allege that his asthma substantially limits breathing, working, or any other major life activity. Because Plaintiff has failed to plausibly allege that he is a qualified individual with a disability, his ADA claim must be dismissed.

## I.    ARGUMENT

### A. The ADAAA Broadens the ADA's Definition of Disability but Preserves the Requirement of a Substantial Limitation.

The ADAAA clarified that episodic impairments may qualify as disabilities if they would substantially limit a major life activity when active. 42 U.S.C. § 12102(4)(D). Congress enacted those amendments to ensure broad coverage of individuals with disabilities and made clear that the definitions of both a "disabled person" and "substantially limits" are to be construed broadly in favor of expansive coverage. Andrews v. Tri Star Sports & Ent. Grp., Inc., No. 23-5700, 2024 WL 3888127 (6th Cir. Aug. 21, 2024); citing 29 CFR § 1630.2(j)(1)(ii). Even so, the statute retained the foundational requirement that an impairment substantially limit a major life activity. 42 U.S.C. § 12102(4)(B). While the ADAAA lowered the threshold for establishing disability, it did not eliminate the requirement that a plaintiff plausibly allege that the impairment substantially limits a major life activity when compared to most people in the general population. Andrews, 2023 WL 4378100, at 7; citing Hostettler v. College of Wooster, 895 F.3d 844, 854 (6th Cir. July 17, 2018); quoting 29 C.F.R. § 1630.2(j)(1)(ii). While asthma has typically been found to rise to the level of a substantial limitation on the major life activity of breathing where a plaintiff has a long history of asthmatic attacks and endures numerous and severe restrictions on daily activities

as a result of the condition, courts have been less likely to conclude that substantial limitation where a plaintiff suffers asthma attacks only in response to particular stimuli and is able to engage in almost all normal life activities. Id.; citing Boker v. Secretary, Dept. Of Treasury, No. 1:07-cv-446, 2009 WL 3199074 (S.D.Ohio Sept. 29, 2009). Courts therefore continue to conduct an individualized inquiry into the nature, severity, and duration of the alleged impairment.

The ADAAA further provides that courts must disregard the ameliorative effects of mitigating measures when evaluating whether an impairment substantially limits a major life activity. 42 U.S.C. § 12102(4)(E)(i). Accordingly, even where a plaintiff manages asthma through medication or an inhaler, the relevant inquiry remains whether the underlying condition would substantially limit a major life activity when active. That inquiry requires factual allegations. Plaintiff has none.

### B. Plaintiff Fails to Plausibly Allege That His Asthma Substantially Limits a Major Life Activity, Whether Continuous or Episodic.

Breathing is the major life activity most naturally implicated by an asthma claim. In his Amended Complaint, Plaintiff alleges that when experiencing symptoms, he is unable to participate in recreation time, sleep, or breathe. See First Amended Complaint, Dkt. 126 ¶ 43. That allegation, taken on its own terms, still does not clear the pleading bar, and the reason is embedded in its own language.

The allegation is expressly conditioned on the occurrence of symptomatic episodes, but the Amended Complaint is silent on how often those episodes occur, how severe they are, and how long they last. That silence is dispositive. An episodic impairment qualifies under the ADAAA only if it would substantially limit a major life activity when active, which would require some basis for assessing whether the active periods are frequent enough to constitute a substantial limitation compared to most people in the general population. Mancini v. City of Providence, 909

F.3d 32 (1st Cir. 2018). A plaintiff who experiences rare or mild symptomatic episodes that occasionally disrupt a recreation period or a night's sleep is not substantially limited in breathing or sleep within the meaning of the statute. See Gergen v. City of Kentwood, No. 09-127, 2010 WL 2010878 (W.D. Mich. May 18, 2010). Courts have also held that sporadic episodes of breathing difficulty triggered by a specific noxious irritant are not sufficient to qualify an individual as disabled within the meaning of the ADA when the individual is otherwise able to breathe without difficulty. Id. The allegations, if anything, tell the Court nothing about where on that spectrum Plaintiff falls.

The characterization that Plaintiff is unable to do almost anything else during symptomatic episodes without any more information is precisely the kind of conclusory, sweeping assertion that must be filtered out. It is rhetorical rather than factual. It supplies no concrete information about the nature or functional impact of Plaintiff's condition. Conclusory allegations of limitations, detached from any factual context, do not satisfy the individual inquiry the statute requires.

What the Amended Complaint alleges is a diagnosis, a keep on person (KOP) inhaler, and single isolated exposure incidents. Dkt. 126 ¶¶43-44. This amounts to nothing more than confirmation that Plaintiff has asthma, and does little to persuade the Court that he is substantially limited as a result. That combination does not establish a qualifying disability.

Plaintiff's opposition appears to treat the ADAAA's episodic impairment provision as a workaround, as if sporadic asthmatic flares necessarily qualify as a disability without any showing of functional limitation. That interpretation is inconsistent with both the statute and the implementing regulations. Even in light of the 2008 amendments, Courts have found that "suffering from asthma, however, does not constitute a *per se* substantial limitation on the major-life-activity of breathing, and courts engage in an individualized inquiry...in order to determine

whether a condition substantially limits a major life activity."(internal quotes omitted) Andrews No. 23-5700, 2024 WL 3888127, at 7 (6th Cir. Aug. 21, 2024); quoting Boker, 2009 WL 3199074, at 3. The ADAAA provides that episodic conditions may qualify if they would substantially limit a major life activity when active. 42 U.S.C. § 12102(4)(D); 29 C.F.R. § 1630.2(j)(1)(vii). The provision was intended to ensure coverage for conditions where symptoms may be intermittent but functional limitation during active periods is severe. Pub. L. No. 110-325, 122 Stat. 3553 (2008); 29 C.F.R. § 1630.2(j)(1)(vii). It was not intended to transform every episodic condition into a qualifying disability regardless of functional impact. The episodic provision expands coverage; it does not eliminate the requirement that a plaintiff plead facts showing substantial limitation.

Plaintiff's reliance on Mancini v. City of Providence, 909 F.3d 32 (1st Cir. 2018), does not alter this conclusion. While the First Circuit recognized that the ADAAA lowered the threshold for establishing disability, it did not suggest that the inquiry is trivial or automatic. To the contrary, the court explained that determining whether an impairment is substantially limiting requires a comparison between the plaintiff's limitations and those experienced by most people in the general population. Id. at 42. In Mancini, unlike here, the plaintiff presented concrete factual allegations supporting that comparison. Plaintiff has not. Merely identifying a medical condition, without alleging how that condition substantially limits a major life activity, is insufficient to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Courts addressing asthma claims post-ADAAA have consistently emphasized that the analysis is individualized. Neither the First Circuit nor courts in this District have held that asthma categorically constitutes a disability. Where courts have found a qualifying disability, the plaintiff presented concrete factual allegations demonstrating that the condition substantially affected breathing or another major life activity. See Gergen v. City of Kentwood, No. 09-127, 2010 WL

5

2010878 (W.D. Mich. May 18, 2010); Lord v. Arizona, 832 F.3d 1082, 1088-89 (9th Cir. 2016); Andrews v. Tri-Star Sports & Entertainment Group, Inc., No. 23-5700, 2024 WL 3888127, at *3 (6th Cir. Aug. 21, 2024). Plaintiff has alleged no such facts here, and his amended complaint fails to plausibly allege disability status under the ADA.

### C. **Plaintiff's Reliance on United States v. Georgia Does Not Overcome Sovereign Immunity.**

Plaintiff argues that Defendants are not entitled to sovereign immunity because the same factual allegations underlying his ADA claim also support alleged constitutional violations. That argument misapprehends the framework and thus cannot succeed here because it presupposes a viable ADA claim that the amended complaint does not allege. United States v. Georgia, 546 U.S. 151, 159 (2006).

In Georgia, the Supreme Court held that Title II validly abrogates state sovereign immunity to the extent that the alleged conduct independently violates the Fourteenth Amendment. Id. The Court established a sequential inquiry: (1) which aspects of the alleged conduct violate Title II; (2) whether that same conduct also violates the Fourteenth Amendment; and (3) insofar as the conduct violates Title II but not the Constitution, whether Congress's purported abrogation is nevertheless valid as applied to that class of conduct. Id.

Plaintiff skips the first step entirely. The Georgia framework requires a court to first determine whether the complaint plausibly alleges a violation of Title II. As explained above, it does not. Because Plaintiff has failed to state a viable ADA claim in the first instance, the threshold requirement of the Georgia analysis is not satisfied, and the Court need not reach the constitutional inquiry. Plaintiff's sovereign immunity argument fails.

## II.  CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' Motion to Partially Dismiss, the Court should partially dismiss Plaintiff's Amended Complaint.

Dated: March 13, 2026

Respectfully submitted,
DOC Defendants,
By their Attorneys,

NANCY ANKERS WHITE
Special Assistant Attorney General

*/s/ Stephanie M. Caffrey*
Stephanie M. Caffrey (BBO # 697075)
Department of Correction, Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617)727-3300,ext. 1154
Stephanie.M.Caffrey@doc.state.ma.us

## CERTIFICATE OF SERVICE

I, Stephanie M. Caffrey, counsel for DOC Defendants, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 13, 2026.

*/s/ Stephanie M. Caffrey*
Stephanie M. Caffrey