UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DERRICK WASHINGTON,<br>          Plaintiff,<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT OF CORRECTIONS, WELLPATH LIQUIDATING TRUST, MATTHEW J. DUNDON as Trustee of the Wellpath Liquidating Trust, SUPERINTENDENT STEVE KENNEWAY, LIEUTENANT ROBERT DESCHENE, LIEUTENANT ARTHUR FORGET, SERGEANT RYAN HILLIS, SERGEANT THOMAS TOCCI, OFFICER ANTHONY CATALANO, OFFICER JOSHUA GAGNON, NURSE CHRISTIAN CAPOCCIA, SERGEANT ARTHUR BARNES, OFFICER JOSEPH CUMMINGS, OFFICER NICHOLAS DUMONT, OFFICER ZACHARY FONSECA, OFFICER DANIEL HOLLENBACH, OFFICER ERIC LAWSON, SERGEANT NATHAN OWEN, OFFICER CORY SHEPHERD, OFFICER JEFFREY PEPOLI, SERGEANT BRIAN RAYNER, OFFICER ROBERT BASHAW, OFFICER RAYMOND SIMULA, OFFICER SERGIO CACIOPPO, OFFICER THOMAS MEMBRINO, OFFICER DAVID GILMAN, OFFICER RYAN KALRIESS, MEDICAL DIRECTOR DOE, AND NURSE DOE,<br><br>          Defendants. | C.A. NO: 1:23-cv-10063-MRG |

**DEFENDANT, CHRISTIAN CAPOCCIA, R.N.'S, REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

NOW COMES the Defendant, Christian Capoccia, R.N. (hereinafter "Nurse Capoccia" or "Defendant"), by counsel, and submits the following Reply to Plaintiff's

1

Opposition to Defendant, Christian Capoccia, R.N.'s Motion to Dismiss the Plaintiff's Amended Complaint (hereinafter, "Plaintiffs' Opposition"), which was filed on March 6, 2026. This Reply is submitted pursuant to Rule 7.1 of the Local Rules and the Second Amended Joint Scheduling Report and Statement adopted by the Court on February 11, 2026. See ECF Nos. 128 and 138. As a general matter, a brief Reply to Plaintiff's Opposition is warranted as Plaintiff's Opposition misstates that arguments offered in the Defendant's Motion to Dismiss and Memorandum of Law in Support thereof. In further support of the Defendant's Motion to Dismiss, the Defendant states as follows:

## ARGUMENT

### A. Defendant's Motion does Assert that Plaintiff has Failed to Meet the Objective Prong Required to Sustain a Claim for Deliberate Indifference.

Despite Plaintiff's contention, Nuse Capoccia's Motion does in fact assert an argument that Plaintiff has failed to plead allegations sufficient to support the required objective prong of the deliberate indifference standard. The Defendant's Memorandum of Law in Support of his Motion to Dismiss clearly sets forth this argument at Section A(I) and Section A(I)(1). See Defendant, Christian Capoccia, R.N.'s, Memorandum of Law in Support of Motion to Dismiss the Plaintiff's Amended Complaint, at pgs. 8-9.

While Plaintiff contends that "Defendant does not argue that Mr. Washington did not have a serious medical need, and therefore concedes that he did…" this statement is inconsistent with the Defendant's position and his Memorandum of Law in Support of his Motion to Dismiss. Nurse Capoccia does not concede, and expressly contests, that Mr. Washington's asthma was an objectively serious medical need for the purposes of Plaintiff's deliberate indifference theory.

### B. Plaintiff's Opposition Misstates Authority Regarding the Qualification of Asthma as an Objectively Serious Medical Need.

Plaintiff, through his Opposition, asserts the blanket proposition that Courts have recognized that asthma qualifies as an objectively serious medical need under the Eighth Amendment. In doing so, Plaintiff cites to the Seventh Circuit decisions in both Lee v. Young and Board v. Farnham. However, in doing so, Plaintiff misstates the language utilized by the court in those decisions. On page 7 of Plaintiff's Opposition, Plaintiff cites to the Farnham court as having determined that "As a general matter, asthma can be, and frequently is, a serious medical condition for the purposes of deliberate indifference." See Plaintiff's Opposition at pg. 7. However, the language used by the Lee and Farnham courts differs from that cited by the Plaintiff. Rather, the relevant language contained in both decisions is "As a general matter, asthma can be, and frequently is, a serious medical condition, **depending on the severity of the attacks.**" See Board v. Farnham, 394 F.3d 469, 484 (7th Cir. 2005); See Lee v. Young, 533 F.3d 505, 511 (7th Cir. 2008) (emphasis suppled).

Contrary to Plaintiff's assertion, whether an asthma attack qualifies as a serious medical condition for the purposes of establishing deliberate indifference is not automatic. See Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999) ("Nor do we believe that a layperson would consider the injuries alleged in Henderson's complaint to be so 'serious' as to require a physician's care and attention. Instead, the injuries of which Henderson complains- breathing problems, chest pains, dizziness, sinus problems, headaches and loss of energy- are, objectively speaking, relatively minor"); See Pietrafeso v. Lawrence Cnty., S.D., 452 F.3d 978 (8th Cir. 2006) (Finding no deliberate indifference in a matter

involving a fatal asthma attack); See Lee v. Young, 533 F.3d 505, 510 (7th Cir. 2008) ("But not all cases of asthma necessarily constitute serious medical needs").

This critical qualifying language was omitted from Plaintiff's Opposition. Plaintiff's Amended Complaint is devoid of any information related to the severity of Mr. Washington's asthma attack at the time he was treated by Nurse Capoccia on the morning of January 24, 2020, beyond the vague assertion that Mr. Washington was experiencing "difficulty breathing" and "struggling to breathe." See Plaintiff's Amended Complaint at ¶ 141, ¶ 255.

### C. Plaintiff's Reliance on his "Administrative Record" does not Support his Contention that he Availed Himself to Administrative Remedies related to the Care Provided by Nurse Capoccia.

A Court may dismiss a complaint for failure to exhaust administrative remedies if it is clear that an administrative grievance process has not been exhausted. See Jones v. Bock, 549 U.S. 199, 215-16 (2007). Proper exhaustion demands completion of the prison's administrative review process, including all levels thereof, in accordance with the deadlines and other critical procedural rules. Id. at 218; Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

Via his Opposition, Plaintiff asserts that the grievance he submitted on January 25, 2020 fulfilled the requirement that he exhaust his administrative remedies as to his claims against Nurse Capoccia. Notably, the grievance Plaintiff cites to is not referenced in the First Amended Complaint. Further, the grievance cited by Plaintiff, makes no mention of Nurse Capoccia or the assessment conducted on the morning of January 24, 2020. Rather, the grievance cited by Plaintiff references the incident occurring on January 23, 2020, when chemical agents were purportedly deployed in the Plaintiff's vicinity. This

4

grievance makes no reference to the purported occurrences of January 24, 2020, and is insufficient to establish that Plaintiff availed himself the mandatory grievance system as to his claims against Nurse Capoccia. Additionally, even assuming *arguendo* that the grievance cited by Plaintiff addressed the evaluation performed by Nurse Capoccia; Plaintiff has not alleged that he appealed, or otherwise completed all levels of the grievance process for inmates housed at SBCC. As such, it is clear based on the face of the Amended Complaint that Plaintiff did not exhaust his administrative remedies under the PLRA, and dismissal is warranted.

## CONCLUSION

For the reasons stated herein and in the Defendant's Memorandum of Law, the Defendant, Christian Capoccia, R.N., respectfully requests that this Honorable Court DISMISS Count VI against him.

> The Defendant,
> CHRISTIAN CAPOCCIA, R.N.,
> By His Attorneys,
>
> /s/ Matthew D. Medoff
> _____
> Lori K. Vaulding, BBO #678404
> Matthew D. Medoff, BBO #706871
> Adler│Cohen│Harvey│Wakeman│Guekguezian, LLP
> 2 Oliver Street, 10th Floor, Suite 1005
> Boston, MA 02109
> (617) 423-6674
> lvaulding@adlercohen.com
> mmedoff@adlercohen.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 13, 2026.

*/s/ Matthew D. Medoff*