# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Derrick Washington,<br><br>   Plaintiff,<br><br>v.<br><br>Massachusetts Department of Corrections,<br>Superintendent Kenneway, Lieutenant<br>Deschene, Lieutenant Forget, Sergeant Hellis,<br>Sergeant Tocci, Officer Catalano, Officer<br>Gagnon, Nurse Capoccia, Officer Does 1-23,<br>Medical Director Doe, and Nurse Doe,<br><br>   Defendants. | Civ. Case No. 1:23-cv-10063 |

---

**DOC DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS
FOR PRODUCTION DIRECTED TO ALL DEFENDANTS**

---

Department of Correction ("DOC") Defendants (hereinafter "Defendants") produce responses and documents to Plaintiff's Second Set of Request for Production Direct to All Defendants in accordance with the conference with Plaintiff's Counsel on December 3, 2025. Defendants' discovery responses pertain to only the current DOC Defendants[1]. Without waiving any objections, Defendants state that discovery is ongoing, and they reserve the right to supplement any response. To the extent Plaintiff's requests are overly broad, if Plaintiff wishes to reframe the Request to have a narrower scope, Defendants will revisit the responses. Certain documents, including but not limited to video and audio recordings, are produced pursuant to the executed Protective Order.

## **GENERAL OBJECTIONS**

1. DOC Defendants object to the Request to the extent it calls for the production of information protected from disclosure by G.L. c. 6, §§ 167, 172 (CORI protection for records and data concerning particular individuals about "incarceration, rehabilitation, or

---

[1] Wellpath and Wellpath employees in this action are represented by separate counsel.

release," except for "custody status and placement"); G.L. c. 66A, § 2 (the Fair Information Practices Act ("FIPA"), which protects "personal data" held by agencies regarding individuals, provided the information is not a public record); G.L. c. 111, § 70F (confidentiality of HIV treatment-related information); G.L. c. 112, §§ 129A (psychologist privilege), 135A (social-worker privilege), and 172 (allied mental health/human services professional privilege); G.L. c. 4, § 7 (26)(c) (unwarranted invasion of personal privacy); and G.L. c. 4, §7(26)(f) (investigatory materials).

2. DOC Defendants object to each and every one of the requests to the extent that such requests seek discovery of information that, if disclosed, could pose a security risk to the defendants, the DOC, its employees, personnel staffed at DOC institutions, incarcerated individuals in the DOC's custody, or to the public at large.

3. DOC Defendants object to the timeframe set forth for responsive documents in the Request insofar as it extends outside the timeframe alleged in the Complaint. Accordingly, DOC Defendants' responses to the Requests will only include documents covering the timeframe alleged in the Complaint from January 10, 2020 to March 5, 2020, although DOC Defendants offer to meet and confer with Plaintiff's counsel to discuss whether certain Requests may involve the production of documents for extended time periods, without imposing an undue burden on the DOC Defendants.

4. DOC Defendants object to Plaintiff's definition of "Defendants" and "DOC" in paragraphs 4 and 6 insofar as it includes individuals who are not employees or agents of DOC and are not subject to DOC's control. DOC Defendants will produce only documents responsive to the requests below and that are within DOC's possession, custody, or control.

5. DOC Defendants object to the Instructions to the extent they impose obligations broader or more burdensome than required by the Federal Rules of Civil Procedure.

6. DOC Defendants object to the Requests to the extent that they seek information not reasonably calculated to lead to the discovery of admissible evidence.

7. DOC Defendants object to the definitions in the Requests insofar as they do not accurately define or describe, conflate, mischaracterize and/or confuse DOC regulations, policies, or actions.

8. DOC Defendants object to the Requests to the extent that they seek documents protected by the attorney-client privilege, the attorney work-product privilege, or any other applicable privilege or protection. In the event any information or document covered by such privilege is produced by DOC Defendants, its production is inadvertent and does not constitute a waiver of the applicable privilege or protection. If such inadvertent production should occur, DOC Defendants request that Plaintiff immediately return all inadvertently produced information or documents and that Plaintiff make no use of such documents or information, in accordance with Fed. R. Civ. P. 26(b)(5)(B).

9. DOC Defendants object to the Requests to the extent that they seek documents already in the possession, custody or control of Plaintiff.

10. DOC Defendants' responses shall not be deemed to constitute admissions that any particular document is relevant, non-privileged, or admissible in evidence. These responses also do not constitute a waiver of DOC Defendants' right to object to any further demand or discovery involving or relating to the matters raised in the Request.

11. DOC Defendants hereby incorporate each of the preceding objections into each of their specific responses, which are set forth below.

12. DOC Defendants reserve the right to supplement these responses at a later date as more responsive documents become available. However, DOC Defendants do not hereby undertake to do so except to the extent required by Fed. R. Civ. P. 26(e).

REQUEST NO. 1

All Documents You produced in the following matters:
    a. *Silva-Prentice, et al. v. Turco, et al.,* 21-cv-11580-PBS (D. Mass.);
    b. *Diggs, et al. v. Mici et al.,* 22-cv-40003-ADB (D. Mass.);
    c. *Molinari v. Frink, et al.,* 20-cv-11922 (D. Mass);
    d.  *Burrell v. Kenneway, et al.,* 20-cv-11776-ADB (D. Mass);
    e. *Graulau, et al. v. Turco et al.,* 23-cv-10129-PBS (D. Mass.);
    f. *Monahan v. Mici, et al.,* No. 2384-cv-00261(Mass. Super. Jan. 23, 2023);
    g. *Denson v. Mici, et al.,* No. 2185-cv-00101A (Mass. Super. Jan. 25, 2021);
    h. *Gibson v. Commonwealth, et al.,* No. 2084-cv-02663 (Mass. Super. Nov. 16, 2020);
    i. *Gaskins et al. v. Mici, et al.,* No. 2085-cv-00415 (Mass. Super. Mar. 24, 2020).

RESPONSE NO. 1

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). This Complaint involves allegations pertaining to incidents involving the Plaintiff and is not a class action. Therefore, any discovery produced in other civil actions, including the class action, <u>Diggs, et. al. v. Mici, et. al.,</u> is irrelevant to the present action.

REQUEST NO. 2

Plaintiffs' complete DOC six-part folder, as described in 103 CMR 155.

RESPONSE NO. 2

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, the following documents will be produced subject to the execution of the Joint Agreement Concerning Non-Disclosure of Criminal Offender Record Information and/or Protective Order and applicable waivers:

1. Plaintiff's six-part folder.

REQUEST NO. 3

All Documents indicating Plaintiff as pertaining to a Security Threat Group from the first date of his incarceration within DOC through the present.

RESPONSE NO. 3

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that it seeks intelligence information prohibited from public disclosure pursuant to G.L. c.6, §167. Defendants further object to producing documents containing investigatory materials, including ongoing criminal investigations, the disclosure of which would so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest. See G.L. c. 4, §7(26)(f). Notwithstanding these objections and without waiver thereof, Defendants produce:

1. Classification Report
2. IMS Document

REQUEST NO. 4

All Documents relating to grievances, complaints, and requests Plaintiff submitted to You from September 1, 2019 through the present, including but not limited to:
   a. Documentation from the Informal Complaint Resolution Process pursuant to 103 CMR 491;
   b. Grievances and related documentation pursuant to 103 CMR 491;
   c. Emergency grievances and related documentation pursuant to 103 CMR 491;
   d. Appeals of denials of grievances and related documentation pursuant to 103 CMR 491;
   e. Grievance suspension notifications and related documentation pursuant to 103 CMR491;
   f. Staff misconduct allegations and related documentation under 103 DOC 522; and
   g. All Documents relating to inquiries by the Office of Investigative Services as a result of any grievances, complaints, and requests made by Plaintiff.

RESPONSE NO. 4

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b), including insofar as the timeframe specified by the Request exceeds the timeframe in the Complaint, which encompasses January 21, 2020 to March 5, 2020 and exceeds the specific allegations in the Complaint. Notwithstanding these objections and without waiver thereof, Defendants produce:

4

1.  Grievance 106977
2.  Grievance 106979
3.  Grievance 106928
4.  Grievance 106909
5.  Grievance 107080
6.  Grievance 106235
7.  Grievance 106767

REQUEST NO. 5

All Records of disciplinary actions relating to Plaintiff from September 1,2019 through the present, including but not limited to:

    a.  All disciplinary reports or tickets (D tickets) and any documentation about investigations related to those disciplinary reports or tickets pursuant to 103 CMR 430;

    b.  All informal Sanctions Forms pursuant to 103 CMR 430;

    c.  All Documents related to the record of disciplinary proceedings and hearings pursuant to 103 CMR 430.17, including but not limited to evidence, testimony, decisions or dispositions, and audio and video recordings;

    d.  All Documents related to disciplinary reports that were dismissed or not prosecuted;

    e.  All Documents related to Plaintiff's appeals of disciplinary reports, dispositions, decisions, and restrictive housing placements;

    f.  All Documents related to sanctions imposed on Plaintiff following disposition or decisions from disciplinary reports and hearings;

    g.  All Documents related to sanctions recommended for Plaintiff, including for Plaintiff to be placed in disciplinary detention pursuant to 103 CMR 430.22;

    h.  Documents from departmental segregation unit or restrictive housing proceedings pursuant to 103 CMR 11 and 103 CMR 423, including any referrals, board records, assessments, placement review documents and screenings, witness documents, statements, recommendation, reports, audio and video recordings, written decisions, monthly evaluations and reviews, and appeals.

RESPONSE NO. 5

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b), including to the extent that the timeframe specified by the Request exceeds the timeframe in the Complaint. Notwithstanding these objections and without waiver thereof, Defendants produce:

1.  Disciplinary Report 444833
2.  Disciplinary Report 448767
3.  Disciplinary Report 449688
4.  Disciplinary Report 449715

5. Disciplinary Report 449726
6. Disciplinary Report 450034
7. Disciplinary Report 452199
8. Disciplinary Report 453587
9. Disciplinary Report 453647
10. Disciplinary Report 454175
11. Disciplinary Report 454701
12. Disciplinary Report 455180
13. Disciplinary Report 455308
14. Disciplinary Report 455566
15. Disciplinary Report 456278
16. Disciplinary Report 456342
17. Disciplinary Report 456347

REQUEST NO. 6

All medical and mental health Records relating to Plaintiff maintained by You and/or any DOC-contracted healthcare provider pursuant to 103 DOC 607, including but not limited to:

a. Logs of all sick slips submitted by Plaintiff at SBCC from September 1, 2019 through the present;
b. All Documents maintained by You and/or any contract health care provider pursuant to 103 DOC 607, that state that Plaintiff has asthma;
c. All Documents maintained by You and/or any contract health care provider pursuant to 103 DOC 607 stating that Plaintiff requires a Keep-On-Person inhaler or any other medication for asthma;
d. All Documents relating to medical care provided to Plaintiff at SBCC or outside hospitals (including Leominster Hospital) between January 1, 2020 and August 1, 2020;
e. All Documents relating to any decontamination that was conducted as to Plaintiff between January 1, 2020 and August 1, 2020;
f. All Documents relating to Your provision of Plaintiff's Keep-On-Person inhaler between January 1, 2020 and August 1, 2020;
g. All Documents relating to Plaintiff being put on suicide watch between January 1, 2020 and August 1, 2020;
h. All Documents relating to any special precautions that Plaintiff requires in situations involving Use of Force or use of Chemical Agents pursuant to 103 DOC 509 due to asthma; and
i. All mental health Records relating to Plaintiff.

RESPONSE NO. 6

Defendants refer Plaintiff to the Keeper of Inmate Medical Records which is designated by the contractual clinical provider pursuant to 103 DOC 607.02, Department of Correction Inmate Medical Records.

6

REQUEST NO. 7

All Employee and personnel files for the following Individuals, including but not limited to a complete record of training materials (both initial and continuing training), certificates, continuing education Records, hiring Records, disciplinary Records, reprimands, promotions, demotions, awards, and termination Records:

    A. All Defendants;
    a. Captain Jason Lanpher;
    b. Officer Harvey Vachon;
    c. Officer Jay Hurlbrink;
    d. LPN Jennifer Robles;
    e. RN Karen Steinmetz;
    f. RN Alyssa Bond;
    g. Dr. Petros;
    h. Director of Nursing Kelly Ryder.

RESPONSE NO. 7

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that it seeks confidential personnel records, which constitute an unwarranted invasion of personal privacy and are exempt from public disclosure. See G.L. c.4, §7(26)(c). Defendants object to this request to the extent that Captain Jason Lanpher, Officer Harvey Vachon, and Officer Jay Hulbrink are not Defendants in this action. Defendants also state that some of the records sought pertain to medical contractors and are not in the care, custody, and control of DOC Defendants. Notwithstanding these objections and without waiver thereof, Defendants produce:

1. Training Records
    a. Steven Kenneway
    b. Robert Deschene
    c. Arthur Forget
    d. Ryan Hillis
    e. Thomas Tocci
    f. Anthony Catalano
    g. Joshua Gagnon
2. Disciplinary Records
    a. Steven Kenneway
    b. Robert Deschene
    c. Arthur Forget
    d. Ryan Hillis
    e. Thomas Tocci
    f. Anthony Catalano
    g. Joshua Gagnon

7

REQUEST NO. 8

All Documents concerning grievances, informal complaints, formal complaints, confidential Incident Reports, or any report in any form whatsoever made by prisoners, DOC staff, or contract health care provider staff alleging any form of misconduct **by the following Individuals from September 1, 2019 through the present,** including but not limited to grievances, reports, emails, letters, complete investigation files, decisions and recommendations resulting from any investigation relating to the complaints, arbitration and hearing transcripts relating to the complaints, and any lawsuits:

- a. all Defendants;
- b. Captain Jason Lanpher;
- c. Officer Harvey Vachon;
- d. Officer Jay Hurlbrink;
- e. LPN Jennifer Robles;
- f. RN Karen Steinmetz;
- g. RN Alyssa Bond;
- h. Dr. Petros;
- h. Director of Nursing Kelly Ryder.

RESPONSE NO. 8

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants object to this request to the extent that Captain Jason Lanpher, Officer Harvey Vachon, and Officer Jay Hulbrink are not Defendants in this action. Defendants object to the extent that this request seeks documents that do not pertain to the Plaintiff, were not filed by Plaintiff, and not within the relevant timeframe in the Complaint. Defendants further object to this request to the extent that it seeks confidential personnel records, which constitute an unwarranted invasion of personal privacy and are exempt from public disclosure. See G.L. c.4, §7(26)(c). Notwithstanding these objections and without waiver thereof, Defendants refer to response 4.

REQUEST NO. 9

All Policies, procedures, memoranda, standard operating procedures, directives, training materials, lesson plans, and reports-whether DOC-wide, Special Operations Unit- specific, or SBCC-specific-in effect at any time between September 1, 2019 and the present, concerning any of the following:

1. Use of Force, including but not limited to:
   - i. Planned Use of Force, including factors and/or criteria to be reviewed or considered by the facility superintendent, shift commander, or captain prior to ordering any planned Use of Force upon a prisoner;
   - ii. Spontaneous Use of Force;
   - 111. Excessive Force; 1v. Reasonable Force;

8

     v.  Pyramid of Force;

     vi.  "Quick reaction(s) force" and "quick response force" (QRF);

     vii.  Hostage Rescue Teams;

    viii.  Critical Incident Response Teams (CIRT);

     ix.  Special Response Teams;

     x.  Use of Force on individuals with Disabilities or preexisting medical conditions;

     xi.  Use of Chemical Agents, including but not limited to all Documents concerning the use of Chemical Agents on a prisoner with Contraindications (e.g., asthma), Previous Medical Issues, and/or Disabilities;

    xii.  Requirements that Officers or medical staff check on or monitor prisoners after the Use of Force, especially after the use of Chemical Agents or ECDs;

    xiii.  Use of Force or Chemical Agents on prisoners with a Medical or Disability designation;

    xiv.  Requirements for medical care after the Use of Force;

    xv.  Requirements for decontamination and medical care after the use of Chemical Agents;

    xvi.  Reporting requirements following Uses of Force, including the use of Chemical Agents and the process for reviewing whether Use of Force was reasonable;

    xvii.  Use of Tasers, Stun Guns, Probe Cartridges, or any other ECD;

    xviii.  Use of "Specialty Impact Devices";

    xix.  Disorder Management Policy;

    xx.  Special Operations Divisions Policies; xxi.  Duty to intervene;

    xxii.  Debriefing following uses of force; and

    xxiii.  De-escalation

2. The process for reviewing staff misconduct, including the process for reviewing staff misconduct by the Office of Investigative Services;

3. Disciplinary actions and proceedings;

4. Cell assignments;

5. Restraints and handcuffs;

6. Cell extractions including, but not limited to:

     i.  "No knock" cell entries; and

     ii.  Forced movement of prisoners, or "force moves"

7. Use of a handheld video camera to record the Use of Force or any other actions of or interactions between prisoners and/or staff;

8. Storage and retention of surveillance and handheld video footage;

9. Strip searches;

10. Medical and Disability screenings upon intake;

11. Mental healthcare access, including crisis care;

12. Medical access, including emergency medical care;

13. Use of solitary confinement, restrictive housing unit, departmental segregation unit, and administrative segregation;

14. Use of strip cages;
15. Security Threat Group identification and management;
16. Suicide watch;
17. Housing assignments;
18. Racial equity, unintentional bias, or racial discrimination;
19. Communication and interaction with incarcerated people;
20. Disorder control or management, including those Policies and training materials governing Special Operations Unit or Tactical Team Response;
21. Supervisory structure, organizational charts, and the duties of Corrections Officers, including but not limited to:
    i. Correctional Officer I;
    ii. Shift Commanders;
    iii. Lieutenants;
    IV. Critical Incident Response Team Commander;
    v. Hostage Rescue Team Commander;
    vi. DOC's Video Response Team
    vii. Employee dress code and uniforms, including dress code and uniform for tactical unit Officers and specifically including requirements for name tags or other visible identification on uniforms.

RESPONSE NO. 9

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants produce the following:

1. 103 DOC 102, Department of Correction Organizational Function/Staff Meetings
2. 103 DOC 224, Uniforms
3. 103 DOC 400, Incarcerated Individual and Civil Commitment Management
4. 103 DOC 401, DOC Booking and Admissions
5. 103 CMR 420, Classification
6. 103 CMR 423, Restrictive Housing
7. 103 CMR 425, Placement Reviews in Secure Treatment Units
8. 103 CMR 430, Inmate Discipline
9. 103 CMR 481, Inmate Mail
10. 103 CMR 482, Telephone Access and Use
11. 103 CMR 483, Visiting Procedures
12. 103 CMR 491, Inmate Grievance
13. 103 DOC 503, Forced Movement of Inmates
14. 103 CMR 505, Use of Force
15. 103 DOC 509, OC, Chemical Agents, Specialty Impact Munitions/Distraction Devices, Batons, and Electronic Control Devices
16. 103 DOC 514, Security Threat Group Management
17. 103 DOC 520, Instruments of Restraint
18. 103 DOC 540, Body Worn Cameras
19. 103 DOC 559, Special Operations Response Units

10

20. 103 DOC 560, <u>Disorder Management</u>
21. 103 DOC 630, <u>Medical Services</u>
22. 103 DOC 650, <u>Mental Health Services</u>

<u>REQUEST NO. 10</u>

All Documents relating to any Use of Force against Plaintiff from September 2019 through the present, including but not limited to:

      a.  Use of Force packages;
      b.  Comprehensive incident reports (including Confidential Incident Reports);
      c.  Witness reports;
      d.  Audio and/or video recordings of the Use of Force or that You reviewed in connection with the Use of Force;
      e.  All Documents relating to any debriefings that occurred prior to, concurrently with, or following the Use of Force; and
      f.  All Documents relating to any medical and/or mental health examination and/or treatment following the Use of Force.

<u>RESPONSE NO. 10</u>

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants refer to Use of Forces packages previously provided to Plaintiff's Counsel on July 21, 2023. Defendants re-produce:

1. Use of Force Package 7683
2. Use of Force Package 7899

Defendants also produce:

1. Use of Force Package 7540

<u>REQUEST NO. 11</u>

All Documents relating to the Incidents, including but not limited to:

      a.  Use of Force packages relating to the Incidents;
      b.  Memoranda, correspondence, e-mail, text messages, or other Communications relating to the Incidents;
      c.  Corrections requests relating to the Incidents;
      d.  All Documents relating to any disciplinary actions or reprimands of any Officer relating to the Incidents;
      e.  All Documents relating to any review or investigation of the Incidents, and any resulting notes, memoranda, comments, or reports by any DOC staff, administrator, or committee, including but not limited to the Use of Force Triage Committee;
      f.  All written or recorded statements, interviews, or summaries of verbal

statements made by Plaintiff, any Defendant, or any other Officer or contract healthcare provider personnel relating to the Incidents;

g. All Documents relating to de-escalation or attempted de-escalation during the Incidents;

h. All Documents, logs, orders, directives, or Communications relating to any status checks or medical checks of the Plaintiff by any Officer, including medical Officers, following the Incidents;

i. All Documents, logs, orders, directives, or Communications relating to clothing, bedding, or basic hygienic products provided to Plaintiff following the Incidents;

j. All Documents or Communications relating to instructions, orders, guidelines, or directives issued to members of the Tactical Teams in connection with the Incidents;

k. Audio and/or video recordings of the Incidents or that You reviewed in connection with the Incidents;

l. Photographs or other visual renderings relating to the Incidents;

m. All attendant evidence relating to the Incidents.

RESPONSE NO. 11

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants refer to Use of Forces packages and investigations previously provided to Plaintiff's Counsel on July 21, 2023. Defendants re-produce:

1. Investigation Inquiry Number 17836
2. Investigation DOC-SBCC-20-62
3. SBCC Inquiry 18035

Defendants also produce:

1. Use of Force Package 7701

Defendants produce video recordings pursuant to the executed protective order.

REQUEST NO. 12

All video and audio recorded on handheld, surveillance, or body cameras on January 21, 2020, including but not limited to video and audio from following locations:

a. All sections of the L-2 unit;

b. Inside all of the Plaintiffs cells in the L-2 cellblock or unit and surrounding areas;

c. All sections of the M-2 unit;

d. Inside all of the Plaintiffs cells in the M-2 cellblock or unit and surrounding areas;

e. Inside cell #12 in the M-2 unit and surrounding areas;

      f.  Inside cell #13 in the M-2 unit and surrounding areas; and
      g.  Health Services Unit (HSU).

RESPONSE NO. 12

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that it seeks all video and audio recorded on handheld, surveillance, or body cameras that are outside the scope of this Complaint. Notwithstanding these objections and without waiver thereof, Defendants refer to response 11.

REQUEST NO. 13

All video and audio recorded on handheld, surveillance, or body cameras on January 23 and January 24, 2020, including but not limited to video and audio from following locations:
      a.  Health Services Unit (HSU);
      b.  All sections of the M-2 unit;
      c.  Inside cell #13 in the M-2 unit and surrounding areas; and
      d.  Inside cell #15 in the M-2 unit and surrounding areas.

RESPONSE NO. 13

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that it seeks all video and audio recorded on handheld, surveillance, or body cameras that are outside the scope of this Complaint. Notwithstanding these objections and without waiver thereof, Defendants refer to response no. 11.

REQUEST NO. 14

All video and audio recorded on handheld, surveillance, or body cameras controlled by DOC, its agents, or assigns on March 5, 2020, including but not limited to video and audio from following locations:
      a.  All sections of the M-2 unit;
      b.  All sections of the L-2 unit;
      c.  All of Plaintiffs cells in the M-2 unit and surrounding areas;
      d.  All of Plaintiffs' cells in the L-2 unit and surrounding areas;
      e.  All noncontact visiting rooms and surrounding areas;
      f.  All areas in the Restrictive Housing Unit;
      g.  All strip cages in the Restrictive Housing Unit and surrounding areas;
      h.  Health Services Unit (HSU);
      1.  All sections of the K-3 unit; and
      j.  Inside cell #5 in the K-3 unit and surrounding areas.

13

RESPONSE NO. 14

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that it seeks all video and audio recorded on handheld, surveillance, or body cameras that are outside the scope of this Complaint. Notwithstanding these objections and without waiver thereof, Defendants refer to response no. 11.

REQUEST NO. 15

All Documents relating to the use of ECDs, Tasers, Stun Guns, or Probe Cartridges on Plaintiff from January 1, 2020, through August 1, 2020, including but not limited to the electronic control devices utilized by Officer Shepherd with serial number X30004N83 and Eric Lawson with serial number X30007D54 on January 21, 2020. For each deployment of a Taser, produce all data recorded by the Taser including but not limited to time of deployment, mode of deployment, and length of deployment.

RESPONSE NO. 15

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants refer to response 10.

REQUEST NO. 16

All Documents relating to the authorization of planned Use of Force against Plaintiff from January 1, 2020, through August 1, 2020.

RESPONSE NO. 16

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants refer to response 10.

REQUEST NO. 17

All Documents relating to the authorization for Officers to carry and use ECDs, Tasers, Stun Guns, or Probe Cartridges on Plaintiff between January 1, 2020 and August 1, 2020, including but not limited to the authorization that ADC Paul Henderson provided to Officer Shepherd to carry electric control device with serial number X30004N83 and authorization for Officer Eric Lawson to utilize electric control device with serial number X30007D54 on January 21, 2020.

14

RESPONSE NO. 17

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b), particularly as to time. Notwithstanding these objections and without waiver thereof, Defendants refer to responses 9 and 10. Defendants further produce:

1. Souza Baranowski Correctional Center Institutional Reassignment Plan Operations Order #20-01

REQUEST NO. 18

All Documents relating to the use of Chemical Agents and Chemical Agent devices on Plaintiff from January 1, 2020, through August 1, 2020, including any notifications to the Deputy Commissioner or their designee pursuant to 103 DOC 509.

RESPONSE NO. 18

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b), particularly as to time. Notwithstanding these objections and without waiver thereof, Defendants refer to response 9, 10, and 17.

REQUEST NO. 19

All Documents relating to the authorization for Officers to carry and use Chemical Agents pursuant to 103 DOC 509 between January 1, 2020, and August 1, 2020.

RESPONSE NO. 19

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b), particularly as to time. Notwithstanding these objections and without waiver thereof, Defendants refer to response 9 and 17.

REQUEST NO. 20

All Documents relating to cell extractions of Plaintiff from January 1, 2020, through August 1, 2020, including but not limited to memoranda, cover sheets, corrections requests, correspondence, electronic mail, texts, reviews, audio tapes, video tapes, interview notes, photographs or other visual renderings, all reports, and all attendant evidence.

RESPONSE NO. 20

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants refer to response 10.

REQUEST NO. 21

All Documents relating to the use of Restraints on Plaintiff from January 1, 2020, through August 1, 2020, including but not limited to all authorizations by Shift Commanders to use Restraints for over two hours, and any authorizations by the Superintendent to use of Restraints for up to eight-hour intervals pursuant to 103 DOC 520.

RESPONSE NO. 21

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants refer to response 9 and 10.

REQUEST NO. 22

All unit and activity logs for each shift from January 1, 2020, through August 1, 2020.

RESPONSE NO. 22

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent this request seeks documents beyond the scope of the Complaint. Notwithstanding these objections and without waiver thereof, Defendants refer to response 1 of DOC Defendants' Response to Plaintiff's First Set of Requests for Production Directed to All Defendants.

REQUEST NO. 23

All SBCC Shift Briefings or daily briefings from January 1, 2020, through August 1, 2020.

RESPONSE NO. 23

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent this request seeks documents beyond the scope of the Complaint. Notwithstanding these objections and without waiver thereof, Defendants produce the following:

1. January 14, 2020 Souza-Baranowski Correctional Center Daily Management Briefings-Management- Medical- Mental Health;
2. January 15, 2020 Souza-Baranowski Correctional Center Daily Management Briefings-Management- Medical- Mental Health;
3. January 16, 2020 Souza-Baranowski Correctional Center Daily Management Briefings-Management- Medical- Mental Health;
4. January 17, 2020 Souza-Baranowski Correctional Center Daily Management Briefings-Management- Medical- Mental Health;
5. January 21, 2020 Souza-Baranowski Correctional Center Daily Management Briefings-Management- Medical- Mental Health;
6. January 22, 2020 Souza-Baranowski Correctional Center Daily Management Briefings-Management- Medical- Mental Health;
7. January 23, 2020 Souza-Baranowski Correctional Center Daily Management Briefings-Management- Medical- Mental Health;
8. January 24, 2020 Souza-Baranowski Correctional Center Daily Management Briefings-Management- Medical- Mental Health;
9. January 27, 2020 Souza-Baranowski Correctional Center Daily Management Briefings-Management- Medical- Mental Health;
10. January 28, 2020 Souza-Baranowski Correctional Center Daily Management Briefings-Management- Medical- Mental Health;
11. January 30, 2020 Souza-Baranowski Correctional Center Daily Management Briefings-Management- Medical- Mental Health;
12. January 31, 2020 Souza-Baranowski Correctional Center Daily Management Briefings-Management- Medical- Mental Health;
13. February 3, 2020 Souza-Baranowski Correctional Center Daily Management Briefings-Management- Medical- Mental Health;
14. February 4, 2020 Souza-Baranowski Correctional Center Daily Management Briefings-Management- Medical- Mental Health;
15. February 5, 2020 Souza-Baranowski Correctional Center Daily Management Briefings-Management- Medical- Mental Health;
16. February 6, 2020 Souza-Baranowski Correctional Center Daily Management Briefings-Management- Medical- Mental Health;

REQUEST NO. 24

All shift commander reports and climate reports concerning the SBCC from January 1, 2020, through August 1, 2020.

RESPONSE NO. 24

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent this request seeks documents beyond the scope of the Complaint. Notwithstanding these objections and without waiver thereof, Defendants refer to response 24 and further produce:

17

1. January 2020 Climate Report
2. February 2020 Climate Report
3. March 2020 Climate Report

REQUEST NO. 25

Color copies of any and all photographs taken on and between January 1, 2020 and August 1, 2020 of the following:

      a. Plaintiff;

      b. Plaintiff's injuries and/or appearances before and after the Incidents;

      c. Plaintiff's cells;

      d. Injuries to Defendants, DOC Employees, or DOC vendors and contractors related to the Incidents; and

      e. Any area of SBCC or DOC equipment or property alleged to have been damaged by Plaintiff between January 1, 2020, and August 1, 2020.

RESPONSE NO. 25

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent this request seeks documents beyond the scope of the Complaint. Notwithstanding these objections and without waiver thereof, Defendants refer to response 10.

REQUEST NO. 26

All Documents relating to any debriefing pursuant to 103 CMR 505.14 of any Defendant, Officer, or contract health care provider staff at SBCC from January 1, 2020 to August 1, 2020, and all documentation of resulting comments or instructions.

RESPONSE NO. 26

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent this request seeks documents beyond the scope of the Complaint. Notwithstanding these objections and without waiver thereof, Defendants refer to response 10.

REQUEST NO. 27

All Communications relating to Plaintiff from November 1, 2019 through August 1, 2020.

RESPONSE NO. 27

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated

18

to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent this request seeks documents beyond the scope of the Complaint.

REQUEST NO. 28

All Documents and Communications regarding the Black, Latino, Asian Cultural Coalition (BLACC) at SBCC from September 2019 through the present.

RESPONSE NO. 28

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent this request seeks documents beyond the scope of the Complaint.

REQUEST NO. 29

All Documents and Communications regarding Plaintiff's political and social organizing activities, including advancing racial equity, voting rights, prisoner rights, or any other similar causes from the time Plaintiff was first incarcerated through the present.

RESPONSE NO. 29

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent this request seeks documents beyond the scope of the Complaint.

REQUEST NO. 30

All Documents and Communications regarding the altercation between Officers and prisoners on January 10, 2020 in the N1 unit referenced in the Complaint.

RESPONSE NO. 30

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to the extent this request seeks documents beyond the scope of the Complaint. Notwithstanding these objections and without waiver thereof, Defendants produce:

1. Urgent Matter Report 01.10.2020

REQUEST NO. 31

All Documents and Communications relating to Plaintiffs assignment to the "North Side,"

19

"NS", or any other term used to describe the north side/area of SBCC, in January 2020 and any disciplinary proceeding or hearing relating to this assignment.

RESPONSE NO. 31

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants refer to response 5 and further produce:

1. Bed Management History

REQUEST NO. 32

All Documents and Communications relating to Plaintiffs potential involvement in any altercations or Use of Force on January 10, 2020.

RESPONSE NO. 32

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants state that there are no responsive documents.

REQUEST NO. 33

Any and all posts, comments, private messages, or any other statement made by any Defendant on any social media platform including but not limited to Facebook (including in private Facebook groups), Instagram, Twitter and Reddit about:
     a. The Incidents alleged in the Complaint;
     b. The Altercation on January 10, 2020;
     c. The Institutional Search; or
     d. Plaintiff.

RESPONSE NO. 33

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Furthermore, these documents are not in the care, custody or control of DOC.

REQUEST NO. 34

All Documents related to the monitoring of Plaintiffs CorrLinks, U.S. mail, and telephone Communications from September 1, 2019 through August 1, 2020.

RESPONSE NO. 34

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Defendants further object to this request to the extent that the requested information contains any confidential or proprietary information or to the extent disclosure of the requested information could present a security risk to the DOC, its employees, personnel staffed at the prison, the prisoners, or the public at large. Furthermore, whether an incarcerated individual is placed on mail monitor is handled in accordance with 103 CMR 481, Inmate Mail.

REQUEST NO. 35

All Documents and audio and video recordings of interviews of Steven Kenneway, Paul Henderson, Charles Primack, Thomas Turco, Kevin Fountaine, Sergeant Thomas, Captain Curtis Deveneau, Chief Davis Shaw, or Dean Gray in connection with investigations into allegations of staff misconduct at SBCC from January 1, 2020 through August 1, 2020, including but not limited to any interviews related to allegations of staff misconduct made by Plaintiff.

RESPONSE NO. 35

Defendants object to this request to the extent that it is overbroad, unduly burdensome, seeks information that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence Fed. R. Civ. P. 26(b). Notwithstanding these objections and without waiver thereof, Defendants produce audio interviews related to investigations concerning events during January and February 2020:

1. Audio interview- Paul Henderson
2. Audio interview- Steven Kenneway
3. Audio interview- Charles Primack

Dated: February 10, 2026

Respectfully submitted,
NANCY ANKERS WHITE
Special Assistant Attorney General

*/s/ Stephanie M. Caffrey*_____
Stephanie M. Caffrey (BBO# 697075)
Department of Correction
Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300, ext. 1154
Stephanie.M.Caffrey@doc.state.ma.us

21

## <u>CERTIFICATE OF SERVICE</u>

I, Stephanie M. Caffrey, counsel for DOC Defendants hereby certify that on February 10, 2026, I served a copy of the following document, DOC Defendants' Responses to Plaintiff's Second Request for Production of Documents to All Defendants, via electronic mail upon counsel of records as follows:

Katherine Zhang, Esquire
Sabina Mariella, Esquire
Jayden Rush, Esquire
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 10001
kzhang@bsfllp.com
smariella@bsfllp.com
jrush@bsfllp.com

Lily Novak, Esquire
Derrick Luster, Esquire
Amaris Montes, Esquire
Rights Behind Bars
1800 M Street NW
Front 1 #33821
Washington, DC 20033
lily@rightsbehindbars.org
derrick@rightsbehindbars.org
amaris@rightsbehindbars.org

Lori K. Vaulding, Esquire
Matthew D. Medoff, Esquire
Adler Cohen Harvey Wakeman and Guekguezian
2 Oliver Street, Suite 1005
Boston, MA 02109
lvaulding@adlercohen.com
mmedoff@adlercohen.com

22