# EXHIBIT E

# UNITED STATES DISTRICT COURT

Jovani Molinati

· Plaintiff ·

V.

Ryan Frink,

STEVEN KENNEWAY,

UNKNOWN officer,

UNKNOWN officer,

UNKNOWN officer,

· DEFENDANTS ·

sued in their official And
individual capacity

# COMPLAINT
## 42 U.S.C. 1983

FILED
IN CLERKS OFFICE

2020 OCT 26  AM 11: 17

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIl ACTION No. _____

## I.   JURISDICTION AND VENUE

1.  THIS is a Civil action Presented by Your Plaintiff, PROCEEDING Pro se. This action is Authorized by 42 U.S.C. Section 1983 to redress the deprivation, under the Color of STATE lAW, of the rights secured under the UNITED STATES CONSTITUTION. This Court HAS Full Jurisdiction under 28 U.S.C. Section 1331 And 1343(a)(3). Plaintiff Seeks declatory relief pursuant to 28 U.S.C. 2201 And 2202.

2.  THe UNITED STATES District Court OF Worcester is the Appropriate Venue under 28 U.S.C. Section 1391(b)(2) because it is where the Events Giving rise to this Civil complaint occured.

## II   PLAINTIFF

3.  PlAintiff, Jovani Molinari is And WAS at All times Mentioned herein A prisoner OF The MASSAchusetts Department OF CorrectioNs. WHile EVENTS occured at: Plaintiff CurreNTly resides And is confined in the Segreeation unit at MCI CoNCord Correctional institution AT Box 9606 CoNCord, MA. 01742. Plaintiff Now presents The defendants And outlines the ConText of his Claims:

⟨PAGE 1 OF 4⟩

# III. DEFENDANTS

4. Defendant, STEVEN KENNEWAY   WAS THE SUPERintendent of   AT ALL times mentioned here in. He Acted under the color of STATE LAW.

5. Defendant, RYON FRINK   is A correctional officer, He Acts under color of STATE LAW.

6. Defendant, UNKNOWN officers   are correctional officers, they Acted under the color of State LAW.

7. UNKNOWN officer are Listed, As their identity HAS Not been made KNOWN At the time of this FILING. Upon motions for documents discovery A Motion to Add specific NAMes will be Needed As that DATA becomes AVailAble.

8. EAch defendant is being sued in their individual As well As their official capacity. At All times mentioned here in, THESE defendants Acted under the color of State IAW ANd NONe CAN enjoy Qualified, or ANY immunities for violating constitutional Rights.

# IV. EXHAUSTION OF REMEDIES

9. IN accordance with The Prison LitiGation reform Act, All prisoners MUST exhaust, (or attempt) ANY administrative remedies before proceeding under 42 U.S.C. 1983.

Plaintiff HAS Done so. His remedies in this STATE consist of the inMATE GrievANCe proceedure, And he has exhausted each claims listed herein.

His efforts to resolve this Are lAbled under exhibits:

#A      #B      #C      #D      #E      #F

Plaintiff has tried to exhaust, Yet his fiLings were denied As having been submitted untimely. He Appealed that denial As Evidenced Here in. That Appeal was Also Denied. Plaintiff HAS done WHAT The PLRA Requires.

# Ⅴ   CLAIMS

10. **CLAIM #1** : ON, January 12, 2020 officer Ryan Frink, And Numerous unknown officers came to plaintiff door in segregation. After being told to go to the back of his cell, These officers Then RAN in the cell And began to Viciously Assault plaintiff physically, And with chemical Agents.

Video will show that officers did not follow Established cell Extraction procedures. And Your plaintiff is under chronic care for Asthamatic deficiencies. The defendants claimed plaintiff WAS Resisting being restrained. Yet they were not Even Allowed to open plaintiffs door without proper restraints, A Video Camera And Supervisory Authorization. Medical clearance must Also be Approved in Any case where chemical Agents Are present.

Medical Records will Reflect that plaintiff sustained severe injuries requiring medical treatment. These officers used Excessive force illegally on plaintiff in retaliation for officers being Assaulted prior to that date.

Plaintiff Has The right to be free of cruel And unusual punishment As secured By The 8th Amendment.

Video And Records will Reveal these officials Acted in Bad faith with deliberate indifference to plaintiffs Rights.

Defendant Kennaway did Not remedy this issue And is thus Also Responsible for his Employees Actions As supervisor.

11. **CLAIM #2** :

On 1-14-2020 officer Ryan Frink charged plaintiff with 11 charges (See Exhibit G)

In his statement he alleges that plaintiff began Assaulting unnamed staff members After being Given orders to be placed in restraints.

These charges violate Your plaintiffs Rights to due process because There Are no names given where or Rather on whom These Assaults took place. Plaintiff can not defend Any charges Listing unnamed staff members, As plaintiff has The right to cross examine his Accusers. In fact The charges themselves stem from staff illegally opening plaintiffs Segregation cell door without proper Video Recording it. Then they Falsified state documents by saying plaintiff struck officers with shod feet. Yet Video And inventory of plaintiffs properties After he was Removed show he was barefoot.

These officials Acted under color of law to Assault Lie on Record, And Violate plaintiffs 8th, 14th Amendment Rights of The United States Constitution.

## VI   LEGAL CLAIMS

12. Plaintiff realleges and incorporates by reference paragraphs 1-12
The deliberate use of excessive force in the assault on your plaintiff Violates his rights under the 8th Amendment. Plaintiffs Rights under the 14th Amendment guarantee He is given proper due process of the law for the removal of his life, freedom, or property.

13. Your plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the relief sought here in this complaint.

## VII   RELIEF SOUGHT

Wherefore, plaintiff respectfully prays that this court enter Judgement Granting Plaintiff:

14. • A declaration that the acts and omissions described herein Violated plaintiffs rights under the constitution and laws of the United States.

15. • Compensatory damages in the amount of: $10,000 Against each defendant Jointly and Severally.

16. • Punitive Damages in the amount of: $10,000 Against each defendant jointly and severally.

17. • A Jury trial on all matters triable by jury.

18. • Plaintiffs cost of this civil action.

19. • Any additional remedies this court deems just, proper and equitable.

I have read the enclosed civil action and declare under the penalty of perjury that all the information contained here in are true to the best of my knowledge and ability.

Respectfully submitted,

x _____ Pro Se

Plaintiff
MCI Concord - PO Box 9100
Concord, MA. 01742

Jovani Molinari
•Plaintiff•

V.

Ryan Frick et.al.

• Defendants•

MOTION TO Add
Defendants

Civil Action No. _____

Sued in their individual
And Official Capacities

---

Comes Your Plaintiff to Add AdditionAl defendAnts to
The above STYLed CiviL action.
Plaintiff WAS Able to LocAte incident reports contAining
The identities OF The DeFendants listed As "unknown officers".

Their NAMES Should be added to this civil Action.
The relief Sought Still Shall Apply to them in their
Persenal And official CapAcities. There are 6 Additions.

Wherefore, PlAintiff Adds the Following NAMes:

- Chester Miller, officer
- Corey Shepherd, officer
- DAniel Manning, officer
- Sergio CAcioppo, officer
- Nicholas DumoNT, officer
- KYLe Sheldon, officer

Respectfully,                         10-18-20
                                         DAte
            Jovani Molinari
            MCI Concord
            P.O. Box 9106
            Concord, MA 01742

U.S. DISTRICT COURT
DISTRICT OF MASS.
2020 OCT 26 AM 11: 18
FILED
IN CLERKS OFFICE