# EXHIBIT H

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

Superior Court Department

Civil Action No.
23-0261F

Robert Monahan,
*plaintiff*

v.

Carol Mici, Commissioner, Massachusetts Department of Correction
Steven P. Kenneway, former Superintendent, Souza-Baranowski Correctional Center
Stuart McColluch, Officer, MA Dept. of Corrections
Jason Lanpher, Officer, MA Dept. of Corrections
Donald Denomme, Officer, MA Dept. of Corrections
Robert D'Amadio, Officer, MA Dept. of Corrections
Brenda Barrett, Nurse, Wellpath Inc.
James Petros, Doctor, Wellpath Inc.
Wellpath, Inc, and
Commonwealth of Massachusetts
*Defendants*



SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
FILED

JAN 2 3 2023

JOHN E. POWERS, III
ACTING CLERK MAGISTRATE

## INTRODUCTION

1. This is an action for money damages brought by Plaintiff Robert Monahan, a 48 year-old inmate of the Massachusetts Dept of Corrections (hereinafter, DOC), who suffered severe and permanent injury when correctional staff at the Souza-Baranowski Correction Center (SBCC) maliciously and sadistically assaulted him, causing amongst other injuries a 'blowout' orbital fracture and traumatic brain injury. Plaintiff was then subjected to substandard and inadequate medical care when SBCC medical staff failed to properly examine him and treat his serious injuries, exacerbating the injuries and causing further pain and suffering.

2. Plaintiff alleges that Defendant administrators failed to adequately train, supervise and discipline SBCC personnel. They created and acquiesced to a known culture of violence,

impunity, and summary punishment at SBCC in the wake of an earlier incident at the facility, and they promulgated policies and customs that crated a likelihood of constitutional violations. They were deliberately indifferent to the likelihood that Plaintiff would be subjected to excessive force in violation of his constitutional rights and caused the violation of his constitutional rights through their own acts and omissions.

3.  This action is brought under 42 U.S.C., §§ 1983 and 1988 and the Eighth Amendment to the United States Constitution, Article XXVI of the Massachusetts Declaration of Rights, G.L. c. 12, § 11I, G.L. c. 258 and the common law.

## PARTIES

4.  Plaintiff Robert Monahan is a United States citizen, a resident of the Commonwealth of Massachusetts, and was, at the time of the incidents alleged, an inmate at the SBCC with the inmate number W101651. He is currently incarcerated at SBCC, 100 Harvard Road, Shirley, MA 01464. He can be reached through the Massachusetts Department of Corrections, 50 Maple Street, Suite 3, Milford, MA 01757.

5.  Defendant Carol Mici (hereinafter, Defendant Mici) is now, and was at the time of the incidents alleged, the DOC Commissioner. Under G.L. c. 124, §§ 1 (a), (c), (i), and (q), she is responsible for the administration of state-controlled facilities in accordance with federal and state law, the establishment and enforcements of standards for all state correctional facilities, the investigation of grievances and reports of staff-misconduct, and the establishment and enforcement of standards relating to the care, custody, and safety of all persons confined in state correctional facilities. She must authorize all uses of the Special Operations Division, including tactical teams. At all times relevant to the Complaint and in relation to the allegations set forth in the Complaint, Defendant Mici

was acting within the scope of her employment as an employee of DOC and under the color of state law. She is sued in her individual and official capacities. Her regular place of business is 50 Maple Street, Milford, MA 01757.

6. Defendant Steven P. Kenneway (hereinafter, Defendant Kenneway) was the Superintendent of SBCC from February 2019 to on or about May 6, 2020, including during the incidents alleged herein. He was the chief administrative officer and oversaw all operational aspects of SBCC. He was responsible for ensuring that all use of force at SBCC complied with state and federal law and DOC use of force regulations and policies, and reviewing all uses of force within SBCC. At all times relevant to the complaint, Defendant Kenneway was acting within the scope of his employment as an employee of DOC and under the color of state law. He is sued in his individual and official capacities. His regular place of business is 50 Maple Street, Milford MA 01757.

7. Defendant Stuart McCulloch is and was at the time of the incidents alleged herein, a correctional officer at SBCC. As such, he was responsible for the lawful; care and custody of prisoners at SBCC. His regular place of business is 100 Harvard Road, Shirley MA 01464.

8. Defendant Jason Lanpher is and was at the time of the incidents alleged herein, a correctional officer at SBCC. As such, he was responsible for the lawful; care and custody of prisoners at SBCC. His regular place of business is 100 Harvard Road, Shirley MA 01464.

9. Defendant Donald Denomme is and was at the time of the incidents alleged herein, a correctional officer at SBCC. As such, he was responsible for the lawful; care and

custody of prisoners at SBCC. His regular place of business is 100 Harvard Road, Shirley MA 01464.

10. Defendant Robert D'Amadio is and was at the time of the incidents alleged herein, a correctional officer at SBCC. As such, he was responsible for the lawful; care and custody of prisoners at SBCC. His regular place of business is 100 Harvard Road, Shirley MA 01464.

11. Defendant Brenda Barrett (Defendant Barrett) is, and was at all times relevant to the instant complaint, a nurse working for Wellpath, a private company contracted to provide medical services to inmates at SBCC. As such, her responsibilities including providing adequate and appropriate care medical care for said inmates. Her regular place of business is 100 Harvard Road, Shirley MA 01464.

12. Defendant Dr. James Petros (Defendant Petros) is, and was at all times relevant to the instant complaint, a physician working for Wellpath, a private company contracted to provide medical services to inmates at SBCC. As such, his responsibilities including providing adequate and appropriate care medical care for said inmates. His regular place of business is 100 Harvard Road, Shirley MA 01464.

13. Defendant Wellpath is a private corporation that provides medical care to all inmates at SBCC. Medical providers are responsible for providing medical care at adequate and appropriate levels and employees or agents of Wellpath. Wellpath has a regional headquarters and place of business at 16 Chestnut Street, Foxborough MA 02035.

14. Defendant Commonwealth of Massachusetts is liable for the negligent acts and omissions of its public employees pursuant to the provisions of G.L. c. 258. The DOC is a subdivision of the Commonwealth of Massachusetts and Defendants Mici, Kenneway,

McCulloch, Lanpher, Denomme, D'Amadio, Barrett and Petros were, at all times relevant to this complaint, public employees of the Commonwealth or agents of the Commonwealth.

15. Defendants are sued in their individual capacities. At all relevant times, all Defendants were acting or failing to act under the color of the law.

## FACTS

### ASSAULT AND INADEQUATE MEDICAL CARE

16. Plaintiff Robert Monahan is an inmate of the DOC. Prior to his incarceration he worked as a mover.

17. On January 23, 2020, Mr. Monahan was incarcerated at the SBCC and was assigned to L-2, Cell 15.

18. Mr. Monahan was being held in a state of severe deprivation owing to the general enforcement of punitive measures by DOC staff following a fight between officers and inmates on January 10, 2020. Mr. Monahan was not in any way associated with that disturbance, and the perpetrators of that disturbance had already been removed from SBCC.

19. Upon information and belief, senior DOC administrators had told DOC staff that "the gloves are off," in their treatment of prisoners. More than 100 prisoners reported assaults by DIOC personnel during this period of extended and generalized punishment, and humiliations visited upon all inmates included the loss and destruction of property, strip searches in view of other inmates, and denial of medical and mental health treatment.

20. On or about January 23, 2020, shortly before lunch, Mr. Monahan began to call out for assistance. In light of the extreme circumstances under which he was being held, he requested a mental health evaluation.

21. Upon hearing officers at the door of his cell, Mr. Monahan reiterated his request and moved away from the door expecting the officers to enter and place him in restraints. Instead a tactical team, including the officers named in this complaint, entered his cell and following a brief exchange, Mr. Monahan turned around to see what was happening and was punched in the face.

22. Mr. Monahan fell to the floor where officers continued to assault him. He was dragged from his cell. At some point officers applied handcuffs to Mr. Monahan.

23. Mr. Monahan was taken to the health services unit where he was briefly examined by Nurse Brenda Barrett and Dr. James Petros. While noting his extensive injuries, they sent him back to a cell and did not immediately send him to hospital.

24. Mr. Monahan alleges that DOC staff dissuaded Nurse Barrett and Dr. Petros from treating him appropriately.

## INJURY

25. Mr. Monahan was later found to have suffered from a traumatic brain injury, including bleeding in his brain, which required him to be taken to both Leominster and UMass Memorial, Worcester, hospitals.

26. In addition, Mr. Monahan had a "blowout" fracture of his orbital bone, substantial bruising and swelling of his face, neck and head, as well as nerve damage in his wrists from handcuffs being applied too tightly.

27. Mr. Monahan continues to suffer from headaches and dizziness associated with the brain injury.

28. Mr. Monahan has been diagnosed with PTSD following the incident. He has nightmares about the incident and fears for his safety.

29. Mr. Monahan's ability to resume his career in moving will be impacted by his injuries resulting in loss of long terms earnings.

30. Mr. Monahan may incur further costs associated with his injuries following his release from the DOC.

## SUPERVISORY LIABILITY OF DEFENDANT MICI AND KENNEWAY

31. Defendant Mici and Defendant Kenneway knew of and permitted a violent and generalized reprisal on inmates at SBCC during the relevant time period. Through their acts and omissions, they created a culture of excessive force that led defendant officers McColloch, Lanpher, Denomme and D'Amadio (Defendant Officers) to believe they could assault Mr. Monahan with impunity. By communicating to officers that "the gloves are off" Defendant Mici and Defendant Kenneway encouraged, or at least acquiesced to, that culture of excessive force.

32. In failing to properly train, supervise and discipline Defendant Officers, Defendants Mici and Kenneway were deliberately indifferent to Mr. Monahan's constitutional right to be free from excessive force. Their indifference directly and proximately caused the assault on Mr. Monahan.

## CLAIMS

### COUNT ONE: VIOLATIONS UNDER 42 U.S.C. §1983

33. Plaintiff repeat and realleges each and every allegation contained in the previous paragraphs of this complaint as if fully alleged herein.

34. Defendant Officers used excessive and unnecessary force against Mr. Monahan in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and 42 U.S.C. §1983. Defendant's use of force was malicious and sadistic for the purpose of causing harm and not for any legitimate security or penological purpose. As a direct and proximate cause of Defendant's actions, Plaintiff suffered injuries as described above.

35. Defendant Mici and Kenneway failed to properly supervise, train or discipline correctional staff, including Defendant Officers, in matters of excessive force and permitted a generalized and arbitrary retribution to be visited upon the inmate population of SBCC, violating Plaintiff's rights under the Eighth Amendment to the United States Constitution and 42 U.S.C. §1983. As a direct and proximate cause of Defendant's actions, Plaintiff suffered injuries as described above.

36. Defendant Nurse Barrett and Defendant Dr. Petros were deliberately indifferent to Plaintiff's serious medical needs and violated Plaintiff's right to adequate medical care under the Eighth Amendment to the United States Constitution and 42 U.S.C. §1983. As a direct and proximate cause of Defendants' actions, Plaintiff suffered exacerbation of his pain, emotional distress and injury.

## COUNT TWO: CIVIL RIGHTS VIOLATIONS UNDER ARTICLE XXVI OF THE DECLARATION OF RIGHTS OF THE MASSACHUSETTS CONSTITUTION

37. Plaintiff repeat and realleges each and every allegation contained in the previous paragraphs of this complaint as if fully alleged herein.

38. Defendant Officers used excessive and unnecessary force against Mr. Monahan in violation of his rights under Article XXVI of the Declaration of Rights of the Massachusetts Constitution. Defendant's use of force was malicious and sadistic for the purpose of causing harm and not for any legitimate security or penological purpose. As a direct and proximate cause of Defendant's actions, Plaintiff suffered injuries as described above.

39. Defendant Mici and Kenneway failed to properly supervise, train or discipline correctional staff, including Defendant Officers, in matters of excessive force and permitted a generalized and arbitrary retribution to be visited upon the inmate population of SBCC, violating Plaintiff's rights under Article XXVI of the Declaration of Rights of the Massachusetts Constitution. As a direct and proximate cause of Defendant's actions, Plaintiff suffered injuries as described above.

40. Defendant Nurse Barrett and Defendant Dr. Petros were deliberately indifferent to Plaintiff's serious medical needs and violated Plaintiff's right to adequate medical care under Article XXVI of the Declaration of Rights of the Massachusetts Constitution. As a direct and proximate cause of Defendants' actions, Plaintiff suffered exacerbation of his pain, emotional distress and injury.

## COUNT THREE: NEGLIGENCE BY EMPLOYEES OF THE COMMONWEALTH

### UNDER G.L. c. 258

41. Plaintiff repeat and realleges each and every allegation contained in the previous paragraphs of this complaint as if fully alleged herein.

42. The DOC is a subdivision of the Commonwealth of Massachusetts, a public employer as defined by G.L. c. 258.

43. Defendant Officers, Defendant Mici, Defendant Kenneway, are employees of the Commonwealth of Massachusetts and their acts and omissions described in the previous paragraphs of this complaint constitute negligence.

44. As a direct and proximate result of Defendant's negligence actions, Plaintiff suffered the injuries described in this complaint.

45. Plaintiff made proper presentment of these claims as required by G.L. c. 258, §4 by letter served on January 23, 2022 to the Attorney General.

## COUNT FOUR: NEGLIGENCE AND MEDICAL MALPRACTICE OF DEFENDANT

### NURSE BARRETT AND DEFENDANT DOCTOR PETROS

46. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this complaint as if fully alleged herein.

47. Wellpath is a private contractor with the DOC and not a public employer under G.L. c.258.

48. Defendant Nurse Barrett and Defendant Dr. Petros are employees of Wellpath and are not public employees under G.L. c.258.

49. The acts and omissions of Defendant Barrett and Defendant Petros described in the previous paragraphs of this complaint constitute negligence and medical malpractice.

50. Wellpath is vicariously liable for the negligent acts and omissions of its employees, including Defendants Barrett and Petros.

51. As a direct and proximate cause of Defendant Barrett and Petros's negligent actions, Mr. Monahan suffered the exacerbation of the injuries described in this complaint.

## COUNT FIVE: ASSAULT AND BATTERY

52. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this complaint as if fully alleged herein.

53. Defendant Officers committed an assault and battery on Mr. Monahan by using excessive force against him, which had no legitimate purpose, and which resulted in injuries to his brain, face, neck and wrists.

## COUNT SIX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this complaint as if fully alleged herein.

55. All individual Defendants knew or should have known that their actions would cause emotional distress to Mr. Monahan. Defendant's actions were extreme, outrageous and beyond the bounds of civilized decency. Defendant's actions proximately caused Mr. Monahan to suffer severe emotional distress.

## COUNT SEVEN: VIOLATIONS UNDER M.G.L. c.12, §11I

56. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this complaint as if fully alleged herein.

57. Defendant Officers, Defendant Barrett and Defendant Petros interfered with Mr. Monahan's right to be free from cruel and unusual punishment, his right to be free from



excessive force, his right to free speech and his right to adequate medical care through intimidation and coercion.

58. Defendant Officers interfered with Mr. Monahan's First Amendment rights to complain through coercion and intimidation when they used excessive force against him in response to his request for mental health evaluation. Defendant Officers further interfered with Mr. Monahan's right to be free from the use of excessive and unnecessary force by intimidation and coercion when they maliciously and sadistically assaulted him with the purpose of causing harm.

59. Defendant Barrett and Defendant Petros interfered with Mr. Monahan's right to adequate medical care by intimidation and coercion when they refused to properly examine him and returned him to a call, despite his evident and serious head injury.

## DEMAND FOR A JURY TRIAL

60. Plaintiff demands that any and all claims and issues so triable be tried by jury.

WHEREFORE, Plaintiff requests the following relief against all Defendants:

    a) Compensatory damages;

    b) Punitive damages;

    c) Reasonable attorney's fees and costs;

    d) Prejudgment interest

    e) Such other relief as this court may deem just and proper

Respectfully submitted,

Plaintiff Robert Monahan,
By his attorney



Nicholas Frayn, Esq, BBO# 706822
444 Westminster Street
Providence, RI 02903
njfrayn@gmail.com
617-515-8674

Date: January 23, 2023

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
FILED

JAN 2 3 2023

JOHN E. POWERS, III
ACTING CLERK MAGISTRATE