# EXHIBIT J

2

Commonwealth of Massachusetts

Suffolk SS                                    Superior Court
                                              Civil DKt
                                              2084CV02663


Darius Gibson
            V
Commonwealth of Massachusetts
  Steven Kenneway
  David Shaw
  Terrance Fougere
  James Gerardi
  Andrew St Peter

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
FILED

NOV 1 6 2020

MICHAEL JOSEPH DONOVAN
CLERK OF COURT

Verified Civil Action Complaint
With A Jury Demand


Introduction

1. Plaintiff Darius Gibson [Gibson] brings this verified Civil Action Complaint against the defendants and each of them alledging the defendants violated Gibson constitutional and civil rights

Parties

2. Plaintiff Darius Gibson is an inmate at Souza Baranowski Correctional center at all times relevant to this complaint with a mailing address of Po Box 8000 Shirley MA 01464

3  Defendant Commonwealth of Massachusetts is the Public employer of the defendants with a mailing address of 1 ashburton Place Boston MA 02108

4  Defendant Steven Kenneway was the Superintendent of Souza Correctional Center at All times relevant to this complaint but has been moved with a mailing address in care of 50 Maple st Milford MA 01757

5  Defendant David Shaw was the chief of Investigative service for Department of Correction at all times relevant to this Complaint with a mailing address of Po Box 8000 Shirley MA 01464

6  Defendant Terrance Fougere is a captain at Souza correctional center at all times relevant to this complaint with a mailing address of Po Box 8000 shirley MA 01464

7. Defendant James Gerardi is the Superintendants special Investigator at Souza Correctional Center at all times relevant to this complaint with a mailing address of Po Box 8000 Shirley MA 01464

8  Defendant Andrew St Peter is a Sargent at Souza correctional center at all times relevent to this complaint with a mailing addres of Po Box 8000 shirley MA 01464

9  Each defendant is sued in their individual and official capacties under color of state law

Exhaustion of Administrative Remedies

10. Gibson has exhausted the available remedies which are going through the inmate Grievance system

Jurisdiction

10. Gibson involkes the Jurisdiction of this Court Pursuant to 42 USC 1983 Massachusetts civil rights GL 12+11, MGL 231, MGL 258+4, 8, 13, 14 USC Massachusetts Declaration of Rights Articles, 1, 7, 10, 11, 12, 26, MGL 268 6A

Facts

12. Following the January 10 2020 staff assult at Souza Correctional Center the North side of the Prison was turned into a super Maximum Security style Prison forcing most inmates to Double bunk with roommates

13. Plaintiff along with others were unfairly classified to the north side of the Prison, Plaintiff States this was unfair as he was not allowed to attend a Classification hearing or object to being brought to the north side before Hand

14. Plaintiff has had multiple inmates on seperate occassions report to Inner Perimeter Security staff Plaintiff Sexually assulted them

15. Following a inmate reporting being sexually assulted inmates and officers are questioned Rumors and Gossip spread to Multiple Units at the Prison

16. Due to rumors circulating about Plaintiff being a Sexual Predator Plaintiff has been concerned for his Safety and refused to take roommates Notified Security and Mental Health he will not take roommates and will assult them if forced to.

17 Souza Correctional Center can be an unsafe enviroment if given the wrong roommate in a cell far from the guards desk. If you dont know how to fight or have a weapon there's not much you can do to prevent a sexual assult. If an inmate was to scream help other inmates will talk loud and flush their toilets to mask the pleas for help

18 It states in the inmate orentation handbook and Numerous Posters at Souza how to avoid being sexually assulted such as avoid seculded areas but a housing cell is a seculded area and to immediately report being pressured for sex

19 On 1-22-20 Plaintiff was searched by Tactical Team officers ordered to only wear his T shirt boxers and flip flops before being brought to unit P2 cell 21 Shortly after another inmate named Gledy charles is brought to unit P2 cell 21 Plaintiff yelled loudly I refuse a roommate the Tactical team officer wearing a green Pro Tec plate carrier vest draws his X18 taser points it at Plaintiff stating step back everyones getting roommates

20 The inmate who was placed in cell 21 with Plaintiff who's name is Gledy charles Provided Plaintiff with a handwritten cori release giving Plaintiff full permission to use his name criminal history permission to use the video's Exhibit 5

21 The inmate Gledy charles who is alledgy a sex offender started making Plaintiff feel unconfortable in cell 21 asking questions about Plaintiff's sexuality, the rumors of sexual assults Plaintiff was accused of, stating he could use a blow job

22 Plaintiff notified multiple officers he did not feel safe in cell 21 during their security rounds

During Mattress distrobution Plaintiff notified Sargent morales he needed a mattress during
23 said time the door was opened Plaintiff stepped out the cell stood against the wall

stated he refused to go back in that cell its not safe, Plaintiff was cuffed brought to non contact visiting area

24 While Plaintiff was in non contact visiting area dinner is passed out in the housing area No officer brought Plaintiff a dinner tray

25 While in non contact visiting area officer Zachary Tavares questions Plaintiff, Plaintiff stated his roommate started discussing sex and he didnt feel comfortable. Officer Tavares tells Plaintiff he's going to the hole aka restricted Housing Unit

26 Plaintiff is cuffed up escorted into the Hallway after passing the elevator and stairwell Plaintiff questions the officers because the hole is upstairs one of the officers states your going back to your cell staff aint protecting inmates no more your going to have to attack your roommate

27 After being brought back to unit P2 cell 21 Plaintiff gets his handcuff's off first pushes his roommate to the back of the cell wispers they told me to attack you and starts punching his roommate in the chest. Plaintiff is sprayed with chemical agent ordered to lay on the floor cuffed up brought to medical

28 After being cleared by Medical department Plaintiff was brought to non contact visiting area case 8 Plaintiff inquired about receiving dinner and was told defendant Fousere Said you get nothing and your staying here all night

29 Plaintiff was kept in the visiting cage all night until the following morning no dinner no bed no clothing other than Tshirt and boxers

30. Also while in medical Department Defendant ST Peter was told to tighten Plaintiff's handcuffs from another officer, Plaintiff stated your on Camera Defendant ST Peter said shut up you stupid nigger I dare you to sue me Then Defendant ST Peter started squeezing Plaintiff's forearms and wrist to cut off circulation

31. On Plaintiff's Grievances about this matter he requested check the video, preserve it

32. Plaintiff was interviewed by defendant Gerardi on 4-8-20 as a result of Plaintiff's Grievance 106815 exhibit 1

33. Plaintiff obtained a Copy of Defendant Gerardi investigation and other documents showing clearly that Defendant Gerardi deliberetly lied, Concealed evidence mischaracterized events which could of been easily verified Exhibit 2

34. Defendant Gerardi lied on Page 4 #6 Plaintiff stated he was not fed dinner Defendant Gerardi wrote that fight happened at 21:33 several hours after Chow was compleated Dinner meals are served at approximately 17:00 See Exhibit 3 Plaintiff obtained proof Defendant Gerardi lied and didn't investigate because on 1-22-20 dinner was served at 19:00 Defendant Gerardi Could have Checked Unit log and Video Plaintiff wasnt in unit during dinner

35. Defendant Gerardi lied in his report on Page 3 #2 Tactical team CO draws his taser Points it at me. After review of surveillence video it was determined that No officer arbitrarily Pointed a taser at Gibson during the Physical assult. Now See Exhibit 1 Plaintiff stated a taser was drawn on him when he was given a roommate and yelled he refused

36 Defendant Gerardi further concealed evidence and didnt investigate in his report Page 4 #7 Defendant ST Peter tightening Plaintiff's handcuffs Defendant Gerardi Just questions Defendant St Peter when he could and should have reviewed video as Plaintiff outlined and requested

37 Plaintiff was told he was Kept in a Non contact visiting case all night on 1-22-20 by Defendant Gerardi because there was no available bed space in the hole Plaintiff was told by other inmates in hole Unit 13 cell 1 was empty the previous night. Plaintiff was unable to obtain proof of empty cells in the hole

38 Plaintiff after learning of Defendant Gerardi unhonest actions lies in his report contacted the staff Misconduct Tipline and wrote Defendant Shaw a letter Plaintiff received a response exhibit 4 where defendant Shaw declined to look further into this matter

39 There has been multiple fights as a result of Double bunking

40 Defendant Kenneway was well aware Double bunking would lead to violence

41 Plaintiff was issued a Displinary report as a result of attacking inmate Gledy charles and denied evidence request as to the reason, Justification for him assulting gledy charles

42 Prior to Febuary 2020 every time a officer is assulted all inmates are Punished because the following days the Tactical team and special operations come to the Prison to retialiate searching and Trashing inmates cells throwing away Property canteen Plaintiff has filed grievances over his Property being thrown away

And there's never any documentation of items being thrown away

43 Its clearly evident its retaliation to search and trash every Inmates cell in every Unit each time an officer is assulted

44 When officers at Souza Baranowski Correctional Center are assulted often the officers own actions led to them being assulted Defendant Kenneway, Defendant Gerardi are often made aware an officer is Problematic due to numerous inmates making complaints, filing grievances some of which are Investigated. Even if the Complaint is found true the officer is still allowed to Work the same Unit

45 Officers will say its standard procedure following a Guard assult to lock down and search the Prison as inmates could be Planning multiple Guard Assults but After January 10 Guard assult officer Brandon Ziskind was assulted and Souza correctional center was not locked down and Searched

46 Plaintiff Contacted Prisoner Legal services regarding the above reffered events Was visited by a Woman named Latoya Whiteside Who interviewed who told Plaintiff the Prisoner legal Services obtained Video's from Souza Correctional Center

Cause of Action

The allegations contained in Paragraphs 1 through 46 are herein incorporated by reference

## Count 1

Defendant Kenneway violating Plaintiff's constitutional and civil rights from Double Bunking as a prisoner has a right to be protected from the threat of violence and sexual assult from his fellow Inmates

## Count 2

Defendant Kenneway negligence from Double bunking being well aware of the pervasive and unreasonable risk of harm

## Count 3

Defendant Shaw violating Plaintiff's constitutional rights

## Count 4

Defendant Fougere violating Plaintiff's constitutional and civil rights from sending Plaintiff back to the cell with the roommate after being made aware of a risk of harm

## Count 5

Defendant Fougere Negligence from sending Plaintiff back to the coll with a Roommate

Count 6

Defendant Fousere violating Plaintiff's constitutional and civil rights from ordering Plaintiff kept In a visiting cage all night not fed dinner

Count 7

Defendant Gerardi violating Plaintiff's constitutional and civil rights such as due Process from lieing and concealing evidence, not Investigating during his investigation of Plaintiff's claims of staff misconduct

Count 8

Defendant ST Peter violating Plaintiff's constitutional and civil rights from him tightening handcuffs on Plaintiff

Prayers for Relief

Wherefor Gibson seeks this Honorable Court

A. Issue a declatory Judgement by way of memorandum and decision finding that defendants violated Plaintiff's rights

B. Order the Department of correction remove Defendant Gerardi from the Investigators Posisition

C. Monetary compensate Plaintiff Compensatory damages unspecified amount

D. Monetary compensate Plaintiff Punitive damages unspecified amount

E   Award Attorney Fee's and costs

F   Plaintiff Demands A Trial by Jury


Dated   10-1-20                    By the Plaintiff

                        DG
                        Prose
                                 Darius Gibson
                                 Po Box 8000
                                 Shirley MA 01464

        Certificate of Verification

I hereby verify that I have read the forgoing civil action complaint and certify
that all factual ascertions made therein are true. I further certify that I bring this
action in good faith without malice to see that Justice is done

Signed under Pains and Penalty of Perjury

                                 Darius Gibson



# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION

### INMATE GRIEVANCE FORM

### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | | |
|---|---|---|---|---|---|
| **Name** GIBSON DARIUS | | **Grievance#** 106815 | **Institution** SOUZA-BARANOWSKI CORRECTIONAL | | |

| | | | | |
|---|---|---|---|---|
| **Commit No.** W105297 | **Housing** J3 RHU | | **Date Of Incident** 20200122 | **Date Of Grievance** 20200129 |

**Informal filed** No

**Complaint**

Staff Misconduct

On 1-22-20 unknown tactial team co's brought me to unit P2 in my underware shortly after an inmate name Gledy Charles is brought to the cell I yell I refuse a roommate, tactical team co draws his taser points it at me the door closes This inmate started discussing sex I notified numerous co's I didn't feel safe in that cell, During the 2nd mattress distribution I stepped out the cell stood against wall told Sgt Morales Im not safe in that cell I was brought to non-contact IPS CO Tavares interviews I stated why I didn't feel safe with that roommate He tells me Im going to RHU co's cuff bring me back to Unit P2 Im told staff aint protecting inmates no more, As Im entering unit a tactical team co says beat that skinner up faggot upon entering the cell I assulted inmate Gledy Charles I was seen by medical and kept in a non contact visiting case not fed dinner I was kept in the non contact case from after medical seen me until next morning when I was brought to RHU J3 I was told by staff the captain said to not feed me dinner and to keep me in non contact all night in only my underware I was kept in noncontact case II 8 or 9

Also CO David citro who I have a lawsuit against told Sgt St Peter in medical to make sure my handcuffs were extra tight the video will show him coimng into the medical room from my arrival in RHU on 1-23-20 no cpo's have came to RHU distributing grievances pens.

**Remedy Requested**

Preserve the video's of 1-22-20 of level 2 unit P2 of me stepping out cell, being brought to non contact, being brought back to Unit P2, being brought to non contact until 1-23-20. Monetary compensation for reporting a PREA, being brought back to unit P2, staff instructions me to assult my rocmmate, not being fed dinner

**Staff Recipient**

Tocci Thomas M   CO II

**Staff Involved**

**Signature**

---

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20200131   **Decision Date** 20200206

**Signature** Tocci Thomas M   CO II

**Final Decision** Referred to Internal Affairs

**Decision**

Grievance has been referred to Internal Affair due to the nature of your allegations. Intake #17768. You may contact Internal Affairs referencing the intake number in order to obtain further information.

Exhibit 2



# The Commonwealth of Massachusetts
## Executive Office of Public Safety & Security
### Department of Correction
### Souza-Baranowski Correctional Center
### P.O. Box 8000
### *Shirley, MA 01464*

*Office #(978) 514-6500*
*Fax: #(978) 514-6529*



Charles D. Baker
*Governor*

· Karyn Polito
*Lieutenant Governor*

Thomas A. Turco III
*Secretary*

Carol A. Mici
*Commissioner*

John A. O'Malley
*Chief of Staff*

Christopher M. Fallon
Michael G. Grant
Paul J. Henderson
Jennifer A. Gaffney
Thomas J. Preston
*Deputy Commissioners*

Steven Kenneway
*Superintendent*

TO:         Steven Kenneway Superintendent

FROM:    James Gerardi, Superintendent's Investigator

DATE:     April 8, 2020

RE:         SBCC Category I Investigation 17768

## INTRODUCTION

On February 3, 2020 the SSI Office was forwarded the following inmate grievance number 106815 authored by Darius Gibson W105297 due to allegations of staff misconduct. Superintendent Kenneway initiated an investigations intake which was referred back to SBCC as Category I Investigation 17768. Grievance 106815 is as follows:

*On 1-22-20 unknown tactial team co's brought me to unit P2 in my underware shortly after an inmate name ███████ is brought to the cell I yell I refuse a roommate, tactical team co draws his taser points it at me the door closes This inmate started discussing sex I notified numerous co's I didn't feel safe in that*

17768                -1-

Gibson Discovery                                                        23

cell, During the 2nd mattress distribution I stepped out the cell stood against wall told Sgt Morales Im not safe in that cell I was brought to non-contact IPS CO Tavares interviews I stated why I didn't feel safe with that roommate He tells me Im going to RHU co's cuff bring me back to Unit P2 Im told staff aint protecting inmates no more, As Im entering unit a tactical team co says beat that skinner up faggot upon entering the cell I assulted inmate ███████ I was seen by medical and kept in a non contact visiting case not fed dinner I was kept in the non contact case from after medical seen me until next morning when I was brought to RHU J3 I was told by staff the captain said to not feed me dinner and to keep me in non contact all night in only my underware I was kept in noncontact case II 8 or 9

Also CO David citro who I have a lawsuit against told Sgt St Peter in medical to make sure my handcuffs were extra tight the video will show him coimng into the medical room from my arrival in RHU on 1-23-20 no cpo's have came to RHU distributing grievances pens.

## INVESTIGATIVE ACTION, SUMMARY OF EVIDENCE, WITNESS STATEMENTS

Disciplinary Report 453968 was submitted regarding the incident mentioned by Gibson:

On Wednesday, January 22, 2020 at approximately 2133, inmate GIBSON, Darius W105297 was in violation of the rules and regulations of SBCC by engaging in a physical altercation with inmate ███████████ While on duty on level two, I, CO McCluskey was directed to escort inmate GIBSON to P2-21, which at the time housed inmate ██████. Once secured in P2-21, I, CO MCCLUSKEY gave both inmates a direct order to come to the food slot to be taken out of restraints, starting with inmate GIBSON. Once I removed the restraints, inmate GIBSON began to thrust his chest into inmate ██████ as well as strike him in the torso with closed fist punches. Inmate ██████, who at this time was still in restraints, responded by using his knee to strike inmate GIBSON in the abdomen. The inmates were given several direct orders to cease their actions which they refused. Chemical agent was then introduced which then caused both inmates to stop their actions. Inmate GIBSON was advised he would be receiving a disciplinary report for his actions. Chain of Command notified. EOR Disciplinary Report 453968

17768          -2-

A review of the grievance was conducted to determine which staff related statements actually constitute allegations staff misconduct.

1. *On 1-22-20 unknown tactial team co's brought me to unit P2 in my underware* No staff misconduct in this statement. **All** inmates were moved in shorts and a t-shirt throughout the institution during the re-organization and security operation at SBCC. This method was approved by the Superintendent and the highest managers of the DOC. Gibson was observed in shorts and a t-shirt on video surveillance not just underwear as he alleged.

2. *tactical team co draws his taser points it at me the door closes* After a review of video surveillance it was determined that no Officer arbitrarily pointed a "Taser" at Gibson. During the physical assault against inmate ████ perpetrated by Gibson, a Spontaneous Use of Force occurred where Special Operations members were present with their assigned Less-Lethal equipment. Inmate Gibson was reported by officers to be assaulting another inmate and failing to comply with direct orders to cease his actions. This description is not disputed by inmate Gibson. Gibson's behavior places him in the assaultive, actively resisting and out of control categories according to CMR 505 USE OF FORCE. Officers responding to the altercation had several options of Less-Lethal means to include Taser that were authorized to be used on inmate Gibson if the officer deemed needed due to Gibson's actions. No staff misconduct.

3. *This inmate started discussing sex I notified numerous co's I didn't feel safe in that cell, During the 2nd mattress distribution I stepped out the cell stood against wall told Sgt Morales Im not safe in that cell I was brought to non-contact IPS CO Tavares interviews I stated why I didn't feel safe with that roommate He tells me Im going to RHU co's cuff bring me back to Unit P2* No staff misconduct noted in this statement. Comments made by Gibson about "not feeling safe" and the aggravated

assault committed by Gibson were investigated in DOC-SBCC-2020-004 and it was determined that Gibson was attempting to manipulate his housing to be awarded a single cell.

4. *Im told staff aint protecting inmates no more,* To be addressed in the interview of Gibson.

5. *As Im entering unit a tactical team co says beat that skinner up faggot* To be addressed in the interview of Gibson.

6. *I was seen by medical and kept in a non contact visiting case not fed dinner I was kept in the non contact case from after medical seen me until next morning when I was brought to RHU J3 I was told by staff the captain said to not feed me dinner and to keep me in non contact all night in only my underware I was kept in noncontact case II 8 or 9* Inmate Gibson was kept in the non-contact visiting area in a secured cell due to the lack of availability of housing in the RHU. Multiple inmates were kept in the non-contact area on constant observation for this reason due to the SBCC re-organization and change of mission. This temporary housing was annotated in the Shift Briefing. Additionally the physical altercation occurred at 21:33, several hours after dinner chow is completed. Dinner meals are served at approximately 17:00 and Gibson would not be scheduled for his next meal until breakfast chow on 1/23/2020. No staff misconduct noted.

7. *Also CO David citro who I have a lawsuit against told Sgt St Peter in medical to make sure my handcuffs were extra tight the video will show him coinng into the medical room from my arrival in RHU on 1-23-20* To be addressed in an interview with Sergeant Andrew St. Peter.

**Interview of Inmate Darius Gibson**

On 4/8/2020 a recorded interview of inmate Darius Gibson was conducted by SSI Gerardi and Fountaine. Gibson confirmed that he made the allegations against staff members.

17768            -4-

Gibson was specifically questioned about only the specific issues that appear to be an allegation of staff misconduct. Gibson was asked about the comment allegedly made by staff "staff aren't protecting inmates anymore." Gibson stated that an unknown Officer made the comment in the hallway enroute from the non-contact area back to P2 (Level 2 Main Corridor). Gibson was asked about the other comment made by staff. Gibson stated that in the P2 unit near cell 28 an unnamed "Tac team" Officer said "beat that skinner up faggot." Gibson stated that he believed the comment was directed at him. I asked Gibson why he assaulted inmate ██████ (who was in hand cuffs). Gibson stated he committed that assault because ██████ was questioning Gibson about rumors Gibson was a "sexual predator" and that was the "only option," not because that is what the Tac-team member told him to do. Gibson was questioned again about the alleged statement that staff said "staff aren't protecting inmates." I specifically asked Gibson that once he began his assault on ██████ if the staff members intervened to protect ██████. Gibson said yes, contradicting the premise that "staff are not protecting inmates anymore." Gibson was also made aware that he was housed in P2 and held in non-contact cell following the assault he perpetrated due to the lack of space in the RHU. Gibson disputed this by saying other inmates told him there was available space in RHU. I informed Gibson that he was not the only inmate held in non-contact pending RHU placement and that inmates do not assign housing in the RHU. I informed Gibson that at that time of day the Captain assigns RHU housing space depending on the needs of the institution. Gibson confirmed that there were other inmates housed in the non-contact overnight. Gibson was argumentative throughout the interview, before, during and after the recording and mentioned several times that he was filing lawsuits and that I (SSI Gerardi) would be subpoenaed to court. Gibson was asked if he had anything else to add which he said no.

17768          -5-

Gibson Discovery                                                          27

**IPS Interview of Gibson before the Physical Assault against inmate** ███████

*On Wednesday January 22, 2020 IPS Officer Tavares conducted and interview with inmate Darius GIBSON W105297 (Crips – Val, Academy Homes – Sus, and Big Head Boys – Sus) in the non-contact visiting area. Inmate GIBSON did claim that he felt unsafe in his assigned cell P2-21 and would like a single cell or to be placed in the RHU. GIBSON claimed that he was told by Deputy Divirs he was being placed on single cell status and was unsure of why he was moved to a north side housing unit. GIBSON was informed that he was now classified to be housed on the north side of the institution and will be housed there until he is classified to return to a south side unit, and will be returned to his cell at this time. It was at this time that inmate GIBSON claimed that his cellmate inmate* ███████████ *made the following comment." I've been down for a long time I could really go for a blow job." When asked if anything else was said by inmate* ███████ *to him, GIBSON responded saying that no other comments were made and that nothing physical had happened between himself and inmate* ███████. *Inmate GIBSON then said that when his cell door was opened to be given a bed roll that he informed the unit Sgt that he was unable to live in that cell and he was escorted to the non-contact visiting area at this time.* **IPS Email from IPS Zachary Tavares Jan 22, 2020 at 10:52pm.**

NOTE: Gibson made statements to IPS Tavares on January 22, 2020 that directly conflict with his testimony on 4/8/2020. Specifically, on 1/22/2020 Gibson alleges that ███████ solicits sex from him and that Gibson wanted a "single cell." But on 4/8/2020 Gibson stated that ███████ questioned Gibson about Gibson's past history of being a sexual predator. Additionally IPS Tavares notified Gibson that he would be sent back to P2 housing unit not the RHU.

**IPS Interview of Gibson after Gibson assaulted** ███████ **as documented in DOC-SBCC-2020-004**

*GIBSON was read his Miranda Warning due to him attacking inmate* ███████ *while he was in restraints. Inmate GIBSON understood his rights and stated that the reason he attacked inmate* ███████ *was because he felt unsafe in his cell and wanted to be in a single cell.* **DOC-SBCC-2020-004**

NOTE: During this second confidential interview Gibson made no mention to IPS the alleged comments made by staff members prior to the assault on inmate ███████ or any other misconduct allegations.

**Conclusion of IPS Investigation DOC-SBCC-2020-004**

*The Inner Perimeter Security team has determined that inmate GIBSON attacked inmate* ███████ *in an attempt to manipulate his housing so that he (GIBSON) could be reassigned to a single cell and be moved back to the South Side of the institution.* **DOC-SBCC-2020-004**

NOTE: IPS concluded that Gibson assaulted ███████ in an attempt to manipulate his housing assignment.

17768          -6-

## Interview of Andrew St. Peter

On 4/8/2020 a recorded interview of Sergeant Andrew St. Peter was conducted by SSI Gerardi and SSI Fountaine. St. Peter was made aware of the allegations by Gibson. St. Peter was asked if at any time Officer David CITRO asked him to "tighten the cuffs." St. Peter denied the allegations that CITRO told him to "tighten the cuffs."

## Video Surveillance

Allegation numbers 1 and 2 above were addressed using this review of video surveillance and are described on page 3.

Further review of video surveillance was conducted regarding the physical altercation and surrounding circumstances. The written testimony of officers and medical staff documented in Use of Force case number 7692 is consistent with what was observed on video surveillance.

## FINDINGS and CONCLUSION

1. I, SSI James Gerardi find that the allegations of staff misconduct against unnamed Tactical Team and Special Operations Officers to be UNFOUNDED. In his testimony, Gibson was argumentative and made several statements he claimed to be factual but contradicted prior testimony and physical evidence. Additionally Gibson's own actions (aggravated assault) along with his statements coupled with the previous IPS investigation diminish the credibility of the allegations.

2. I, SSI James Gerardi find that the allegations of staff misconduct against Officer David CITRO to be UNFOUNDED. In his testimony Gibson was argumentative and made several statements he claimed to be factual but contradicted prior testimony and physical evidence. Additionally Gibson's own actions (aggravated assault) along with his statements coupled with the previous IPS investigation diminish the credibility of the allegations.

Submitted by: _____   4/8/2020 Date: _____

Superintendent's Investigator, James Gerardi
Souza-Baranowski Correctional Center

Accepted by: _____   4/9/20 Date: _____

Superintendent, Steven Kenneway
Souza-Baranowski Correctional Center

17768          -8-

Exhibit 3

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 20200122 | JSCORRENTI | 19:00 | Evening chow distributed - Round made - Peters, J. / Correnti | | | | | | |

Exhibit 4



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety & Security*
*Department of Correction*
*Office of Investigative Services*
*50 Maple Street, Suite 3*
*Milford, MA 01757*
*Tel: (508) 422-3635*
*Fax: (508) 422-3684*
*www.mass.gov/doc*



**CHARLES D. BAKER**
*Governor*

**KARYN E. POLITO**
*Lieutenant Governor*

**THOMAS A. TURCO III**
*Secretary*

**CAROL A. MICI**
*Commissioner*

**CHRISTOPHER M. FALLON**
**JENNIFER A. GAFFNEY**
**MICHAEL G. GRANT**
**PAUL J. HENDERSON**
**THOMAS J. PRESTON**
*Deputy Commissioners*

**DAVID SHAW**
*Chief*

June 8, 2020

Darius Gibson (W105297)
Souza-Baranowski Correctional Center
Harvard Road
P.O. Box 8000
Shirley, MA  01464

Dear Mr. Gibson:

Your May 14, 2020 letter referencing Intake #17768 has been referred to me for review and response. I find that there is no credible evidence to support your claim or warrant further investigation.

Accordingly, I consider this matter closed.

Sincerely,

David Shaw, Chief
Office of Investigative Services

DS/sb

cc:     Paul J. Henderson, Deputy Commissioner, Field Services
        Patrick T. DePalo, Jr., Assistant Deputy Commissioner, Field Services
        Dean Gray, Acting Superintendent, SBCC
        File



# Affadavit/Cori Release

I Gledy Charles, W107645 State I Give Inmate Darius Gibson W105297 Permission and Authorize the release of All CORI related information Pertaining to myself and in connection with the January 22, 2020 Assult I was Involved In with Inmate Darius Gibson

Dated  5-14-2020

gedcharles

Signed under Pains and Penalty of Perjury

Gledy Charles

Commonwealth of Massachusetts

Suffolk S.s                                    Superior Court
                                               Civil Dkt

Darius Gibson
        V
Commonwealth of Massachusetts
              et Al

Request for Admissions from Defendant Kenneway

1. Is it True you Knew Double bunking would lead to Violence

2. Is it True following the January 10 2020 Guard assult inmates were randomly double bunked

3. Is it True following the January 10 2020 Guard assult there have been dozens of fights as a result of double bunking

4. Is it True following the January 10 2020 Guard assult there were multiple suicide attempts as a result of double bunking

                                        Respectfully Submitted

Dated                          DG          Darius Gibson
10-28-20                       Pro-se      Po Box 8000
                                           Shirley MA 01464

Commonwealth of Massachusetts

Suffolk S.S.                                    Superior Court

                                                Civil Dkt

Darius Gibson
            V
Commonwealth of Massachusetts
                    et Al

Request for Production of Documents

1. Documentation such as Rooster showing empty
   housing cells in All Restricted Housing Units on
   1-22-20

2. All Documentation of Plaintiff's Call to Staff Misconduct
   Tipline about Defendant Gerardi In 2020

Dated                           Respectfully Submitted
10-28-20                        Darius Gibson
                    DG          Po Box 8000
                    prose       Shirley MA 01464

Commonwealth of Massachusetts

Suffolk SS                                    Superior Court
                                              Civil Dkt

Darius Gibson
        V
Commonwealth of Massachusetts

Interrogatories from Defendant Gerardi

1. Why did you not check the Video and attempt to verify Plaintiff's claims of Staff Misconduct in the Present Case with investigation 17768

2. Why did you lie and Conceal evidence with the Present Case in investigation 17768

Dated
10-25-20

                              DG
                              Pro Se

Respectfully Submitted
Darius Gibson
    Po Box 8000
    Shirley MA 01464

Commonwealth of Massachusetts

Suffolk S.S.                                    Superior Court
                                                  Civil Dkt

Darius Gibson
        V
Commonwealth of Massachusetts
                        et Al

Request for Admissions from Defendant Gerardi

1. Is it True in investigation # 17768 that you did not investigate any of Plaintiff's claims of Staff Misconduct which could of been verified by video or log

2. Is it True of As Your Job of Superintendent Special investigator You will Conceal Evidence of Staff Misconduct

Dated                                      Respectfully Submitted
10-28-20                                   Darius Gibson
                        DG                 Po Box 8000
                        Pro Se             Shirley MA 01464

Commonwealth of Massachusetts

Suffolk S.S                                    Superior Court
                                               Civil Dkt


Darius Gibson
        V
Commonwealth of Massachusetts
                    et Al


Request for Admissions from Defendant St Peter

1. Is it True Your on Camera Tightening Plaintiff's handcuffs
   and squeezing his Arm.

2. Is it True Another officer told You to tighten Plaintiff's
   handcuffs

3. Is it True You threatend Plaintiff saying not to Sue You


                                               Respectfully Submitted

Dated
                                          DG    Darius Gibson
10-28-20                                   Pro se  Po Box 8000
                                               Shirley MA 01464

Commonwealth of Massachusetts

Suffolk S.s                                Superior Court
                                           Civil Dist

Darius Gibson

                    V

Commonwealth of Massachusetts
                    et Al

Interrogatories directed to Defendant Fousere

1. Why was Plaintiff not fed dinner on 1-22-20

2. Why was Plaintiff brought back to unit P2 #21 after reporting a Prison Rape Elimination Act complaint on 1-22-20

3. Why was Plaintiff Kept in the Visiting case all night on 1-22-20

4. Why was Plaintiff not given clothing on 1-22-20 while being Kept in the Visiting Case

                                    Respectfully Submitted

Dated              DG        Darius Gibson
10-28-20           Prose     Po Box 8000
                             Shirley MA 01464

Commonwealth of Massachusetts

Suffolk S.S.                                        Superior Court
                                                   Civil Dkt

Darius Gibson
        V
Commonwealth of Massachusetts
                    et Al

Request for Admissions from Defendant Fougere

1. Is it True You gave the order for Plaintiff to be brought to unit P2 cell 21 After being made aware Plaintiff had made Sexual Allegations against his Cellmate on 1-22-20

2. Is it True You gave order to not feed Plaintiff Dinner on 1-22-20

3. Is it True You gave order to not Provide Plaintiff clothing on 1-22-20

4. Is it True there was available bed space in RHU on 1-22-20

                                        Respectfully Submitted
Dated                        DG         Darius Gibson
10-28-20                     Pro Se     Po Box 8000
                                        Shirley MA 01464

Commonwealth of Massachusetts

Suffolk SS                                    Superior court
                                              Civil DKt

Darius Gibson
        V
Commonwealth of Massachusetts
                        et Al

Interrosatories from Defendant Shaw

1. After Plaintiff notified you via mail that Defendant Gerardi did not investigate his claims of Staff Misconduct how did you come to the Conclusion there was no Credible evidence to reopen investisation 17768

Respectfully Submitted

Dated                                         Darius Gibson
10-28-20            DG                         Po Box 8000
                   ProSe                       Shirley MA 01464