**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DERRICK WASHINGTON, <br><br> *Plaintiff*, <br><br> v. <br><br> MASSACHUSETTS DEPARTMENT OF CORRECTION, SUPERINTENDENT KENNEWAY, LIEUTENANT DESCHENE, LIEUTENANT FORGET, SERGEANT HELLIS, SERGEANT TOCCI, OFFICER CATALANO, OFFICER GAGNON, NURSE CAPOCCIA, <br><br> *Defendants*. | Civil No. 1:23-cv-10063-MRG |

**MEMORANDUM AND ORDER**

As explained below, the arguments advanced by Defendant Christian Capoccia ("Defendant") in support of his Motion to Dismiss [ECF No. 143] ("Motion") are not persuasive in light of the factual allegations in Plaintiff Derrick Washington's ("Plaintiff") Amended Complaint [ECF No. 126] and the applicable law. Accordingly, the Motion is **DENIED**.

Defendant's principal argument with respect to Plaintiff's Eighth Amendment deliberate-indifference claim is that Defendant provided medical treatment to Plaintiff, Plaintiff merely disagreed with that treatment, and such disagreement cannot support a constitutional violation. [ECF No. 143-1 at 8–9]. Defendant correctly observes that "allegations simply reflect[ing] a disagreement on the appropriate course of treatment . . . fall[] short of alleging a constitutional

1

violation." Ferranti v. Moran, 618 F.2d 888, 891 (1st Cir. 1980) (citations omitted). But that legal principle does not resolve the claim alleged here.

Accepting the allegations in the Amended Complaint as true, Plaintiff does not allege that he received treatment with which he disagreed. Rather, he alleges that he was examined by Defendant and received no treatment thereafter.[1] Specifically, Plaintiff alleges that, following exposure to chemical agents, he suffered asthma attacks, respiratory distress, excessive sneezing, intense throat pain, and a burning sensation on his skin. [ECF No. 126 ¶¶ 121–22; ECF No. 162 at 8 (summarizing the same)]. Plaintiff further alleges that Defendant examined him the following morning, was aware of both his asthma and his chemical-agent exposure, and nevertheless failed to provide an inhaler, permit decontamination, or otherwise provide treatment. Id. ¶ 255.

At this stage, those allegations are sufficient to distinguish this case from one involving a mere disagreement over treatment. To the extent Defendant contends that the act of examining Plaintiff itself constituted treatment sufficient to defeat a deliberate-indifference claim, he cites no authority supporting that proposition, and the Court declines to adopt that position on a motion to dismiss. Taking the allegations in the Amended Complaint as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has plausibly alleged an Eighth Amendment claim based on the denial of medical care in the face of a serious medical need. See Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

---

[1] The Court is not adopting a disputed nor novel construction of the Amended Complaint. The parties agree that the Amended Complaint alleges that Defendant examined Plaintiff and provided no treatment thereafter. Indeed, at oral argument, when asked whether there was any evidence that Defendant "provided any treatment" to Plaintiff, counsel for Defendant responded: "There's no allegation that he provided any treatment, no, just that he examined Mr. Washington." Tr. of Mot. Hr'g held on Apr. 22, 2026, ECF No. 190, at 19:9–14.

Defendant's exhaustion argument fares no better. Defendant next argues that the Amended Complaint should be dismissed because Plaintiff failed to satisfy the administrative exhaustion requirement imposed by the Prison Litigation Reform Act ("PLRA"). [ECF No. 143-1 at 10–14]. Failure to exhaust administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216 (2007). A motion to dismiss based on an affirmative defense may be granted only where "the facts establishing the defense [are] clear 'on the face of the plaintiff's pleadings.'" Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001) (quoting Aldahonda–Rivera v. Parke Davis & Co., 882 F.2d 590, 592 (1st Cir. 1989)). Moreover, review of the complaint and any documents appropriately considered under Rule 12(b)(6) must "leave no doubt" that the action is barred by the asserted defense. Id. (quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998)).

Here, the Court cannot conclude that facts establishing failure to exhaust under the PLRA are clear on the face of the Amended Complaint or through documents appropriately considered at this stage. Defendant identifies no allegation in the Amended Complaint, nor any document properly considered on a Rule 12(b)(6) motion, that establishes Plaintiff's failure to exhaust. Accordingly, dismissal on PLRA exhaustion grounds is not warranted at this stage.

Additionally, because Defendant represented at the motion hearing that his argument premised on insufficient service of process is now moot (and the Court agrees), the Court does not address that argument. Tr. of Mot. Hr'g held on Apr. 22, 2026, ECF No. 190, at 16:21–23.

In accordance with the foregoing, Defendant's Motion to Dismiss [ECF No. 143] is **<u>DENIED</u>**. The denial of the Motion is without prejudice to Defendant raising any appropriate arguments at summary judgment on a more fully developed factual record.

Dated: June 5, 2026                      */s/ Margaret R. Guzman*
                                         Margaret R. Guzman
                                         United States District Judge