# EXHIBIT E



July 2, 2026

<u>**VIA EMAIL**</u>

Stephanie M. Caffrey
Yasmine Dionne Bailey
Brittni Wipper
Commonwealth of Massachusetts, Department of Correction
70 Franklin Street, Suite 600
Boston, MA 02110
Email: stephanie.m.caffrey@doc.state.ma.us
Email: yasmine.d.bailey@doc.state.ma.us
Email: brittni.wipper@doc.state.ma.us

> **Re:** ***Derrick Washington v. Massachusetts Department of Correction, et al.*,**
> **No. 1:23-cv-10063-MRG**

Counsel:

We write on behalf of Plaintiff Derrick Washington regarding recent discovery developments—specifically, DOC's own production and Defendant Arthur Barnes's sworn deposition testimony—establishing that individual DOC Defendants used their personal email addresses and personal cell phones to conduct official DOC business. These developments satisfy the showing that Judge Guzman requested as a prerequisite to searching for responsive information contained in the individual DOC Defendants' personal email accounts and cell phones. *See* ECF No. 188 (requiring that Plaintiff "make a showing that directly relevant and probative correspondence exists on personal devices or accounts before the Court will entertain searches of those sources."). We request that you confirm, **by July 7, 2026**, that all individual DOC Defendants will comply with their discovery obligations and search their personal email accounts and personal cell phones for documents responsive to Plaintiff's requests for production.

In the First Joint Discovery Dispute Statement filed March 24, 2026 (ECF No. 177), Plaintiff sought to compel individual DOC Defendants to search their personal devices and private messaging accounts—including personal email, text messages, Facebook Messenger, and WhatsApp—for responsive communications related to this action. The Court addressed this dispute during the April 22, 2026 Motion Hearing, stating: "[B]efore we're asking people to give up their information from their personal devices . . . we have to make a determination that they actually have some use during their work day related to their work." *See* Apr. 22, 2026 H'rg Tr. at 14:17–20. On April 24, 2026, the Court entered an order stating: "Plaintiff must make a showing that directly relevant and probative correspondence exists on personal devices or accounts before the Court will entertain searches of those sources." ECF No. 188.

55 Hudson Yards, New York, NY 10001 | (t) 212.446.2300 | (f) 212.446.2350 | www.bsfllp.com



That showing has now been made by DOC's own production. DOC's recent document production includes a February 19, 2020 email (screenshotted below) sent from Defendant Anthony Catalano's official DOC email account (Anthony.CatalanoJr@doc.state.ma.us) to several recipients, some of whom are defendants in this action. This email was sent to these individuals in connection with the use-of-force incidents at the heart of this litigation. The email instructs recipients to enter hand-written use-of-force reports concerning inmate Derrick Washington into the Inmate Management System (IMS).

The email lists several recipients in the following format: an officer's name, followed by a DOC email address in some instances or a redacted entry designated as "PII" in others. Specifically, Defendant Jeffrey Pepoli, Defendant Arthur Barnes, and Defendant Zachary Fonseca appear as recipients with email addresses redacted as "PII." Notably, DOC email addresses are not redacted as such, leaving Plaintiff to infer that the information redacted as "PII" includes personal contact information for each individual.



*See* Bates R27 P208. This email is, on its own, dispositive of the issue before us.

The Protective Order defines "Private Personal Information" subject to PII redaction as including "personal telephone numbers" and "personal email addresses" of DOC employees. ECF No. 130 ¶ 3(d). The only plausible interpretation of these "PII" redactions in the "To" field is that they represent the personal email addresses of Defendants Pepoli, Barnes, and Fonseca. Moreover, at the bottom of the same email, Defendant Catalano provides his own contact information, listing a "Spec Ops" number and a separately redacted "PII (Cell)" number. Defendant Catalano instructs these

2



recipients to contact him at these phone numbers. In his deposition in the *Diggs* action, Defendant Catalano confirmed that he did not have a DOC issued cellphone. Therefore, the only explanation is that Defendant Catalano used and provided DOC employees with his personal phone numbers for use to conduct official DOC business.

Lastly, Defendant Arthur Barnes confirmed at his June 30, 2026 deposition that he used his personal email address for DOC-related work. Notably, Defendant Barnes acknowledged that at the time he was not issued a DOC email address, meaning that any email communications he sent or received regarding official DOC business necessarily occurred through his personal account. That admission, combined with his appearance as an email recipient in the Catalano email shown above, confirms beyond any doubt that his personal email account contains work-related correspondence directly relevant to this litigation.

In short, DOC's own production and Defendant Barnes' testimony confirm that Defendants Catalano, Pepoli, Barnes, and Fonseca all used personal email accounts and/or cell phones to conduct official DOC business directly relevant to this litigation. This is particularly concerning, considering DOC has represented that Defendants Dumont, Bashaw, and Fonseca did not have DOC emails at the time. That combined with the fact that Defendant Fonseca's appearance in the Catalano email suggests that individuals without DOC emails addresses used their personal emails for work.

This situation is not unprecedented in this District. As we explained in the First Joint Discovery Dispute Statement, discovery in related matters has already revealed that SBCC staff used their personal devices to exchange text messages about official DOC business, including the coordinating on use-of-force reports. In *Silva-Prentice v. Turco*, the very same pattern emerged where SBCC officers texted each other about the subject incidents,[1] and the Court acted decisively. Magistrate Judge Dein explicitly ordered that defense counsel "require the current defendants . . . to search for any responsive emails or text messages . . . on any phone, DOC-issued or personal, on which these individuals conducted DOC business." *See* Order on Plfs.' Mot. to Compel., *Silva-Prentice v. Turco*, No. 1:21-cv-11580-PBDS, ECF No. 147 (D. Mass. Jan. 26, 2024) ¶ 1(b); *see also State Farm Mut. Auto. Ins. Co. v. Previous Physical Therapy, Inc.*, 2021 WL 1122415, at *6 (E.D. Mich. Mar. 24, 2021) (ordering production of "responsive emails sent and/or received by current employees or independent contractors' email accounts" where

---

[1] *See, e.g.*, Declaration of Bridget A. Zerner in Support of Motion to Compel, *Silva-Prentice v. Turco*, No. 1:21-cv11580-PBDS, ECF No. 95–1 (D. Mass. Apr. 12, 2023) ¶ 7 ("Defendants' own documents indicated at least some of the defendants were texting each other during the relevant time"); Memo. of Law in Support of Plfs.' Mot. to Compel, *Silva-Prentice v. Turco*, No. 1:21-cv-11580-PBDS, ECF No. 132 (D. Mass. Dec. 12, 2023) at 11 ("at least some Defendants – including [defendant], whose cell phone was forensically searched by DOC investigators earlier this year – had used text messages to discuss long overdue use of force reports specific to [plaintiffs]").



"employees and independent contractors used their own personal email accounts for business emails").

Plaintiff reaffirms his willingness to limit the required search to targeted identifiers and substantive terms. Specifically, we request that each individual DOC Defendant search their personal email accounts and personal cell phones (including text messages and messaging applications such as Facebook Messenger and WhatsApp) for communications containing:

- "Derrick Washington" OR "Washington" OR "DW" OR "W89316" OR "BLACC" OR "Black, Latino, Asian Cultural Coalition"

In light of the foregoing, we request that you confirm in writing by **July 7, 2026** that all individual DOC Defendants will comply with the above. We are available to meet and confer on this issue at your earliest convenience.

Sincerely,

/s/ *Julia A. Bevan*
Julia A. Bevan (*pro hac vice*)
E-mail: jbevan@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350