# EXHIBIT F





*The Commonwealth of Massachusetts*
*Executive Office of Public Safety & Security*
*Department of Correction*
*Legal Division*
*70 Franklin Street, Suite 600*
*Boston, MA 02110*
*Tel: (617) 727-3300*
*www.mass.gov/doc*

**MAURA T. HEALEY**
*Governor*

**KIMBERLEY DRISCOLL**
*Lieutenant Governor*

**GINA K. KWON**
*Secretary*

**SHAWN P. JENKINS**
*Commissioner*

<u>Delivered via Email</u>

July 20, 2026

Julia Bevan, Esq.
Sabina Mariella, Esq.
Katherine Zhang, Esq.
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 10001

Derrick Luster, Esq.
Jayden Rush, Esq.
Rights Behind Bars
1800 M Street NW
Front 1 #33821
Washington, DC 20033

RE:    <u>Washington v. Department of Correction, et. al.; USDC 1:23-cv-10063 (MRG); DOC Defendants' Response to Plaintiff's July 2, 2026 Correspondences</u>

Attorneys Bevan, Mariella, Zhang, Luster, and Rush;

DOC Defendants respond to your email dated July 2, 2026 along with your July 2, 2026 letter regarding DOC Defendants' personal device and email search. DOC Defendants consent to permitting you to show policies marked Attorney's Eyes Only to your retained experts, Sondra Crosby and Dan Pacholke, pursuant to the Executed Protective Order and the Executed Acknowledgment and Agreement to Be Bound Forms.

1. **January 23-24 Video Footage**

In your July 2, 2026 email, you stated "DOC stated that it may possess more video footage for the January 23-24 incident. Please confirm whether this footage exists, if it is being withheld (and the basis for withholding), if it never existed, or if it has been destroyed."

**DOC Defendants' Response:**

DOC Defendants have additional video footage from the January 23-24 incident and it has been sent via certified mail, pursuant to the Executed Protective Order.

2. **Second Set of RFPs, Request No. 9**

In your July 2, 2026 email, you stated "Please confirm that DOC will produce the relevant video retention policies, which Plaintiff requested in response to RFP No. 9."

**DOC Defendants' Response:**

Pursuant to 103 DOC 158, <u>Disposal of Outdated Documents</u>, DOC follows the Commonwealth's Statewide Records Retention Schedule. The Statewide Records Retention Schedule provides that "[s]ecurity and surveillance tapes" are to be retained "until no longer used or needed; permission not needed for destruction." Accordingly, DOC does not maintain a separate policy establishing a fixed retention period for correctional surveillance video recordings. A copy of 103 DOC 158 and the applicable portion of the Commonwealth's Statewide Records Retention Schedule are produced in response to this request.

3. **Video/Audio from Silva-Prentice/Paulino Matter**

In your July 2, 2026 email, you stated "DOC stated that they would search for the requested video/audio footage from the *Silva-Prentice* matter. Please provide the results of that search."

**DOC Defendants' Response:**

DOC Defendants object to producing the entire video from the Silva-Prentice/Paulino incident on the grounds that it is irrelevant and non-responsive to discovery requests in this matter. The video produced that contains audio in relation to Use of Force 7719 in <u>Silva-Prentice, et al. v. Turco, et al.</u>, USDC 21-cv-11580-PBS, is almost two hours of P2 Housing Unit tier footage from 1:09PM to 2:58PM. It does not have any mention of Plaintiff, Mr. Derrick Washington, and involved other incarcerated individuals located in a completely separate housing unit from Mr. Washington at the time. Further, there is no mention of Mr. Washington in the audio. As such, the lengthy video from a different incident that occurred at SBCC in January 2020 is not relevant to any of Plaintiff's claims in this matter, particularly where Plaintiff was not involved in that other incident, was not housed in the same housing unit where that incident took place, and there is no mention of him at any point during that incident.

### 4.  Kenneway Reorganization Plan

In your July 2, 2026 email, you stated "In Defendant Kenneway's deposition, he referenced the plan that he drafted relating to the reorganization of SBCC in January 2020. Accordingly, Plaintiff requests that DOC produce all plans relating to the reorganization of SBCC in January 2020. Plaintiff's position is that these documents are responsive to RFP Nos. 20, 22, 23, 24, and 31."

**<u>DOC Defendants' Response:</u>**

DOC Defendants maintain the objections asserted in their responses to Plaintiff's Second Request for Production of Documents, specifically Requests Nos. 20, 22, 23, 24, and 31. DOC Defendants also maintain the objections asserted at the deposition of Defendant Kenneway during the line of questioning regarding the reorganization plan, specifically on the grounds of attorney/client privilege.

Additionally, DOC Defendants disagree with your characterization of Defendant Kenneway's deposition testimony.  Defendant Kenneway's testimony on this matter was that he drafted a plan, sent it to DOC Legal, and that it then was out of his hands. See <u>Kenneway Deposition</u>, p. 101, lines 19-24; p. 148, lines 13-24; p. 149, lines 1-6.  Kenneway also noted that he did not recall if the plan was finalized or sent to anyone else. See <u>Kenneway Deposition</u>, p. 148, lines 15-21.

As such, DOC Defendants maintain that the document Kenneway testified about is being withheld from production due to attorney/client privilege.

### 5.  Deschene Disciplinary Proceedings

In your July 2, 2026 email, you stated "In Defendant Deschene's deposition, he discussed additional disciplinary proceedings that he was subject to. Plaintiff thus requests all records relating to investigative or disciplinary hearings for allegations of misconduct against Deschene, including but not limited to transcripts, notes, disposition, findings, witnesses, and parties involved in the disciplinary or investigative process. These documents are directly responsive to RFP Nos. 4 and 7.

**<u>DOC Defendants' Response:</u>**

DOC Defendants reiterate the objections asserted in their responses to Plaintiff's Second Request for Production of Documents, specifically Requests Nos. 4 and 7. DOC Defendants also object to producing documents pertaining to allegations of misconduct as to Defendant Deschene on the grounds that the request is overbroad, unduly burdensome, not limited in scope or time and irrelevant to Plaintiff's claims in this case.

DOC Defendants also maintain the objections asserted during the deposition of Defendant Deschene during the line of questioning regarding allegations of misconduct. Specifically, DOC Defendants disagree with your characterization of Defendant Deschene's deposition testimony. Defendant Deschene testified that in his "18 years and nine months" of employment, he has "never

been reprimanded for anything," noting that he has "a clean disciplinary record in every fashion to include use of force." See Deschene Deposition p. 52, lines 9-11. Defendant Deschene's deposition testimony is further supported by his disciplinary record, which DOC defendants have already produced. See Deschene Disciplinary Record, Bates No. R7 P113. Defendant Deschene testified that he did not know how many times he had been interviewed with regards to allegations of staff misconduct as the population is highly litigious. See Deschene Deposition, pp. 139-141.

### 6. Video from March 5, 2020 Incident

In your July 2, 2026 email, you stated "Plaintiff has reason to believe that the strip cell that Mr. Washington was held in during the March 5, 2020 incident had a security camera installed inside the cell. If so, Plaintiff believes there should be additional footage from that camera related to the March 5th incident. Please confirm both whether the strip cell had a security camera during the March 5, 2020 incident and whether additional footage exists from the March 5th incident."

**DOC Defendants' Response:**

DOC Defendants have additional video footage from the security camera inside the strip cell from March 5, 2020 and it has been sent via certified mail, pursuant to the Executed Protective Order.

### 7. Depositions

In your July 2, 2026 email, you stated "Plaintiff proposes that we prioritize scheduling depositions for the below individuals. Plaintiff would then be willing to forgo depositions for some or all of the remaining unscheduled Defendants on the condition that DOC agrees to provide comprehensive responses to Interrogatories and/or Requests for Admission for those individuals."

**DOC Defendants' Response:**

DOC Defendants maintain that as Plaintiff's attorneys in this matter, you are free to utilize any discovery tools you deem appropriate, including propounding interrogatories and requests for admissions to Defendants.  DOC Defendants will respond to any written discovery request that is propounded upon them in accordance with the Federal Rules of Civil Procedure.

DOC Defendants are agreeable to Plaintiff prioritizing depositions and will provide availability for depositions of Defendants Forget and Kalriess. As previously discussed, Defendant Hillis is available for a deposition on July 24, 2026. Defendant Catalano is available on July 29, 2026 or July 31, 2026. Defendant Lawson is available July 28, 2026 or July 30, 2026.

### 8. Letter Regarding Personal Devices/Email Search

**DOC Defendants' Response:**

DOC Defendants disagree with the assertion the Defendant Barnes confirmed that he used his personal email address for DOC-related work. During his deposition, when asked whether he used

his personal email to communicate about work, he answered that he did not "know if he [had] a DOC email back then." <u>See</u> <u>Deposition of Arthur Barnes</u>, p. 14, line 24; p. 15, line 1. He was then asked, **if** he did not have a DOC e-mail, whether he **would** have used his personal e-mail address to communicate about work, to which he confirmed. (emphasis added). <u>See Deposition of Arthur Barnes</u>, p. 15, lines 2-14. When asked what the emails to his personal email address would have entailed, he responded "just where to report, where [he] would be assigned to, and a time and date to show up." <u>Id.</u> Additionally, the screenshotted email you provided clearly shows the email was also sent to <u>Arthur.B.Barnes@doc.state.ma.us</u>, Defendant Barnes' DOC email address, which was provided in discovery production.

Additionally, Defendant Catalano simply providing his personal contact information should the email recipients have any questions, does not automatically provide that Defendant Catalano used his personal device. As previously noted, personal devices are not permitted within the institutions.

Furthermore, in our March 16, 2026 correspondence, DOC Defendants agreed to inquire of the individual DOC Defendants as to the existence of responsive documents on their personal email, personal phone data including text messages, and online messaging services such as Facebook Messenger and WhatsApp. DOC Defendants maintain that these records are not in the care, custody or control of the DOC. Answering further, DOC Defendants do not agree to inquire as to the personal email, personal phone data including text messages, and online messaging services such as Facebook Messenger and WhatsApp of any individuals who are not named as Defendants in the present action.


Sincerely,

Stephanie M. Caffrey
Yasmine D. Bailey
Brittni Wipper

5