UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 1:23-cv-10063

DERRICK WASHINGTON,

    Plaintiff,

V.

MASSACHUSETTS DEPARTMENT OF
CORRECTION, WELLPATH LIQUIDATING
TRUST, MATTHEW J. DUNDON as
Trustee of the Wellpath Liquidating Trust,
SUPERINTENDENT STEVE KENNEWAY,
LIEUTENANT ROBERT DESCHENE,
LIEUTENANT ARTHUR FORGET,
SERGEANT RYAN HILLIS, SERGEANT
THOMAS TOCCI, OFFICER ANTHONY
CATALANO, OFFICER JOSHUA GAGNON,
NURSE CHRISTIAN CAPOCCIA,
SERGEANT ARTHUR BARNES, OFFICER
JOSEPH CUMMINGS, OFFICER NICHOLAS
DUMONT, OFFICER ZACHARY FONSECA,
OFFICER DANIEL HOLLENBACH,
OFFICER ERIC LAWSON, SERGEANT
NATHAN OWEN, OFFICER CORY SHEPHERD,
OFFICER JEFFREY PEPOLI, SERGEANT
BRIAN RAYNER, OFFICER ROBERT
BASHAW, OFFICER RAYMOND SIMULA,
OFFICER SERGIO CACIOPPO, OFFICER
THOMAS MEMBRINO, OFFICER DAVID
GILMAN, OFFICER RYAN KALRIESS,
MEDICAL DIRECTOR DOE, AND NURSE DOE.

    Defendants.

## DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Massachusetts Department of Correction ("DOC"), Superintendent Steve

Kenneway, Lieutenant Robert Deschene, Lieutenant Arther Forget, Sergeant Ryan Hillis, Sergeant

Thomas Tocci, Officer Anthony Catalano, Officer Joshua Gagnon, Sergeant Arthur Barnes, Officer

Robert Bashaw, Officer Nicholas Dumont, Officer Zachary Fonseca, Officer Daniel Hollenbach, Officer Eric Lawson, Sergeant Nathan Owen, Officer Cory Shepherd, Officer Jeffrey Pepoli, Sergeant Brian Rayner, Officer Sergio Cacioppo, Officer Thomas Membrino, Officer David Gilman, Officer Ryan Kalriess, and Officer Raymond Simula (collectively DOC Defendants), through counsel, hereby amends their Answer to Plaintiff's Amended Complaint following the Court's decision on Defendants' Partial Motion to Dismiss. Defendants answer the allegations of Plaintiff's Amended Complaint as follows:

1. Defendants admit the allegations to the extent that Souza-Baranowski Correctional Center ("SBCC") is a maximum-security prison operated by DOC. Defendants deny all other factual allegations.

2. Deny.

3. Defendants admit the allegations to the extent that Derrick Washington is in the lawful custody of the Department of Correction who was housed at SBCC from September 2018 to June 2023. Defendants have insufficient information to form a belief as to the truth of the remaining allegations.

4. Defendants admit the allegations to the extent that Plaintiff was classified to SBCC during the time period from January through March 2020. Defendants deny all other factual allegations.

5. Deny.

6. Deny.

7. Deny.

## JURISDICTION AND VENUE

8. The allegations of this paragraph constitute conclusions of law that do not require a response. To the extent the allegations require a response, the allegations are denied.

9. The allegations of this paragraph constitute conclusions of law that do not require a response. To the extent the allegations require a response, the allegations are denied.

10. The allegations of this paragraph constitute conclusions of law that do not require a response. To the extent the allegations require a response, the allegations are denied.

## PARTIES

Plaintiff

11. Defendants admit the allegations contained in paragraph 11 to the extent that plaintiff Washington was incarcerated at SBCC in January and March 2020 and is currently housed at MCI-Shirley. Answering further, Defendants state that Plaintiff is a 41-year-old who identifies as Black and Male.

Defendants

12. Defendants admit the allegations contained in paragraph 12 to the extent that DOC is an agency of the Commonwealth and oversees SBCC. Defendants have insufficient information to form a belief as to the truth of the remaining allegations.

13. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 13.

14. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 14.

15. Defendants admit the allegations contained in paragraph 15 to the extent that Steve Kenneway was the Superintendent at SBCC from January to March 2020. Defendants deny all other factual allegations.

16. Defendants admit the allegations contained in paragraph 16 to the extent that Robert Deschene was a correction officer employed by DOC in January 2020. Defendants deny all other factual allegations.

17. Defendants admit the allegations contained in paragraph 17 to the extent that Arthur Forget is a correction officer employed by DOC in January 2020. Defendants deny all other factual allegations.

18. Defendants admit the allegations contained in paragraph 18 to the extent that Ryan Hillis is a correction officer employed by DOC in January 2020. Defendants deny all other factual allegations.

19. Defendants admit the allegations contained in paragraph 19 to the extent that Thomas Tocci is a correct officer employed by DOC in January 2020. Defendants deny all other factual allegations.

20. Defendants admit the allegations in paragraph 20 to the extent that Anthony Catalano is a correction officer employed by DOC in January 2020. Defendants deny all other factual allegations.

21. Defendants admit the allegations in paragraph 21 to the extent that Joshua Gagnon is a correction officer employed by DOC in January 2020. Defendants deny all other factual allegations.

22. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 22.

23. Defendants admit the allegations in paragraph 23 to the extent that Arthur Barnes is a correction officer employed by DOC in January 2020. Defendants deny all other factual allegations.

24. Defendants admit the allegations in paragraph 24 to the extent that Joseph Cummings was a correction officer employed by DOC in January 2020. Defendants deny all other factual allegations.

25. Defendants admit the allegations in paragraph 25 to the extent that Nicholas Dumont was a correction officer employed by DOC in January 2020. Defendants deny all other factual allegations.

26. Defendants admit the allegations in paragraph 26 to the extent that Zachary Fonseca is a correction officer employed by DOC in January 2020. Defendants deny all other factual allegations.

27. Defendants admit the allegations in paragraph 27 to the extent that Daniel Hollenbach is a correction officer employed by DOC in January 2020. Defendants deny all other factual allegations.

28. Defendants admit the allegations in paragraph 28 to the extent that Eric Lawson is a correction officer employed by DOC in January 2020. Defendants deny all other factual allegations.

29. Defendants admit the allegations in paragraph 29 to the extent that Nathan Owen is a correction officer employed by DOC in January 2020. Defendants deny all other factual allegations.

30. Defendants admit the allegations in paragraph 30 to the extent that Cory Shepherd is a correction officer employed by DOC in January 2020. Defendants deny all other factual allegations.

31. Defendants admit the allegations in paragraph 31 to the extent that Jeffrey Pepoli is a correction officer employed by DOC in January 2020. Defendants deny all other factual allegations.

32. Defendants admit the allegations in paragraph 32 to the extent that Brian Rayner is a correction officer employed by DOC in March 2020. Defendants deny all other factual allegations.

33. Defendants admit the allegations in paragraph 33 to the extent that Robert Bashaw was a correction officer employed by DOC in March 2020. Defendants deny all other factual allegations.

34. Defendants admit the allegations in paragraph 34 to the extent that Raymond Simula was a correction officer employed by DOC in March 2020. Defendants deny all other factual allegations.

35. Defendants admit the allegations in paragraph 35 to the extent that Sergio Cacioppo is a correction officer employed by DOC in March 2020. Defendants deny all other factual allegations.

36. Defendants admit the allegations in paragraph 36 to the extent that Thomas Membrino is a correction officer employed by DOC in March 2020. Defendants deny all other factual allegations.

37. Defendants admit the allegations in paragraph 37 to the extent that David Gilman is a correction officer employed by DOC in March 2020. Defendants deny all other factual allegations.

38. Defendants admit the allegations in paragraph 38 to the extent that Ryan Kalriess is a correction officer employed by DOC in March 2020. Defendants deny all other factual allegations.

39. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 22.

40. The allegations in this paragraph refer to Nurse Doe and DOC Defendants are not required to respond. To the extent a response is required, Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 40.

## FACTUAL ALLEGATIONS

41. Defendants admit the allegations in paragraph 41 to the extent that Derrick Washington is in the lawful custody of the Department of Correction since February 2007, is currently housed at MCI-Shirley, and who was housed at SBCC from September 2018 to June 2023. Answering further, Defendants state that Plaintiff is a 41-year-old who identifies as Black and Male. Defendants deny all other factual allegations.

42. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 42.

43. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 43.

44. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 44.

45. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 45.

46. Defendants admit the allegations contained in paragraph 46 to the extent that SBCC is the maximum-security facility in Massachusetts housing criminally sentenced males that has an operational capacity of 1,410. Answering further, Defendants admit that on January 1, 2020, the facility population was reported as 795. https://www.mass.gov/doc/prison-population-trends-2019/download/. Defendants deny all other factual allegations.

47. Defendants admit the allegations contained in paragraph 47 to the extent that the basis for the allegations, the DOC report titled MA DOC Institutional Fact Cards, speaks for itself. https://www.mass.gov/doc/institutional-fact-cards-january-2020/download.    Answering further, Defendants admit to the extent that the basis for the allegations, the DOC report titled State Employee Diversity Dashboard, speaks for itself. https://www.mass.gov/info-details/state-employee-diversity-dashboard. Defendants deny the allegations contained in this paragraph to the extent they seek to characterize the statistics in any manner. To the extent the allegations require a response, the allegations are denied.

48. Defendants admit the allegations contained in paragraph 48 to the extent that the basis for these allegations, the DOC report contained at  https://www.mass.gov/info-details/state-employee-diversity-dashboard speaks for itself. Defendants deny the allegations contained in this paragraph to the extent they seek to characterize the statistics in any manner. To the extent the allegations require a response, the allegations are denied.

49. Deny.

50. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 50.

51. Defendants admit the factual allegations in paragraph 51 to the extent that DOC's regulations, policies, and procedures governing property, canteen, education, programming, visitation, and work assignments speak for themselves.  Defendants deny the allegations contained in this paragraph to the extent they seek to characterize the regulations, policies, and procedures in any manner. Defendants deny all other factual allegations.

52. Deny.

53. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 53.

54. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 54.

55. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 55.

56. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 56. To the extent that misconduct is alleged, Defendants deny the allegations.

57. Deny.

58. Deny.

59. Defendants admit the allegations in paragraph 59 to the extent that officers responded to a reported disruptive inmate on the J3 Housing tier which resulted in an incident with Plaintiff. Answering further, Defendants admit that Plaintiff received a disciplinary report. Defendants deny the allegations contained in this paragraph to the extent they seek to characterize the incident and disciplinary report. Defendants deny all other factual allegations.

60. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 60. To the extent that misconduct is alleged, Defendants deny the allegations.

61. Defendants admit the allegations in paragraph 61 to the extent that Plaintiff submitted a grievance on December 2, 2019, which was denied. Defendants deny the allegations contained in this paragraph to the extent they seek to characterize the grievance. Defendants deny all other factual allegations.

62. Defendants admit the allegations contained in paragraph 62 to the extent that there was an incident on January 10, 2020, during which SBCC inmates on the North side of the institution seriously assaulted correction officers on the housing unit and four correction officers were severely injured. Defendants deny all other factual allegations.

63. Defendants admit the allegations contained in paragraph 63 to the extent that the news article cited in the allegations speaks for itself. Defendants deny the allegations contained in this paragraph to the extent they seek to characterize the news article. Defendants deny all other factual allegations.

64. Defendants admit the allegations contained in paragraph 64 to the extent that after the brutal attack on correction officers, SBCC was placed on disorder status, locked down, and the housing reorganization commenced on January 21, 2020 with the need to divide the North side and South side. Defendants deny all other factual allegations.

65. Defendants admit the allegations contained in paragraph 65 to the extent that SBCC was on disorder status and locked down. Defendants deny all other factual allegations.

66. Deny.

67. Defendants admit the allegations contained in paragraph 67 to the extent that Plaintiff was housed in L2 Unit on January 10, 2020. Defendants deny all other factual allegations.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Defendants admit the allegations contained in paragraph 72 to the extent that the news article cited in the paragraph speaks for itself. Defendants deny the allegations contained

in this paragraph to the extent they seek to characterize the news article. Defendants deny all other factual allegations.

73. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 73.

74. Defendants admit the allegations in paragraph 74 to the extent that Plaintiff submitted a grievance on January 20, 2020. Defendants deny all other factual allegations.

75. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 75.

76. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 76.

77. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 77.

78. Defendants admit the allegations in paragraph 78 to the extent that the SBCC reorganization operation began on January 21, 2020 and Plaintiff was housed in L2 Housing Unit then. Answering further, Defendant admit the allegations in the paragraph to the extent that appropriate units, including Special Operations Division, were deployed and certain equipment was utilized during the disorder. Defendants deny all other factual allegations.

79. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 79.

80. Deny.

81. Deny.

82. Deny.

83. Defendants admit the allegations in paragraph 82 to the extent that Plaintiff was moved from L2 Housing Unit to M2 Housing Unit on January 21, 2020. Defendants deny all other factual allegations.

84. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 84.

85. Deny.

86. Deny.

87. Deny.

88. Defendants admit the allegations in paragraph 88 to the extent that Plaintiff was escorted to the Health Services Unit ("HSU") on January 21, 2020. Answering further, Defendants admit that Officer Pepoli submitted handheld and surveillance video related to a use of force. Defendants deny all other factual allegations.

89. Deny.

90. Deny.

91. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 91.

92. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 92.

93. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 93.

94. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 94.

95. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 95.

96. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 96.

97. Deny.

98. Deny.

99. Deny.

100. Deny.

101. Deny.

102. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 102.

103. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 103.

104. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 104.

105. Deny.

106. Defendants admit the allegations in paragraph 106 to the extent that Plaintiff was transported via ambulance to an outside medical facility. Defendants have insufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

107. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 107.

108. Deny.

109. Defendants deny any misconduct alleged in paragraph 109. Defendants have insufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

110. Defendants admit the allegations in paragraph 110 to the extent that Plaintiff filed a grievance on January 30, 2020. Defendants deny the allegations contained in this paragraph to the extent they seek to characterize the grievance. Defendants deny all other factual allegations.

111. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 111.

112. Deny.

113. Defendants admit the allegations in paragraph 113 to the extent that Plaintiff was moved from HSU to M2 Housing Unit Cell 13 on January 23, 2020. Defendants deny all other factual allegations.

114. Defendants admit the allegations in paragraph 114 to the extent that officers responded to an unresponsive inmate in M2 Housing Unit Cell 13 on January 23, 2020. Defendants have insufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

115. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 115.

116. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 116.

117.  Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 117. Deschene denies the allegations.

118.  Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 118. Deschene denies the allegations.

119.  Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 119. Deschene denies the allegations.

120.  Deny.

121. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 121.

122. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 122.

123. Deny.

124. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 124.

125. Deny.

126. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 126.

127. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 127.

128. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 128.

129. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 129.

130. Deny.

131. Deny.

132. Deny.

133. Deny.

134. Deny.

135. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 135.

136. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 136. Hillis denies the allegations.

137. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 137.

138. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 138.

139. Deny.

140. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 140.

141. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 141.

142. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 142.

143. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 143.

144. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 144.

145. Defendants admit the allegations in paragraph 145 to the extent that Plaintiff filed a grievance on January 30, 2020. Defendants deny the allegations contained in this paragraph to the extent they seek to characterize the grievance. Defendants deny all other factual allegations.

146. Deny.

147. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 147.

148. Deny.

149. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 149.

150. Defendants admit the allegations to the extent that Plaintiff was escorted from M2 Housing Unit to L2 Housing Unit. Defendants have insufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

151. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 151.

152. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 152.

153. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 153.

154. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 154.

155. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 155.

156. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 156.

157. Defendants admit the allegations in paragraph 157 to the extent that Bashaw, Cacioppo, Gilman, Kalriess, Membrino, Rayner, and Simula responded to the strip cell. Defendants deny all other factual allegations.

158. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 158.

159. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 159.

160. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 160.

161. Defendants admit the allegations in paragraph 160 to the extent that chemical agent was deployed. Defendants deny all other factual allegations.

162. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 162.

163. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 163.

164. Deny.

165. Defendants admit the allegations in paragraph 165 to the extent that Plaintiff's clothes were cut. Defendants deny all other factual allegations.

166. Defendants admit the allegations in paragraph 166 to the extent that Plaintiff was transported on a gurney. Defendants deny all other factual allegations.

167. Defendants admit the allegations in paragraph 167 to the extent that Plaintiff was transported to HSU where a nebulizer treatment was performed. Defendants have insufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

168. Defendants admit the allegations in paragraph 168 to the extent that Plaintiff was transported to K3 Housing Unit Cell 5 on a gurney. Defendants have insufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

169. Deny.

170. Deny.

171. Deny.

172. Deny.

173. Deny.

174. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 174.

175. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 175.

176. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 176.

177. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 177.

178. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 178.

179. Deny.

180. Deny.

181. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 181.

182. Defendants admit the allegations contained in paragraph 182 to the extent that the United States Constitution and DOC's written regulations, policies, and procedures speak for themselves.  Defendants deny the allegations contained in this paragraph to the extent they seek to characterize the written regulations, policies, and procedures in any manner. Defendants deny all other allegations.

183. Defendants admit the allegations contained in paragraph 183 to the extent that DOC's written regulations, policies, and procedures speak for themselves.  Defendants deny the allegations contained in this paragraph to the extent they seek to characterize the written regulations, policies, and procedures in any manner.  Defendants deny all other allegations.

184. Defendants admit the allegations contained in paragraph 184 to the extent that the Standard Operating Procedures speak for themselves.  Defendants deny the allegations contained in this paragraph to the extent they seek to characterize the Standard Operating Procedures in any manner.  Defendants deny all other allegations.

185. Defendants admit the allegations contained in paragraph 185 to the extent that DOC's written regulations, policies, and procedures speak for themselves.  Defendants deny the allegations contained in this paragraph to the extent they seek to characterize the written regulations, policies, and procedures in any manner.  Defendants deny all other allegations.

186. Defendants admit the allegations contained in paragraph 186 to the extent that DOC's written regulations, policies, and procedures speak for themselves.  Defendants deny the allegations contained in this paragraph to the extent they seek to characterize the written regulations, policies, and procedures in any manner.  Defendants deny all other allegations.

187. Defendants admit the allegations contained in paragraph 187 to the extent that DOC's written regulations, policies, and procedures speak for themselves.  Defendants deny the allegations contained in this paragraph to the extent they seek to characterize the written regulations, policies, and procedures in any manner.  Defendants deny all other allegations.

188. Defendants admit the allegations contained in paragraph 187 to the extent that DOC has certain written regulations, policies, and procedures that are private policies that are not

publicly disclosed. Defendants deny the allegations contained in this paragraph to the extent they seek to characterize the written regulations, policies, and procedures in any manner. Defendants deny all other allegations.

## CLAIMS FOR RELIEF

### Count I

**42 U.S.C. § 1983- Eighth Amendment- Excessive Use of Force Against Sgt. Barnes, Officer Bashaw, Officer Cacioppo, Officer Catalano, Officer Cummings, Lt. Deschene, Officer Dumont, Officer Fonseca, Lt. Forget, Officer Gagnon, Officer Gilman, Sgt. Hillis, Officer Hollenbach, Officer Kalriess, Superintendent Kenneway, Officer Lawson, Officer Membrino, Sgt. Owen, Officer Pepoli, Sgt. Rayner, Officer Shepherd, Officer Simula, Sgt. Tocci, Medical Director Doe, Wellpath Litigation Trust, and Matthew J. Dundon As Trustee of the Wellpath Litigation Trust**

189. Defendants incorporate by reference their responses to paragraphs 1 through 188 of the First Amended Complaint.

190. Deny.

191. Deny.

192. Deny.

193. Deny.

194. Deny.

195. Deny.

196. Deny.

197. Deny.

198. Deny.

199. Deny.

200. Deny.

201. Deny.

202. Deny.

203. Deny.

204. Deny.

205. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 174.

206. Deny.

207. Deny.

208. Deny.

## COUNT II

### 42 U.S.C. § 1983- Fourteenth Amendment- Failure to Intervene Against Officer Pepoli and Officer Kalriess

209. Defendants incorporate by reference their responses to paragraphs 1 through 208 of the First Amended Complaint.

210. Deny.

211. Deny.

212. Deny.

213. Deny.

214. Deny.

215. Deny.

216. Deny.

217. Deny.

218. Deny.

## COUNT III

### Intentional Torts- Assault & Battery Against Sgt. Barnes, Officer Bashaw, Officer Cacioppo, Officer Catalano, Officer Cummings, Lt. Deschene, Officer Dumont, Officer

**Fonseca, Lt. Forget, Officer Gagnon, Officer Gilman, Sgt. Hillis, Officer Hollenbach, Officer Kalriess, Officer Lawson, Officer Membrino, Sgt. Owen, Officer Pepoli, Sgt. Rayner, Officer Shepherd, Officer Simula and Sgt. Tocci**

219. Defendants incorporate by reference their responses to paragraphs 1 through 218 of the

First Amended Complaint.

220. Deny.

221. Deny.

222. Deny.

223. Deny.

224. Deny.

225. Deny.

226. Deny.

227. Deny.

228. Deny.

229. Deny.

230. Deny.

231. Deny.

232. Deny.

233. Deny.

234. Deny.

235. Deny.

236. Deny.

## COUNT IV

**Intentional Tort- Intentional Infliction of Emotional Distress Against Sgt. Barnes, Officer Bashaw, Officer Cacioppo, Officer Catalano, Officer Cummings, Officer Dumont, Officer**

**Fonseca, Officer Gagnon, Officer Gilman, Officer Hollenbach, Officer Kalriess, Officer Lawson, Officer Membrino, Sgt. Owen, Officer Pepoli, Sgt. Rayner, Officer Shepherd, and Officer Simula**

237. Defendants incorporate by reference their responses to paragraphs 1 through 236 of the

First Amended Complaint.

238. Deny.

239. Deny.

240. Deny.

241. Deny.

## COUNT V

**42 U.S.C. § 1983- First Amendment- Retaliation Against Sgt. Barnes, Officer Catalano, Officer Cummings, Officer Dumont, Officer Fonseca, Officer Hollenbach, Officer Lawson, Sgt. Owen, Officer Shepherd, Officer Pepoli, Lt. Deschene, Lt. Forget, Sgt. Tocci, Sgt. Hillis, Officer Bashaw, Officer Cacioppo, Officer Gagnon, Officer Gilman, Officer Membrino, Sgt. Rayner, Officer Simula, Superintendent Kenneway, Officer Kalriess, and Medical Director Doe**

242. Defendants incorporate by reference their responses to paragraphs 1 through 241 of the

First Amended Complaint.

243. Deny.

244. Deny.

245. Deny.

246. Deny.

247. Deny.

      a.  Deny.

      b.  Deny.

248. Deny.

249. Deny.

    a.  Deny.

    b.  Deny.

    c.  Deny.

250. Deny.

## COUNT VI

**42 U.S.C. § 1983- Eighth Amendment- Deliberate Indifference Against Nurse Doe, Nurse Capoccia, Wellpath Litigation Trust, and Matthew J. Dundon As Trustee of the Wellpath Litigation Trust**

251. Defendants incorporate by reference their responses to paragraphs 1 through 250 of the First Amended Complaint.

252. This paragraph is not directed to these Defendants and does not require a response.

253. This paragraph is not directed to these Defendants and does not require a response.

254. This paragraph is not directed to these Defendants and does not require a response.

255. This paragraph is not directed to these Defendants and does not require a response.

256. This paragraph is not directed to these Defendants and does not require a response.

257. This paragraph is not directed to these Defendants and does not require a response.

258. This paragraph is not directed to these Defendants and does not require a response.

## COUNT VII

**42 U.S.C. § 121022- Americans with Disabilities Act, Title II Against DOC**

259. Defendants incorporate by reference their responses to paragraphs 1 through 258 of the First Amended Complaint.

260. Deny.

261. Deny.

262. Deny.

263. Deny.

264. Deny.

265. Deny.

266. Deny.

267. Deny.

268. Deny.

269. Deny.

## COUNT VIII

**Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a Against DOC, Wellpath Litigation Trust, and Matthew J. Dundon As Trustee of the Wellpath Litigation Trust**

270. Defendants incorporate by reference their responses to paragraphs 1 through 269 of the

First Amended Complaint.

271. Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 et seq. speaks for itself.

272. Deny.

273. Deny.

274. Deny.

275. Deny.

276. Deny.

277. Deny.

278. Deny.

279. Deny.

280. Deny.

281. Deny.

282. Deny.

**REQUEST FOR RELIEF**

a. Paragraph (a) sets forth Plaintiff's claims for relief to which no response is required. Defendants further deny the Plaintiff is entitled to the relief requested.

b. Paragraph (b) sets forth Plaintiff's claims for relief to which no response is required. Defendants further deny the Plaintiff is entitled to the relief requested.

c. Paragraph (c) sets forth Plaintiff's claims for relief to which no response is required. Defendants further deny the Plaintiff is entitled to the relief requested.

d. Paragraph (d) sets forth Plaintiff's claims for relief to which no response is required. Defendants further deny the Plaintiff is entitled to the relief requested.

e. Paragraph (e) sets forth Plaintiff's claims for relief to which no response is required. Defendants further deny the Plaintiff is entitled to the relief requested.

f. Paragraph (f) sets forth Plaintiff's claims for relief to which no response is required. Defendants further deny the Plaintiff is entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

1. The First Amended Complaint fails to state a claim upon which relief can be granted.

2. The First Amended Complaint should be dismissed for lack of jurisdiction over the subject matter.

3. The First Amended Complaint should be dismissed for lack of personal jurisdiction.

4. The First Amended Complaint is barred in whole or in part by the provisions of the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

5. The First Amended Complaint is barred in whole or in part by the provisions of 42 U.S.C. § 1997e(a).

6. The First Amended Complaint is barred in whole or in part by the provisions of M.G.L. c. 127, § 38F.

7.  The First Amended Complaint is barred in whole or in part by the provisions of 42 U.S.C. § 1997e(e).

8.  The First Amended Complaint is barred in whole or in part by the doctrine of sovereign immunity.

9.  The First Amended Complaint is barred in whole or in part by Eleventh Amendment immunity.

10. Plaintiff has failed to exhaust his administrative remedies.

11. The Defendants are entitled to qualified immunity.

12. The Defendants are entitled to judgment as a matter of law.

13. Any actions taken by the Defendants were performed within the scope of their duties, authority, and jurisdiction, and made in good faith, without malice and without corruption, and therefore, the Defendants are entitled to common law immunity with respect to any common law torts.

14. Because of his own conduct, Plaintiff I s estopped from raising any of the claims he may have against the Defendants.

15. To the extent that Plaintiff seeks declaratory relief, the Court should enter a declaration that the actions of the Defendants were lawful.

16. The First Amended Complaint is barred in whole or in part by the doctrines of claim and issue preclusion.

17. The First Amended Complaint is barred to the extent that it invokes statutes or regulations that do not provide a private right of action for enforcement or damages.

18. Any claims of negligence or intentional torts are barred where Plaintiff failed to comply with the Massachusetts Tort Claim Act, M.G.L. c. 258.

19. Any claims of negligence or intentional torts are barred where Plaintiff failed to make proper presentment.

20. Any claims of negligence are barred in whole or in part by the provisions contained in M.G.L. c. 258, § 10.

21. The First Amended Complaint is barred in whole or in part by the <u>Colorado River</u> abstention doctrine.

22. Pursuant to M.G.L. c. 258, § 2, the individual Defendants are not liable for any injury purportedly caused by their negligent or wrongful act or omission while acting within the scope of their employment.

23. The First Amended Complaint is barred in whole or in part by the applicable statute of limitations and/or by the doctrine of laches.

24. Any injuries or damage that Plaintiff suffered were caused by someone for whose conduct the Defendants were not and are not legally responsible.

25. Because of his own conduct, or the conduct of Plaintiff's agents, servants, or conspirators, Plaintiff has waived any and all rights he may have had against the Defendants.

26. Because of his own conduct, or the conduct of Plaintiff's agents, servants, or conspirators, Plaintiff is estopped from recovering any judgment against the Defendants.

27. Plaintiff consented to the alleged conduct of DOC Defendants, and therefore cannot recover.

28. The Defendants are not liable for any interest, costs, or attorney fees.

29. The Defendants reserve the right to add additional defenses.

## **JURY DEMAND**

Defendants claim a trial by jury on all issues so triable.

Respectfully submitted,

DEFENDANTS MASSACHUSETTS
DEPARTMENT OF CORRECTION, STEVEN
KENNEWAY, ROBERT DESCHENE, ARTHUR
FORGET, RYAN HILLIS, THOMAS TOCCI,
ANTHONY CATALANO, JOSHUA GAGNON,
ARTHUR BARNES, ROBERT BASAHW,
NICHOLAS DUMONT, ZACHARY FONSECA,
DANIEL HOLLENBACH, ERIC LAWSON,
NATHAN OWEN, CORY SHEPHERD, JEFFREY
PEPOLI, BRIAN RAYNER, SERGIO CACIOPPO,
THOMAS MEMBRINO, DAVID GILLMAN,
RYAN KALRIESS, and RAYMOND SIMULA

By their attorneys,

NANCY ANKERS WHITE
Special Assistant Attorney General

/s/ *Brittni Wipper*
Brittni Wipper (BBO# 696783)
Stephanie M. Caffrey (BBO# 697075)
Department of Correction-Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300, ext. 1154
Brittni.Wipper@doc.state.ma.us
Stephanie.M.Caffrey@doc.state.ma.us

Dated: August 6, 2026

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

8/6/2026
Date

/s/ *Brittni Wipper*
Brittni Wipper, BBO #696783

31