**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DERRICK WASHINGTON,<br><br>*Plaintiff*,<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT OF CORRECTION, SUPERINTENDENT KENNEWAY, LIEUTENANT DESCHENE, LIEUTENANT FORGET, SERGEANT HELLIS, SERGEANT TOCCI, OFFICER CATALANO, OFFICER GAGNON, NURSE CAPOCCIA,<br><br>*Defendants*. | Civil No. 1:23-cv-10063-MRG |

**ORDER RE: DISCOVERY DISPUTES [ECF No. 201]**

**GUZMAN, J.**

The Court addresses the discovery disputes [ECF No. 201] in turn.

- **SECTION I**

The Court **ORDERS** a counsel-supervised search of personal email and personal cell phone data, including messaging applications, for Dumont, Catalano, Barnes, Pepoli, Fonseca, and Hillis. The search shall use the proposed search terms—"Derrick Washington," "Washington," "DW," "W89316," "BLACC," and "Black, Latino, Asian Cultural Coalition"—and shall be limited to the period from November 1, 2019 through August 1, 2020.

The search shall be conducted by, or directly overseen by, defense counsel. It shall not be left to the individual Defendants to determine unilaterally whether potentially responsive communications exist. The Court does not require wholesale forensic imaging of any personal device.

Responsive communications shall be produced by September 24, 2026, subject to the existing Protective Order.

As to the remaining individual Defendants, each shall file on the docket a sworn affidavit by September 16, 2026 attesting that, after conducting a diligent search consistent with the parameters above, Defendants do not have any communications responsive to the above search terms.

- **SECTION II**

By August 28, 2026, DOC shall provide written confirmation from a records custodian with personal knowledge stating: (a) whether its video production concerning the alleged January 21, January 23–24, and March 5, 2020 incidents is complete; and (b) whether any responsive footage is being withheld and, if so, the basis for withholding it.

DOC shall ensure that the March 5, 2020 strip-cell footage is accessible and viewable. If Plaintiff continues to experience technical difficulties accessing the footage provided on July 30, 2026, DOC shall provide direct technical assistance, either through a walkthrough or by providing the footage in an accessible file format, within seven days of notice of the continuing access problem.

Plaintiff may take supplemental depositions, limited to one hour per witness, of officers appearing in the newly produced footage. The supplemental examinations shall be strictly limited to the events depicted in the newly produced footage. The supplemental depositions shall be completed by September 18, 2026.

- **SECTION III**

DOC shall submit to the Courtroom Clerk (suzanne_frisch@mad.uscourts.gov) and Law Clerk (Alexander_Grayson@mad.uscourts.gov) the alleged Kenneway Plan, together with any transmittal correspondence to the Commissioner or ADC, for in camera review by September 3, 2026. In light of Kenneway's somewhat ambiguous testimony concerning transmission to non-attorneys, and DOC's representation that only a single Legal-annotated draft exists, the Court will review the materials to determine: (a) whether a final or distributed version exists separate from the draft submitted to DOC Legal; and (b) whether DOC Legal's involvement reflects legal advice or merely operational sign-off.

Additionally, DOC shall provide a privilege log compliant with Federal Rule 26(b)(5) and Local Rule 34.1(e) by September 8, 2026. DOC's general or boilerplate privilege objection did not satisfy the rules. A compliant privilege log is required regardless of the ultimate determination concerning privilege or work-product protection.

- **SECTION IV**

It is the Court's understanding that an individual informed Plaintiff's counsel that a directly relevant audio recording exists and was produced in the *Silva-Prentice* litigation. The Court further understands that DOC disputes the existence of the alleged audio recording. The Court

will not require further inquiry into this issue absent a sworn declaration from the individual who asserts that the recording exists. If Plaintiff wishes to pursue this matter further, that individual shall submit a sworn declaration attesting to the existence of the recording no later than September 2, 2026, describing its contents, and identifying all information within the individual's knowledge or recollection that may enable DOC to locate or identify the alleged recording, if it exists. For now, that declaration shall be submitted to the Courtroom Clerk (suzanne_frisch@mad.uscourts.gov) and Law Clerk (Alexander_Grayson@mad.uscourts.gov), copying counsel of record. Given the presumption of public access in this District, the Court may, in its discretion, docket the declaration after providing the parties an opportunity to submit proposed redactions. The individual shall not enter an appearance. Plaintiff's counsel shall be responsible for compliance with this Order on the individual's behalf.

- **SECTION V**

DOC shall produce documents relating to investigative or disciplinary proceedings involving Defendant Deschene concerning allegations of excessive force or use-of-force misconduct, specifically, and not all disciplinary matters, for the five-year period preceding the alleged January 23, 2020 incident. DOC shall redact identifying information of non-party incarcerated individuals. Production shall be completed by September 8, 2026. These records and search(es) shall not be limited to "staff-misconduct allegations" or allegations or investigations resulting in official disciplinary measures or reprimands.

Plaintiff's request is denied to the extent the request seeks Defendant Deschene's complete or unrestricted disciplinary history without temporal or subject-matter limitation, or records concerning matters unrelated to excessive force or use-of-force misconduct.

- **SECTION VI**

**FACT-DISCOVERY DEADLINE EXTENDED.** The August 14, 2026 fact-discovery deadline [ECF No. 138] is extended to September 30, 2026. No periodic status reports or scheduled meet-and-confers are required. The Court trusts the parties to comply with its discovery obligations and the Court's orders without additional check-ins. This does not mean the parties are prohibited or dissuaded from corresponding without a Court order in the normal course of discovery.

The parties may, by assented-to motion and for good cause shown, request a slightly modified schedule to complete the discovery obligations set forth in this Order.

**SO ORDERED.**

Dated: August 21, 2026

*/s/ Margaret R. Guzman*
Margaret R. Guzman
United States District Judge