# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 1:23-cv-10063

DERRICK WASHINGTON,

Plaintiff,

V.

MASSACHUSETTS DEPARTMENT OF CORRECTION, WELLPATH LIQUIDATING TRUST, MATTHEW J. DUNDON as Trustee of the Wellpath Liquidating Trust, SUPERINTENDENT STEVE KENNEWAY, LIEUTENANT ROBERT DESCHENE, LIEUTENANT ARTHUR FORGET, SERGEANT RYAN HILLIS, SERGEANT THOOMAS TOCCI, OFFICER ANTHONY CATALANO, OFFICER JOSHUA GAGNON, NURSE CHRISTIAN CAPOCCIA, SERGEANT ARTHUR BARNES, OFFICER JOSEPH CUMMINGS, OFFICER NICHOLAS DUMONT, OFFICER ZACHARY FONSECA, OFFICER DANIEL HOLLENBACH, OFFICER ERIC LAWSON, SERGEANT NATHAN OWEN, OFFICER CORY SHEPHERD, OFFICER JEFFREY PEPOLI, SERGEANT BRIAN RAYNER, OFFICER ROBERT BASHAW, OFFICER RAYMOND SIMULA, OFFICER SERGIO CACIOPPO, OFFICER THOMAS MEMBRINO, OFFICER DAVID GILMAN, OFFICER RYAN KALRIESS, MEDICAL DIRECTOR DOE, AND NURSE DOE.

Defendants.

**DOC DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**GENERAL OBJECTIONS AND RESERVATIONS**

1. Defendant objects to these interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or other

applicable privileges or protections.

2. Defendant objects to these interrogatories to the extent they seek the disclosure of information not required under the Federal Rules of Civil Procedures.
3. Defendant objects to these interrogatories as unduly burdensome and oppressive insofar as they seek information in the Plaintiff's possession, custody or control.
4. Defendant's responses to these interrogatories shall not be deemed to constitute an admission that any particular document exists, is relevant, or is admissible as evidence or that the subject matter of the request is relevant to the litigation.
5. Defendant objects to the definitions contained in Plaintiff's First Set of Interrogatories to the extent that they seek to mischaracterize phrases or policies.
6. Subject to and without waiving any of his objections, Defendant reserves the right to supplement these responses, as needed, should he later obtain additional, responsive information.

## INTERROGATORY ANSWERS

**Interrogatory No. 1**

Identify each current or former DOC employee, agent and/or contractor, or any other Person with knowledge of the Incidents. For each such Person, state their (i) full name, (ii) badge number or employee ID number, (iii) job title on the relevant date below, (iv) job function being performed by that Person at the time of each Incident subject to this complaint; identify (v) the Incident(s) of which that Person has knowledge; (vi) their last known address, (vii) their current place of employment, and (viii) current job title; and (ix) provide a summary of the Person's knowledge of the Incident.

**Answer No. 1**

Defendant objects to this interrogatory in that it is overly broad, unduly burdensome, not limited in time and scope, unlikely to lead to admissible evidence, and beyond the scope of the Amended Complaint. Defendant further objects to the extent that it seeks personal information that is prohibited from dissemination by state statute. Massachusetts General Laws chapter 66A, § 2(C) and (K) prohibits an agency from disclosing personal information about its employees. Notwithstanding and subject to these objections, Defendant refers Plaintiff to documents produced in response to Plaintiff's Second Request for Production of Documents.

**Interrogatory No. 2**

Identify each DOC Defendant who did not have a DOC-issued email address and/or phone between September 2019 and August 2020. For each Person, state their (i) full name, (ii) whether they used their personal email address and/or instant messaging platform, including but not limited to Facebook messages and Instagram direct messages, to send and receive correspondences related to DOC matters, and (iii) if applicable, the personal email address and/or instant messaging platform, including but not limited to Facebook messages and Instagram direct messages, they used to communicate about DOC matters.

**Answer No. 2**

Defendant objects to this interrogatory in that it is overly broad, unduly burdensome, not limited in time and scope, unlikely to lead to admissible evidence, and beyond the scope of the Amended Complaint. Defendant further objects to the extent that it seeks personal information that is prohibited from dissemination by state statute. Massachusetts General Laws chapter 66A, § 2(C) and (K) prohibits an agency from disclosing personal information about its employees. Notwithstanding and subject to these objections, Defendant states that no DOC mailboxes were found for DOC Defendants Nicholas Dumont, Robert Bashaw, or Zachary Fonseca as these individuals did not have DOC email addresses during the relevant time period.

**Interrogatory No. 3**

State each affirmative defense You assert in this action and All facts and legal arguments in support of those defenses.

**Answer No. 3**

Defendant objects to this interrogatory in that it is overly broad, unduly burdensome, not limited in time and scope, unlikely to lead to admissible evidence, and beyond the scope of the Amended Complaint. Defendant further objects in that it seeks legal analysis, case evaluation, mental impressions, or confidential communications prepared in anticipation of litigation.

**Interrogatory No. 4**

If any Person(s) investigated this matter for You including, but not limited to, medical experts, private investigators, or insurance adjusters, state (i) their full name; (ii) their last known address; (iii) whether such investigation was reduced to writing; and (iv) the substance of their investigation and findings. If said Person(s) obtained any signed, recorded, written or oral statement from any individual, (v) identify the Person who gave the statement and (vi) the present custodian of such statement.

**Answer No. 4**

Defendant objects to this interrogatory in that it is overly broad, unduly burdensome, not limited in time and scope, unlikely to lead to admissible evidence, and beyond the scope of the Amended Complaint. Defendant further objects in that it seeks legal analysis, case evaluation, mental impressions, or confidential communications prepared in anticipation of litigation.

**Interrogatory No. 5**

Describe Your efforts to locate Documents and Communications responsive to Plaintiff's Second Requests for Production.

**Answer No. 5**

Defendant objects to this interrogatory in that it is overly broad, unduly burdensome, not limited in time and scope, unlikely to lead to admissible evidence, and beyond the scope of the Amended Complaint. Defendant further objects in that it seeks legal analysis, case evaluation, mental impressions, or confidential communications prepared in anticipation of litigation. Defendant also objects to the extent that this interrogatory seeks information protected from disclosure by the attorney-client privilege and the work product doctrine.

**Interrogatory No. 6**

Describe All Policies and Procedures in place between June 1, 2019 and the present relating to the maintenance and destruction of handheld camera footage, video surveillance footage, and All other forms of video evidence captured at SBCC. For each Policy and/or Procedure, state: (i) the first known date the Policy or Procedure was known to be in effect; (ii) the last known date the Policy and/or Procedure was known to be in effect; (iii) the categories of video evidence governed by that Policy and/or Procedure; and (iv) whether the Policy and/or Procedure is memorialized in writing, including but not limited to the Policy or Procedure number, and where that Policy and/or Procedure may be located.

**Answer No. 6**

Defendant objects to this interrogatory in that it is overly broad, unduly burdensome, not limited in time and scope, unlikely to lead to admissible evidence, and beyond the scope of the Amended Complaint. Notwithstanding and subject to these objections, Defendant states that pursuant to 103 DOC 158, Disposal of Outdated Documents, DOC follows the Commonwealth's Statewide Retention Schedule. The Statewide Records Retention Schedule provides that "[s]ecurity and surveillance tapes" are to be retained "until no longer used or needed; permission not needed for destruction." Accordingly, DOC does not maintain a separate policy establishing a fixed retention period for correctional surveillance video recordings. A copy of 103 DOC 158 and the application portion of the Commonwealth's Statewide Records Retention Schedule were produced on July 20, 2026.

**Interrogatory No. 7**

Identify All handheld camera footage, video surveillance footage, and All other forms of video evidence captured at SBCC relating to the Incidents, whether presently available, destroyed, or withheld. For each video identified, identify: (i) the category of video evidence (for example, handheld camera footage, video surveillance footage, etc.); (ii) the Person(s) who captured the video; (iii) All Persons known to have accessed the video, including but not limited to, the date it was accessed, the Person who accessed it on each identified date, and the purpose for which the video was accessed, to the extent known; and (iv) whether the video was produced, destroyed, or withheld. If the video evidence was destroyed, identify: (v) why the video was destroyed; (vi) the Person(s) destroyed the video; (vii) the date the video was destroyed; and (viii) the purpose for which the video was destroyed. If the video was withheld, state (ix) the basis for withholding the video.

**Answer No. 7**

Defendant objects to this interrogatory in that it is overly broad, unduly burdensome, not limited in time and scope, and unlikely to lead to admissible evidence. Notwithstanding and subject to these objections, Defendant states that the video footage that was captured at SBCC relating to the Incidents has been produced to Plaintiff. Answering further, Defendant states that all video evidence captured at SBCC relating to the Incidents have been produced. There has been no video footage withheld. At relevant times in the Amended Complaint, the video recording system at SBCC had approximately 383 analog cameras and 26 digital video recorders. The analog cameras recorded 24 hour live video onto the digital recorders. The digital recorders had hard drives and video was kept on the hard drives for a limited time. As the memory of a hard drive reached capacity, it automatically recorded over the earliest footage. The number of days preserved in the court of the ordinary operation of the camera system depended on how much data was contained in the footage, which in turn depended on factors such as location and the amount of movement recorded. If a request was made and video was to be preserved, it would have been downloaded from a network computer to a digital file (i.e. DVD). There was no way to preserve video on the system itself.

**Interrogatory No. 8**

Identify All Documents and Communications, including but not limited to counseling memos, disciplinary hearing notes and transcripts, and performance evaluations, prepared at any time, concerning any allegation that any DOC Defendant used force unnecessarily, excessively, or contrary to any DOC Policy or Procedure governing the Use of Force.

**Answer No. 8**

Defendant objects to this interrogatory in that it is overly broad, unduly burdensome, not limited in time and scope, unlikely to lead to admissible evidence, and beyond the scope of the Amended Complaint.

**Interrogatory No. 9**

Identify All Documents and Communications, including but not limited to counseling memos, disciplinary hearing notes and transcripts, and performance evaluations, prepared at any time, concerning any allegation that any DOC Defendant prepared or filed a false report, including but not limited to disciplinary reports, incident reports, and Use of Force reports.

**Answer No. 9**

Defendant objects to this interrogatory in that it is overly broad, unduly burdensome, not limited in time and scope, unlikely to lead to admissible evidence, and beyond the scope of the Amended Complaint.

**Interrogatory No. 10**

Do You dispute that Mr. Washington suffered injuries as a result of DOC's use of Chemical Agents during the Incidents? If so, state All facts and legal arguments upon which You base Your contention.

**Answer No. 10**

Defendant objects to this interrogatory in that it seeks legal analysis, case evaluation, mental impressions, or confidential communications prepared in anticipation of litigation. Answering further, Defendant directs Plaintiff to the Defendants' Answer to Plaintiff's Amended Complaint.

**Interrogatory No. 11**

Do You dispute that Mr. Washington suffered injuries as a result of the Incidents? If so, state All facts and legal arguments upon which You base Your contention.

**Answer No. 11**

Defendant further objects to this interrogatory in that it seeks legal analysis, case evaluation, mental impressions, or confidential communications prepared in anticipation of litigation. Answering further, Defendant directs Plaintiff to the Defendants' Answer to Plaintiff's Amended Complaint.

**Interrogatory No. 12**

Identify All DOC employees, agents and/or contractors who participated in the approval, administration, or supervision of, or attended any meeting related to the Black, Latino, Asian Cultural Coalition ("BLACC") group at SBCC between June 1, 2019 and December 31, 2020. For each such individual, state the (i) full name, (ii) badge number or employee ID number, (iii) job title on the relevant date, (iv) the date and purpose of any meetings they attended related to BLACC; (v) a summary of the witness's participation in BLACC; (vi) last known address, (vii) current place of employment, and (viii) current job title.

**Answer No. 12**

Defendant objects to this interrogatory in that it is overly broad, unduly burdensome, not limited in time and scope, unlikely to lead to admissible evidence, and beyond the scope of the Amended Complaint. Defendant further objects to the extent that it seeks personal information that is prohibited from dissemination by state statute. Massachusetts General Laws chapter 66A, § 2(C) and (K) prohibits an agency from disclosing personal information about its employees. Answering further, Defendant states that former Superintendent Steven Kenneway was involved in the approval of BLACC as indicated in his deposition in this civil action. Security staff would have been present for any gathering of incarcerated individuals.

**Interrogatory No. 13**

Describe in detail any and All procedures in place at SBCC between January 1, 2020 and August 31, 2020 for screening for contraindications prior to using force on inmates.

**Answer No. 13**

Defendant states that pursuant to 103 CMR 505.10(3)[1], "[w]hen time and circumstances permit, before the use of chemical agents, the Medical Director or designee, shall review the inmate's medical file to determine if any medical contraindications exist in using chemical agents. After the review, the Medical Director shall complete and sign the 'Use of Chemical Agents' form."

**Interrogatory No. 14**

Describe each instance between January 1, 2015 and March 5, 2020 in which Mr. Washington was screened for contraindications for use of Chemical Agents at SBCC. For each instance, state: (i) the date of the screening; (ii) the name of the Officer that requested authorization for use of Chemical Agents and/or the name of the Officer that initiated the screening; (iii) the name of the medical professional that conducted the screening; (iv) the methods used to screen for contraindications; (v) the documents relied upon when screening for contraindication(s); (vi) the purpose of the screening, including but not limited to for a planned or spontaneous Use of Force; (v) whether Mr. Washington was contraindicated for the Use of Chemical Agents; (vi) whether Mr. Washington was approved for an alternative Chemical Agent, despite his Contraindication, (vii) All policies supporting the decision to approve the use of an alternative Chemical Agent, if applicable; (viii) whether Chemical Agents were ultimately used on Mr. Washington, and (ix) which Chemical Agents were used on Mr. Washington, if applicable.

**Answer No. 14**

Defendant objects to this interrogatory in that it is overly broad, unduly burdensome, not limited in time and scope, unlikely to lead to admissible evidence, and beyond the scope of the Amended Complaint. It is the Medical Director or designee that reviews an inmate's medical file when time permits, therefore, the information would be contained in Plaintiff's medical file.

---

[1] Defendant refers to the regulation in effect during the relevant time period in 2020. The regulation has since been updated.

Answering further, there were no other uses of force involving chemical agent involving Plaintiff between 2015 and 2020.

**Interrogatory No. 15**

Describe in detail All criteria, procedures, and decision-making processes used to assign Mr. Washington to the "North Side" of SBCC during the Institutional Search in January 2020, including the basis on which Mr. Washington was assigned to the North Side.

**Answer No. 15**

Internal classification staff determined who should be classified to what facility and who should be housed with whom based on the internal risk assessment.

**Interrogatory No. 16**

Describe All actions taken by Defendant Tocci relating to Mr. Washington's prisoner grievances between June 1, 2019 and December 31, 2020, including but not limited to: (i) whether Sgt. Tocci shared or disclosed Mr. Washington's grievances with any other staff members; (ii) if so, the identity of each Person with whom Mr. Washington's grievances were shared; (iii) the date(s) on which any such disclosure was made; (iv) whether Sgt. Tocci had authorization to share confidential grievances under DOC policy 103 CMR 491.23; and (v) whether DOC investigated or took any disciplinary action in response to Sgt. Tocci's disclosure of Mr. Washington's grievances.

**Answer No. 16**

Defendant objects to this interrogatory in that it is overly broad, unduly burdensome, not limited in time and scope, unlikely to lead to admissible evidence, and beyond the scope of the Amended Complaint. Answering further, Defendant refers Plaintiff to the deposition conducted of Defendant Tocci in this action.

**Interrogatory No. 17**

Describe All policies and procedures in place at SBCC between June 1, 2019 and December 31, 2020 governing the monitoring of prisoner emails, letters, and other communications. For each policy, state: (i) who was authorized to access and review prisoner communications; (ii) what was done with the content of prisoner communications once reviewed; (iii) whether the content of prisoner communications could be shared with corrections officers or supervisors, and under what circumstances; and (iv) identify All DOC employees who accessed or reviewed any communication sent or received by Mr. Washington between June 1, 2019 and December 31, 2020.

**Answer No. 17**

Defendant objects to this interrogatory in that it is overly broad, unduly burdensome, not limited in time and scope, unlikely to lead to admissible evidence, and beyond the scope of the Amended Complaint. Defendant refers Plaintiff to discovery responses provided in this civil action, including 103 CMR 481, Inmate Mail, specifically 103 CMR 481.13(2) which indicates that the Superintendent may authorize the reading, censoring or disapproval of incoming non-privileged correspondence only to prevent interference with institutional goals of security, order, discipline, or if the correspondence might facilitate, encourage, or instruct in, criminal activity, and 103 CMR 481.14(1) which indicates that the Superintendent may authorize the reading of outgoing non-privileged correspondence when in his or her opinion such action is necessary to prevent the transmission of materials and/or information which represents a threat to security, order, rehabilitation or to the public safety. Defendant also refers Plaintiff to the service agreements of CorrLinks and Securus, which indicate communications may be monitored.

**Interrogatory No. 18**

Describe in detail the process by which disciplinary tickets are issued, including but not limited to: (i) All Policies or Procedures identifying All Persons authorized to determine whether to issue a disciplinary report; (ii) the review process, if any, before issuing a disciplinary report; (iii) the process by which Officers identify the specific Policy or rule violations forming the basis for a disciplinary report; (iv) the process by which a particular disciplinary action is categorized as 1, 2, 3, or 4; (v) All Persons responsible for reviewing the merits of a disciplinary report; and (vi) All Policies and Procedures governing the length of time an Officer has, from the time of the infraction, to issue a disciplinary report.

**Answer No. 18**

Defendant objects to this interrogatory in that it is overly broad, unduly burdensome, not limited in time and scope, unlikely to lead to admissible evidence, and beyond the scope of the Amended Complaint. Defendant states that inmate discipline is governed by 103 CMR 430, Inmate Discipline, which outlines the detection and reporting of disciplinary offenses, informal handling of lesser offenses where an employee reasonably believes that formal disciplinary action is not necessary and formal handling of disciplinary offenses. An employee who has reason to believe that a disciplinary offense has been committed by an inmate shall write a disciplinary report and submit it to the employee's supervisor for review within 24 hours. Upon receipt of the disciplinary report, a supervisor shall further investigate the matter if deemed necessary, within 24 hours, and recommend that the matter be handled informally in consultation with the reporting staff person, the matter be dismissed if further investigation, facts or mitigating circumstances change the facts as originally presented, or formal action be taken and forward the report to the Shift Commander. Upon receipt of the disciplinary report the Shift Commander shall, within 24 hours, recommend further investigation, the matter be handled informally in consultation with the reporting staff person's supervisor, the matter be dismissed if further investigation, facts or mitigating circumstances change the facts as originally presented, or formal action be taken and forward the report to the Disciplinary Officer. At all levels of review, the disciplinary report shall be reviewed for accuracy, while ensuring adherence to applicable time frames.

**Interrogatory No. 19**

Identify all disciplinary reports or tickets issued against Mr. Washington between November 1, 2019 and March 31, 2020. For each ticket, state: (i) the date issued; (ii) the officer who issued it; (iii) the alleged conduct underlying the ticket; (iv) whether the ticket was investigated; (v) the outcome of any hearing or review; and (vi) whether the ticket was ultimately dismissed or expunged.

**Answer No. 19**

Defendant objects to this interrogatory to the extent that it seeks information already provided in Defendants' Response to Plaintiff's Request for Production of Documents.

**Interrogatory No. 20**

Identify All Documents and Communications exchanged between any DOC Defendants between June 1, 2019 and December 31, 2020, relating to Mr. Washington, including but not limited to: his participation in BLACC, his grievances, his email correspondences, his housing assignment(s), or any of the Incidents. For each Communication, state: (i) the date of the Communication(s); (ii) All participants and recipients of the Communication(s); (iii) the medium (email, text, radio, in-Person, etc.) by which the Communication(s) was shared; and (iv) the substance of the Communication(s).

**Answer No. 20**

Defendant objects to this interrogatory in that it is overly broad, unduly burdensome, not limited in time and scope, unlikely to lead to admissible evidence, and beyond the scope of the Amended Complaint. Defendant further objecst to the extent it seeks information already provided in Defendants' Response to Plaintiff's Request for Production of Documents.

**Interrogatory No. 21**

Identify All Documents and Communications, including but not limited to complaints, grievances, and/or investigatory records, alleging that any DOC Defendant engaged in racially discriminatory, racially biased, and/or racially motivated conduct, including but not limited to using racial terms, slurs, stereotypes, or derogatory language, against any incarcerated person between June 1, 2019 and December 31, 2020. For each Document and/or Communication, state: (i) the date of the alleged conduct; (ii) the perpetrator of the alleged conduct; (iii) any DOC action to investigate the alleged conduct, if any; and (iv) whether any disciplinary action was imposed on that DOC Defendant.

**Answer No. 21**

Defendant objects to this interrogatory in that it is overly broad, unduly burdensome, not limited in time and scope, unlikely to lead to admissible evidence, and beyond the scope of the Amended Complaint.

**Interrogatory No. 22**

Identify All Documents and Communications exchanged between any DOC Defendant(s) with any DOC employee regarding the misconduct alleged in Mr. Washington's Grievances. For each instance, state (i) the date of the Communication, (ii) the names of All Persons involved in the Communications, (iii) the content of the Communication, (iv) and the Grievance to which the Communication(s) relates. If Your answer includes reference to Documents, please provide the corresponding Bates number.

**Answer No. 22**

Defendant objects to this interrogatory in that it is overly broad, unduly burdensome, not limited in time and scope, unlikely to lead to admissible evidence, and beyond the scope of the Amended Complaint. Defendant further objects to the extent it seeks information already provided in Defendants' Response to Plaintiff's Request for Production of Documents.

**Interrogatory No. 22**

Identify All Documents and Communications exchanged between any DOC Defendant(s) with any DOC employee regarding the misconduct alleged in Mr. Washington's Grievances. For each instance, state (i) the date of the Communication, (ii) the names of All Persons involved in the Communications, (iii) the content of the Communication, (iv) and the Grievance to which the Communication(s) relates. If Your answer includes reference to Documents, please provide the corresponding Bates number.

**Answer No. 22**

Defendant objects to this interrogatory in that it is overly broad, unduly burdensome, not limited in time and scope, unlikely to lead to admissible evidence, and beyond the scope of the Amended Complaint. Defendant further objects to the extent it seeks information already provided in Defendants' Response to Plaintiff's Request for Production of Documents.

**Certification**

On behalf of the Defendant, Massachusetts Department of Correction, I have read the responses to the above interrogatories. The responses were prepared by or with the assistance of agents, employees, representatives or attorneys of the Defendant, the Massachusetts Department of Correction, or others believed to have relevant information and with the assistance and advice of counsel, upon which I have relied. The responses set forth herein, subject to inadvertent or undiscovered errors or omissions, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, thus far discovered in the course of the preparation of these responses, and currently available to the Defendant. Consequently, I reserve the right to make any changes or additions to any of these responses at any time that errors or omissions have been made therein or that accurate or complete information has become available. Subject to the limitations set forth herein, said responses are true to the best of my present knowledge, information and belief.

Signed under the pains and penalties of perjury this 13 day of August, 2026.

David Shaw
Assistant Deputy Commissioner, Northern Sector

**AS TO OBJECTIONS:**

Dated:

Respectfully submitted,

NANCY ANKERS WHITE

**AS TO OBJECTIONS:**

Dated: August 14, 2026

Respectfully submitted,

NANCY ANKERS WHITE
Special Asst. Attorney General

Stephanie M. Caffrey, Counsel
BBO No. 697075
Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, MA 02110
(617) 727-3300 ext. 1154
Stephanie.M.Caffrey@doc.state.ma.us