# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 1:23-cv-10063

DERRICK WASHINGTON,

Plaintiff,

V.

MASSACHUSETTS DEPARTMENT OF CORRECTION, WELLPATH LIQUIDATING TRUST, MATTHEW J. DUNDON as Trustee of the Wellpath Liquidating Trust, SUPERINTENDENT STEVE KENNEWAY, LIEUTENANT ROBERT DESCHENE, LIEUTENANT ARTHUR FORGET, SERGEANT RYAN HILLIS, SERGEANT THOOMAS TOCCI, OFFICER ANTHONY CATALANO, OFFICER JOSHUA GAGNON, NURSE CHRISTIAN CAPOCCIA, SERGEANT ARTHUR BARNES, OFFICER JOSEPH CUMMINGS, OFFICER NICHOLAS DUMONT, OFFICER ZACHARY FONSECA, OFFICER DANIEL HOLLENBACH, OFFICER ERIC LAWSON, SERGEANT NATHAN OWEN, OFFICER CORY SHEPHERD, OFFICER JEFFREY PEPOLI, SERGEANT BRIAN RAYNER, OFFICER ROBERT BASHAW, OFFICER RAYMOND SIMULA, OFFICER SERGIO CACIOPPO, OFFICER THOMAS MEMBRINO, OFFICER DAVID GILMAN, OFFICER RYAN KALRIESS, MEDICAL DIRECTOR DOE, AND NURSE DOE.

Defendants.

**DEFENDANT JOSHUA GAGNON'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Now comes Defendant Joshua Gagnon ("Gagnon") and responds to Plaintiff's First Set of Requests for Admissions as follows:

## GENERAL OBJECTIONS AND RESERVATIONS

1. Defendant objects to these admissions to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privileges or protections.
2. Defendant objects to these admission to the extent they seek the disclosure of information not required under the Federal Rules of Civil Procedure, or reasonably calculated to lead to the discovery of admissible evidence.
3. Defendant objects to these admissions as unduly burdensome and oppressive insofar as they seek information already in the Plaintiff's possession, custody and/or control.
4. Defendant's responses to these admissions, insofar as it may refer to a document produced, shall not be de3emed to constitute an admission that any particular document exists, is relevant, or is admissible as evidence or that the subject matter of the request is relevant to the litigation.
5. Subject to and without waiving any of his objections, Defendant reserves the right to supplement these responses, as needed, should he later obtain additional responsive information.
6. Defendant objections to these admissions as to the extent they seek admissions regarding the other Defendants and/or other Department of Correction employees. Defendant can only respond as to himself.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**

Admit that You were employed as an Officer by the DOC on March 5, 2020.

**RESPONSE NO. 1**

Admitted.

**REQUEST NO. 2**

Admit that you were working at SBCC on March 5, 2020.

**RESPONSE NO. 2**

Admitted.

**REQUEST NO. 3**

Admit that your rank and title during the Relevant Time Period was CO I.

**RESPONSE NO. 3**

Admitted.

**REQUEST NO. 4**

Admit that, as a DOC Officer, You received training on the obligation to report use-of-force incidents.

**RESPONSE NO. 4**

Admitted.

**REQUEST NO. 5**

Admit that, as a DOC Officer, You received training on the obligation to call for medical attention when an incarcerated person is injured.

**RESPONSE NO. 5**

Admitted.

**REQUEST NO. 6**

Admit that, as a DOC Officer, You received Use of Force training on the use of Chemical Agents.

**RESPONSE NO. 6**

Admitted as I did receive Use of Force training, denied as to on the use of Chemical Agents.

**REQUEST NO. 7**

Admit that You used physical force on Plaintiff on November 23, 2019.

**RESPONSE NO. 7**

Defendant objects to this Request specifically to the use of the phrase "physical force" as it runs contrary to force as defined in DOC's Use of Force Regulation, 103 CMR 505. Defendant further objects to the use of the phrase "physical force" as it is vague, ambiguous, and possibly open to multiple interpretations.

Subject to and without waiving these objections: Admitted to the extent that I used force as defined in the Use of Force Regulation, 103 CMR 505.

**REQUEST NO. 8**

Admit that, on March 5, 2020, You asked Plaintiff if he would accept a cell mate.

**RESPONSE NO. 8**

Admitted.

**REQUEST NO. 9**

Admit that after Your interaction with Plaintiff on March 5, 2020, force was used against him.

**RESPONSE NO.9**

Defendant objects to this Request specifically to the use of the phrase "force" as it runs contrary to force as defined in DOC's Use of Force Regulation, 103 CMR 505. Defendant further objects to the use of the phrase "force" as it is vague, ambiguous, and possibly open to multiple interpretations.

Subject to and without waiving these objections: Admitted to the extent that force was used as defined in the Use of Force Regulation, 103 CMR 505.

**REQUEST NO. 10**

Admit that, on March 5, 2020, You were present outside the Strip Cage in the RHU at SBCC when Chemical Agents were deployed against Plaintiff.

**RESPONSE NO. 10**

Admitted to the extent that I was present outside the Strip Cage in the RHU but denied as to the deployment of Chemical Agents against Plaintiff. The agent deployed on Plaintiff on March 5, 2020 was Oleoresin Capsicums (OC) spray, a "a natural, oily resin derived from capsicums

designed to be an inflammatory agent".

**REQUEST NO. 11**

Admit that, on March 5, 2020, You used physical force against Plaintiff while he was in the Strip Cage.

**RESPONSE NO. 11**

Defendant objects to this Request specifically to the use of the phrase "physical force" as it runs contrary to force as defined in DOC's Use of Force Regulation, 103 CMR 505. Defendant further objects to the use of the phrase "physical force" as it is vague, ambiguous, and possibly open to multiple interpretations.

Subject to and without waiving these objections: Admitted to the extent that I used force as defined in the Use of Force Regulation, 103 CMR 505.

**REQUEST NO. 12**

Admit that, on March 5, 2020, You were among the officers who escorted Plaintiff from the Strip Cage to the SBCC Hospital Unit.

**RESPONSE NO. 12**

Admitted.

**REQUEST NO. 13**

Admit that, on March 5, 2020, You were present inside K-3, cell #5 when Plaintiff was brought into that cell.

**RESPONSE NO. 13**

Admitted.

**REQUEST NO. 14**

Admit that, on March 5, 2020, You used physical force against Plaintiff inside K-3, cell #5.

**RESPONSE NO. 14**

Defendant objects to this Request specifically to the use of the phrase "physical force" as it runs contrary to force as defined in DOC's Use of Force Regulation, 103 CMR 505. Defendant further objects to the use of the phrase "physical force" as it is vague, ambiguous, and possibly open to multiple interpretations.

Subject to and without waiving these objections: Admitted to the extent that I used force as defined in the Use of Force Regulation, 103 CMR 505.

**REQUEST NO. 15**

Admit that, according to DOC Policies and Procedures, You were required to prepare and submit a written incident report concerning any use of force in which You participated.

**RESPONSE NO. 15**

Defendant objects to this Request to the extent that it purports to characterize a policy/policies as well as a document or documents that speak for themselves.

Subject to and without waiving these objections: Admitted.

**REQUEST NO. 16**

Admit that, according to DOC Policies and Procedures, You were required to accurately describe each use of force in the incident report You wrote concerning that use of force incident.

**RESPONSE NO. 16**

Defendant objects to this Request to the extent that it purports to characterize a policy/policies as well as a document or documents that speak for themselves.

Subject to and without waiving these objections: Admitted.

**REQUEST NO. 17**

Admit that, according to DOC Policies and Procedures, You were required to report any observed Use of Force by another officer, regardless of whether You personally participated in that Use of Force.

**RESPONSE NO. 17**

Defendant objects to this Request to the extent that it purports to characterize a policy/policies as well as a document or documents that speak for themselves.

Subject to and without waiving these objections: Admitted.

**REQUEST NO. 18**

Admit You did not write an incident report concerning the March 5 incident.

**RESPONSE NO.18**

Admitted.

**REQUEST NO. 19**

Admit You that the document attached hereto as Exhibit A, Bates No. R11 P73, is a true and correct copy of a disciplinary report that You wrote, dated March 5, 2020.

**RESPONSE NO. 19**

Defendant objects to this Request to the extent that it purports to characterize a document or documents which speaks for themselves.

Subject to and without waiving these objections: Admitted.

**REQUEST NO. 20**

Admit that, prior to March 5, 2020, You were aware that Plaintiff started the BLACC program at SBCC.

**RESPONSE NO. 20**

Denied.

**REQUEST NO. 21**

Admit You had concerns that the BLACC program was discriminatory towards white people.

**RESPONSE NO. 21**

Defendant objects to this Request to the extent that it is broad, vague, ambiguous and assumes facts not otherwise established.

Subject to and without waiving these objections: Denied.

**REQUEST NO. 22**

Admit that, prior to March 5, 2020, You were aware that Plaintiff had filed grievances against SBCC Officers.

**RESPONSE NO. 22**

Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, not limited in scope and time and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections: Denied. I have no knowledge of grievances filed against other SBCC officers.

**REQUEST NO. 23**

Admit that, prior to March 5, 2020, You were aware that Plaintiff had filed grievances against You.

**RESPONSE NO. 23**

Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, not limited in scope and time and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections: Admitted.

**REQUEST NO. 24**

Admit that, during the Relevant Time Period, You used Your personal phone for work communications.

**RESPONSE NO. 24**

Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, not limited in scope and time and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the use of the phrase "work communications" as vague, ambiguous, and possibly open to multiple interpretations.

Subject to and without waiving these objections: Admitted to the extent that if I needed to contact work, I would use my personal phone as I was not issued a DOC work phone.

**REQUEST NO. 25**

Admit that, during the Relevant Time Period, You used Your personal email for work communications.

**RESPONSE NO. 25**

Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, not limited in scope and time and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the use of the phrase "work communications" as vague, ambiguous, and possibly open to multiple interpretations.

Subject to and without waiving these objections: Admitted to the extent that sometimes I would receive emails to both my work and personal email.

Signed under the pains and penalties of perjury this 18th day of August 2026.

JOSHUA GAGNON

**AS TO OBJECTIONS:**

*/s/ Brittni Wipper*
Brittni Wipper, BBO #696786
Department of Correction- Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300, Ext. 1158
Brittni.Wipper@doc.state.ma.us

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 1:23-cv-10063

DERRICK WASHINGTON,

Plaintiff,

V.

MASSACHUSETTS DEPARTMENT OF CORRECTION, WELLPATH LIQUIDATING TRUST, MATTHEW J. DUNDON as Trustee of the Wellpath Liquidating Trust, SUPERINTENDENT STEVE KENNEWAY, LIEUTENANT ROBERT DESCHENE, LIEUTENANT ARTHUR FORGET, SERGEANT RYAN HILLIS, SERGEANT THOOMAS TOCCI, OFFICER ANTHONY CATALANO, OFFICER JOSHUA GAGNON, NURSE CHRISTIAN CAPOCCIA, SERGEANT ARTHUR BARNES, OFFICER JOSEPH CUMMINGS, OFFICER NICHOLAS DUMONT, OFFICER ZACHARY FONSECA, OFFICER DANIEL HOLLENBACH, OFFICER ERIC LAWSON, SERGEANT NATHAN OWEN, OFFICER CORY SHEPHERD, OFFICER JEFFREY PEPOLI, SERGEANT BRIAN RAYNER, OFFICER ROBERT BASHAW, OFFICER RAYMOND SIMULA, OFFICER SERGIO CACIOPPO, OFFICER THOMAS MEMBRINO, OFFICER DAVID GILMAN, OFFICER RYAN KALRIESS, MEDICAL DIRECTOR DOE, AND NURSE DOE.

Defendants.

**DEFENDANT SERGIO CACIOPPO'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Now comes Defendant Sergio Cacioppo ("Cacioppo") and responds to Plaintiff's First Set of Requests for Admissions as follows:

## GENERAL OBJECTIONS AND RESERVATIONS

1. Defendant objects to these admissions to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privileges or protections.
2. Defendant objects to these admission to the extent they seek the disclosure of information not required under the Federal Rules of Civil Procedure, or reasonably calculated to lead to the discovery of admissible evidence.
3. Defendant objects to these admissions as unduly burdensome and oppressive insofar as they seek information already in the Plaintiff's possession, custody and/or control.
4. Defendant's responses to these admissions, insofar as it may refer to a document produced, shall not be deemed to constitute an admission that any particular document exists, is relevant, or is admissible as evidence or that the subject matter of the request is relevant to the litigation.
5. Subject to and without waiving any of his objections, Defendant reserves the right to supplement these responses, as needed, should he later obtain additional responsive information.
6. Defendant objections to these admissions as to the extent they seek admissions regarding the other Defendants and/or other Department of Correction employees. Defendant can only respond as to himself.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**

Admit that You were employed as an Officer by the DOC on March 5, 2020.

**RESPONSE NO. 1**

Admitted.

**REQUEST NO. 2**

Admit that You were working at SBCC on March 5, 2020.

**RESPONSE NO. 2**

Admitted.

**REQUEST NO. 3**

Admit that Your rank and title during the Relevant Time Period was CO I.

**RESPONSE NO. 3**

Admitted.

**REQUEST NO. 4**

Admit that, as a DOC Officer, You received training on the obligation to call for medical attention when an incarcerated person is injured.

**RESPONSE NO. 4**

Admitted.

**REQUEST NO. 5**

Admit that, as a DOC Officer, You received Use of Force training, including on the use of Chemical Agents.

**RESPONSE NO. 5**

Admitted.

**REQUEST NO. 6**

Admit that, on March 5, 2020, You were present outside the Strip Cage in the RHU at SBCC when Chemical Agents were deployed against Plaintiff.

**RESPONSE NO. 6**

Admitted to the extent that I was present outside the Strip Cage in the RHU but denied as to the

deployment of Chemical Agents against Plaintiff. The agent deployed on Plaintiff on March 5, 2020 was Oleoresin Capsicums (OC) spray, a "a natural, oily resin derived from capsicums designed to be an inflammatory agent".

**REQUEST NO. 7**

Admit that, on March 5, 2020, You used physical force against Plaintiff while he was in the Strip Cage.

**RESPONSE NO. 7**

Defendant objects to this Request specifically to the use of the phrase "physical force" as it runs contrary to force as defined in DOC's Use of Force Regulation, 103 CMR 505. Defendant further objects to the use of the phrase "physical force" as it is vague, ambiguous, and possibly open to multiple interpretations.

Subject to and without waiving these objections: Admitted to the extent that I used force as defined in the Use of Force Regulation, 103 CMR 505.

**REQUEST NO. 8**

Admit that, on March 5, 2020, Plaintiff told DOC Officers he was asthmatic before Chemical Agent was deployed against him in the Strip Cage.

**RESPONSE NO. 8**

Following reasonable inquiry, Defendant can neither admit nor deny this request as he lacks the knowledge.

**REQUEST NO. 9**

Admit that, on March 5, 2020, You were among the officers who escorted Plaintiff from the Strip Cage to the SBCC Hospital Unit.

**RESPONSE NO. 9**

Admitted.

**REQUEST NO. 10**

Admit that, on March 5, 2020, You were present inside K-3, cell #5 when Plaintiff was brought into that cell.

**RESPONSE NO. 10**

Admitted.

**REQUEST NO. 11**

Admit that, on March 5, 2020, You used physical force against Plaintiff inside K-3, cell #5.

**RESPONSE NO. 11**

Defendant objects to this Request specifically to the use of the phrase “physical force” as it runs contrary to force as defined in DOC’s Use of Force Regulation, 103 CMR 505. Defendant further objects to the use of the phrase “physical force” as it is vague, ambiguous, and possibly open to multiple interpretations.

Subject to and without waiving these objections: Admitted to the extent that I used force as defined in the Use of Force Regulation, 103 CMR 505.

**REQUEST NO. 12**

Admit that you heard Officers refer to Plaintiff using Derogatory Terms during the March 5 incident.

**RESPONSE NO. 12**

Denied.

**REQUEST NO. 13**

Admit that during your time at DOC you have heard Officers use Derogatory Terms to describe incarcerated people.

**RESPONSE NO. 13**

Denied.

**REQUEST NO. 14**

Admit that, according to DOC Policies and Procedures, You were required to accurately describe each use of force in the incident report You wrote concerning that use of force incident.

**RESPONSE NO. 14**

Defendant objects to this Request to the extent that it purports to characterize a policy/policies as well as a document or documents that speak for themselves.

Subject to and without waiving these objections: Admitted.

**REQUEST NO. 15**

Admit that, according to DOC Policies and Procedures, you were required to report any observed Use of Force by another officer, regardless of whether you personally participated in that Use of Force.

**RESPONSE NO. 15**

Defendant objects to this Request to the extent that it purports to characterize a policy/policies as well as a document or documents that speak for themselves.

Subject to and without waiving these objections: Admitted.

**REQUEST NO. 16**

Admit that, according to DOC Policies and Procedures, You were required to submit any incident report concerning a Use of Force incident by the end of Your shift.

**RESPONSE NO. 16**

Defendant objects to this Request to the extent that it purports to characterize a policy/policies as well as a document or documents that speak for themselves.

Subject to and without waiving these objections: Denied as written. DOC's policy during the Relevant Time Period required a report to be written by end of tour.

**REQUEST NO. 17**

Admit that, according to DOC Policies and Procedures, if You could not submit an incident report concerning a Use of Force incident by the end of Your shift, You were required to stay late to complete that report.

**RESPONSE NO. 17**

Defendant objects to this Request to the extent that it purports to characterize a policy/policies as well as a document or documents that speak for themselves.

Subject to and without waiving these objections: Denied as written. DOC's policy during the Relevant Time Period required a report to be written by end of tour unless authorization was received to submit the report at a later time. There was no explicit requirement that I was required to stay after my shift.

**REQUEST NO. 18**

Admit that the document attached hereto as Exhibit A, Bates No. R12 P24, is a true and correct copy of your Incident Report, dated March 5, 2020.

**RESPONSE NO. 18**

Defendant objects to this Request to the extent that it purports to characterize a document or documents which speaks for themselves.

Subject to and without waiving these objections: Admitted.

**REQUEST NO. 19**

Admit that Your Incident Report accurately reflects the full extent of Your recollection of the March 5 incident.

**RESPONSE NO. 19**

Defendant objects to this Request to the extent that it purports to characterize a document or documents which speaks for themselves.

Subject to and without waiving these objections: Admitted.

**REQUEST NO. 20**

Admit that, prior to March 5, 2020, You were aware that Plaintiff started the BLACC program at SBCC.

**RESPONSE NO. 20**

Denied.

**REQUEST NO. 21**

Admit that You had concerns that the BLACC program was discriminatory towards white people.

**RESPONSE NO. 21**

Defendant objects to this Request to the extent that it is broad, vague, ambiguous and assumes facts not otherwise established.

Subject to and without waiving these objections: Denied.

**REQUEST NO. 22**

Admit that, prior to March 5, 2020, You were aware that Plaintiff had filed grievances against SBCC Officers.

**RESPONSE NO. 22**

Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, not limited in scope and time and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections: Denied. I have no knowledge of grievances filed against other SBCC officers.

**REQUEST NO. 23**

Admit that during the Relevant Time Period, You used Your personal phone for work communications.

**RESPONSE NO. 23**

Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, not limited in scope and time and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the use of the phrase "work communications" as vague, ambiguous, and possibly open to multiple interpretations.

Subject to and without waiving these objections: Admitted to the extent that if I needed to contact work, I would use my personal phone as I was not issued a DOC work phone.

**REQUEST NO. 24**

Admit that during the Relevant Time Period, You used Your personal email for work communications.

**RESPONSE NO. 24**

Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, not limited in scope and time and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the use of the phrase "work communications" as vague, ambiguous, and possibly open to multiple interpretations.

Subject to and without waiving these objections: Admitted to the extent that sometimes I would receive emails to both my work and personal email.

Signed under the pains and penalties of perjury this 24th day of August 2026.

SERGIO CACIOPPO

**AS TO OBJECTIONS:**

*/s/ Brittni Wipper*
Brittni Wipper, BBO #696786
Department of Correction- Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300, Ext. 1158
Brittni.Wipper@doc.state.ma.us

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 1:23-cv-10063

DERRICK WASHINGTON,

Plaintiff,

V.

MASSACHUSETTS DEPARTMENT OF CORRECTION, WELLPATH LIQUIDATING TRUST, MATTHEW J. DUNDON as Trustee of the Wellpath Liquidating Trust, SUPERINTENDENT STEVE KENNEWAY, LIEUTENANT ROBERT DESCHENE, LIEUTENANT ARTHUR FORGET, SERGEANT RYAN HILLIS, SERGEANT THOOMAS TOCCI, OFFICER ANTHONY CATALANO, OFFICER JOSHUA GAGNON, NURSE CHRISTIAN CAPOCCIA, SERGEANT ARTHUR BARNES, OFFICER JOSEPH CUMMINGS, OFFICER NICHOLAS DUMONT, OFFICER ZACHARY FONSECA, OFFICER DANIEL HOLLENBACH, OFFICER ERIC LAWSON, SERGEANT NATHAN OWEN, OFFICER CORY SHEPHERD, OFFICER JEFFREY PEPOLI, SERGEANT BRIAN RAYNER, OFFICER ROBERT BASHAW, OFFICER RAYMOND SIMULA, OFFICER SERGIO CACIOPPO, OFFICER THOMAS MEMBRINO, OFFICER DAVID GILMAN, OFFICER RYAN KALRIESS, MEDICAL DIRECTOR DOE, AND NURSE DOE.

Defendants.

**DEFENDANT RAYMOND SIMULA'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Now comes Defendant Raymond Simula ("Simula") and responds to Plaintiff's First Set of Requests for Admissions as follows:

## GENERAL OBJECTIONS AND RESERVATIONS

1. Defendant objects to these admissions to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privileges or protections.
2. Defendant objects to these admission to the extent they seek the disclosure of information not required under the Federal Rules of Civil Procedure, or reasonably calculated to lead to the discovery of admissible evidence.
3. Defendant objects to these admissions as unduly burdensome and oppressive insofar as they seek information already in the Plaintiff's possession, custody and/or control.
4. Defendant's responses to these admissions, insofar as it may refer to a document produced, shall not be deemed to constitute an admission that any particular document exists, is relevant, or is admissible as evidence or that the subject matter of the request is relevant to the litigation.
5. Subject to and without waiving any of his objections, Defendant reserves the right to supplement these responses, as needed, should he later obtain additional responsive information.
6. Defendant objections to these admissions as to the extent they seek admissions regarding the other Defendants and/or other Department of Correction employees. Defendant can only respond as to himself.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**

Admit that You were employed as an Officer by the DOC on March 5, 2020.

**RESPONSE NO. 1**

Admitted.

**REQUEST NO. 2**

Admit that You were assigned to and working at SBCC on March 5, 2020.

**RESPONSE NO. 2**

Admitted.

**REQUEST NO. 3**

Admit that Your rank and title during the Relevant Time Period was CO I.

**RESPONSE NO. 3**

Admitted.

**REQUEST NO. 4**

Admit that, as a DOC Officer, You received training on the obligation to report use-of-force incidents.

**RESPONSE NO. 4**

Admitted.

**REQUEST NO. 5**

Admit that, as a DOC Officer, You received training on the obligation to call for medical attention when an incarcerated person is injured.

**RESPONSE NO. 5**

Admitted.

**REQUEST NO. 6**

Admit that, as a DOC Officer, You received Use of Force training, including on the use of Chemical Agents.

**RESPONSE NO. 6**

Admitted as I did receive Use of Force training as well as end user training on Oleoresin Capsicums

(OC) spray. Denied as to anything else contained within this request.

**REQUEST NO. 7**

Admit that You were present outside the Strip Cage in the RHU at SBCC on March 5, 2020, when Chemical Agents were deployed against Plaintiff.

**RESPONSE NO. 7**

Admitted to the extent that I was present outside the Strip Cage in the RHU but denied as to the deployment of Chemical Agents against Plaintiff. The agent deployed on Plaintiff on March 5, 2020 was Oleoresin Capsicums (OC) spray, a "a natural, oily resin derived from capsicums designed to be an inflammatory agent".

**REQUEST NO. 8**

Admit that, on March 5, 2020, You used physical force against Mr. Washington while he was in the Strip Cage on March 5, 2020.

**RESPONSE NO. 8**

Defendant objects to this Request specifically to the use of the phrase "physical force" as it runs contrary to force as defined in DOC's Use of Force Regulation, 103 CMR 505. Defendant further objects to the use of the phrase "physical force" as it is vague, ambiguous, and possibly open to multiple interpretations.

Subject to and without waiving these objections: Admitted to the extent that I used force as defined in the Use of Force Regulation, 103 CMR 505.

**REQUEST NO. 9**

Admit that Mr. Washington told DOC Officers he was asthmatic before Chemical Agent was deployed against him in the Strip Cage on March 5, 2020.

**RESPONSE NO. 9**

Following reasonable inquiry, Defendant can neither admit nor deny this request as he lacks the knowledge.

**REQUEST NO. 10**

Admit that, on March 5, 2020, You were among the officers who escorted Plaintiff from the Strip Cage to the SBCC Hospital Unit.

**RESPONSE NO. 10**

Admitted.

**REQUEST NO. 11**

Admit that, on March 5, 2020, You were present inside K-3, cell #5 when Plaintiff was brought into that cell.

**RESPONSE NO. 11**

Admitted.

**REQUEST NO. 12**

Admit that, on March 5, 2020, You used physical force against Plaintiff inside K-3, cell #5.

**RESPONSE NO. 12**

Defendant objects to this Request specifically to the use of the phrase "physical force" as it runs contrary to force as defined in DOC's Use of Force Regulation, 103 CMR 505. Defendant further objects to the use of the phrase "physical force" as it is vague, ambiguous, and possibly open to multiple interpretations.

Subject to and without waiving these objections: Admitted to the extent that I used force as defined in the Use of Force Regulation, 103 CMR 505.

**REQUEST NO. 13**

Admit that you heard Officers refer to Plaintiff using Derogatory Terms during the March 5 incident.

**RESPONSE NO. 13**

Denied.

**REQUEST NO. 14**

Admit that during your time at DOC you have heard Officers use Derogatory Terms to describe incarcerated people.

**RESPONSE NO. 14**

Denied.

**REQUEST NO. 15**

Admit that, according to DOC Policies and Procedures, You were required to accurately describe each use of force in the incident report You wrote concerning that use of force incident.

**RESPONSE NO. 15**

Defendant objects to this Request to the extent that it purports to characterize a policy/policies as well as a document or documents that speak for themselves.

Subject to and without waiving these objections: Admitted.

**REQUEST NO. 16**

Admit that, according to DOC Policies and Procedures, you were required to report any observed Use of Force by another officer, regardless of whether you personally participated in that Use of Force.

**RESPONSE NO. 16**

Defendant objects to this Request to the extent that it purports to characterize a policy/policies as well as a document or documents that speak for themselves.

Subject to and without waiving these objections: Admitted.

**REQUEST NO. 17**

Admit that, according to DOC Policies and Procedures, You were required to submit any incident report concerning a Use of Force incident by the end of Your shift.

**RESPONSE NO. 17**

Defendant objects to this Request to the extent that it purports to characterize a policy/policies as well as a document or documents that speak for themselves.

Subject to and without waiving these objections: Denied as written. DOC's policy during the Relevant Time Period required a report to be written by end of tour.

**REQUEST NO. 18**

Admit that, according to DOC Policies and Procedures, if You could not submit an incident report concerning a Use of Force incident by the end of Your shift, You were required to stay after the end of Your shift to complete that report.

**RESPONSE NO. 18**

Defendant objects to this Request to the extent that it purports to characterize a policy/policies as well as a document or documents that speak for themselves.

Subject to and without waiving these objections: Denied as written. DOC's policy during the Relevant Time Period required a report to be written by end of tour unless authorization was received to submit the report at a later time. There was no explicit requirement that I was required to stay after my shift.

**REQUEST NO. 19**

Admit that the document attached hereto as Exhibit A, Bates No. R11 P19, is a true and correct copy of your Incident Report, dated March 5, 2020.

**RESPONSE NO. 19**

Defendant objects to this Request to the extent that it purports to characterize a document or documents which speaks for themselves.

Subject to and without waiving these objections: Admitted.

**REQUEST NO. 20**

Admit that Your Incident Report accurately reflects the full extent of Your recollection of the March 5 incident.

**RESPONSE NO. 20**

Defendant objects to this Request to the extent that it purports to characterize a document or documents which speaks for themselves.

Subject to and without waiving these objections: Admitted.

**REQUEST NO. 21**

Admit that, prior to March 5, 2020, You were aware that Plaintiff started the BLACC program at SBCC.

**RESPONSE NO. 21**

Denied.

**REQUEST NO. 22**

Admit that You had concerns that the BLACC program was discriminatory towards white people.

**RESPONSE NO. 22**

Defendant objects to this Request to the extent that it is broad, vague, ambiguous and assumes facts not otherwise established.

Subject to and without waiving these objections: Denied.

**REQUEST NO. 23**

Admit that, prior to March 5, 2020, You were aware that Plaintiff had filed grievances against SBCC Officers.

**RESPONSE NO. 23**

Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, not limited in scope and time and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections: Denied. I have no knowledge of grievances filed against other SBCC officers.

**REQUEST NO. 24**

Admit that during the Relevant Time Period, You used Your personal phone for work communications.

**RESPONSE NO. 24**

Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, not limited in scope and time and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the use of the phrase "work communications" as vague, ambiguous, and possibly open to multiple interpretations.

Subject to and without waiving these objections: Admitted to the extent that if I needed to contact work, I would use my personal phone as I was not issued a DOC work phone.

**REQUEST NO. 25**

Admit that during the Relevant Time Period, You used Your personal email for work communications.

**RESPONSE NO. 25**

Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, not limited in scope and time and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the use of the phrase "work communications" as vague,

ambiguous, and possibly open to multiple interpretations.

Subject to and without waiving these objections: Admitted to the extent that sometimes I would receive emails to both my work and personal email.

Signed under the pains and penalties of perjury this ___14th___ day of August 2026.

_________*/s/ Raymond Simula*________________________
RAYMOND SIMULA

**AS TO OBJECTIONS:**

/s/ *Brittni Wipper*______________________
Brittni Wipper, BBO #696786
Department of Correction- Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300, Ext. 1158
Brittni.Wipper@doc.state.ma.us

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 1:23-cv-10063

DERRICK WASHINGTON,

Plaintiff,

V.

MASSACHUSETTS DEPARTMENT OF CORRECTION, WELLPATH LIQUIDATING TRUST, MATTHEW J. DUNDON as Trustee of the Wellpath Liquidating Trust, SUPERINTENDENT STEVE KENNEWAY, LIEUTENANT ROBERT DESCHENE, LIEUTENANT ARTHUR FORGET, SERGEANT RYAN HILLIS, SERGEANT THOOMAS TOCCI, OFFICER ANTHONY CATALANO, OFFICER JOSHUA GAGNON, NURSE CHRISTIAN CAPOCCIA, SERGEANT ARTHUR BARNES, OFFICER JOSEPH CUMMINGS, OFFICER NICHOLAS DUMONT, OFFICER ZACHARY FONSECA, OFFICER DANIEL HOLLENBACH, OFFICER ERIC LAWSON, SERGEANT NATHAN OWEN, OFFICER CORY SHEPHERD, OFFICER JEFFREY PEPOLI, SERGEANT BRIAN RAYNER, OFFICER ROBERT BASHAW, OFFICER RAYMOND SIMULA, OFFICER SERGIO CACIOPPO, OFFICER THOMAS MEMBRINO, OFFICER DAVID GILMAN, OFFICER RYAN KALRIESS, MEDICAL DIRECTOR DOE, AND NURSE DOE.

Defendants.

**DEFENDANT THOMAS MEMBRINO'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Now comes Defendant Thomas Membrino ("Membrino") and responds to Plaintiff's First Set of Requests for Admissions as follows:

## GENERAL OBJECTIONS AND RESERVATIONS

1. Defendant objects to these admissions to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privileges or protections.
2. Defendant objects to these admission to the extent they seek the disclosure of information not required under the Federal Rules of Civil Procedure, or reasonably calculated to lead to the discovery of admissible evidence.
3. Defendant objects to these admissions as unduly burdensome and oppressive insofar as they seek information already in the Plaintiff's possession, custody and/or control.
4. Defendant's responses to these admissions, insofar as it may refer to a document produced, shall not be deemed to constitute an admission that any particular document exists, is relevant, or is admissible as evidence or that the subject matter of the request is relevant to the litigation.
5. Subject to and without waiving any of his objections, Defendant reserves the right to supplement these responses, as needed, should he later obtain additional responsive information.
6. Defendant objections to these admissions as to the extent they seek admissions regarding the other Defendants and/or other Department of Correction employees. Defendant can only respond as to himself.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**

Admit that You were employed as an Officer by the DOC on March 5, 2020.

**RESPONSE NO. 1**

Admitted.

**REQUEST NO. 2**

Admit that You were working at SBCC on March 5, 2020.

**RESPONSE NO. 2**

Admitted.

**REQUEST NO. 3**

Admit that Your rank and title during the Relevant Time Period was CO II.

**RESPONSE NO. 3**

Denied. I was a CO I at the time.

**REQUEST NO. 4**

Admit that, as a DOC Officer, You received training on the obligation to report use-of-force incidents.

**RESPONSE NO. 4**

Admitted.

**REQUEST NO. 5**

Admit that, as a DOC Officer, You received training on the obligation to call for medical attention when an incarcerated person is injured.

**RESPONSE NO. 5**

Admitted.

**REQUEST NO. 6**

Admit that, as a DOC Officer, You received Use of Force training, including on the use of Chemical Agents.

**RESPONSE NO. 6**

Admitted.

**REQUEST NO. 7**

Admit that, on March 5, 2020, You were present outside the Strip Cage in the RHU at SBCC when Chemical Agents were deployed against Plaintiff.

**RESPONSE NO. 7**

Admitted to the extent that I was present outside the Strip Cage in the RHU but denied as to the deployment of Chemical Agents against Plaintiff. The agent deployed on Plaintiff on March 5, 2020 was Oleoresin Capsicums (OC) spray, a "a natural, oily resin derived from capsicums designed to be an inflammatory agent".

**REQUEST NO. 8**

Admit that, on March 5, 2020, You used physical force against Plaintiff while he was in the Strip Cage.

**RESPONSE NO. 8**

Defendant objects to this Request specifically to the use of the phrase "physical force" as it runs contrary to force as defined in DOC's Use of Force Regulation, 103 CMR 505. Defendant further objects to the use of the phrase "physical force" as it is vague, ambiguous, and possibly open to multiple interpretations.

Subject to and without waiving these objections: Admitted to the extent that I used force as defined in the Use of Force Regulation, 103 CMR 505.

**REQUEST NO. 9**

Admit that, on March 5, 2020, Plaintiff told DOC Officers he was asthmatic before Chemical Agent was deployed against him in the Strip Cage.

**RESPONSE NO. 9**

Following reasonable inquiry, Defendant can neither admit nor deny this request as he lacks the knowledge.

**REQUEST NO. 10**

Admit that, on March 5, 2020, You were among the officers who escorted Plaintiff from the Strip Cage to the SBCC Hospital Unit.

**RESPONSE NO. 10**

Admitted.

**REQUEST NO. 11**

Admit that, on March 5, 2020, You were present inside K-3, cell #5 when Plaintiff was brought into that cell.

**RESPONSE NO. 11**

Admitted.

**REQUEST NO. 12**

Admit that, on March 5, 2020, You used physical force against Plaintiff inside K-3, cell #5.

**RESPONSE NO. 12**

Defendant objects to this Request specifically to the use of the phrase "physical force" as it runs contrary to force as defined in DOC's Use of Force Regulation, 103 CMR 505. Defendant further objects to the use of the phrase "physical force" as it is vague, ambiguous, and possibly open to multiple interpretations.

Subject to and without waiving these objections: Admitted to the extent that I used force as defined in the Use of Force Regulation, 103 CMR 505.

**REQUEST NO. 13**

Admit that you heard Officers refer to Plaintiff using Derogatory Terms during the March 5 incident.

**RESPONSE NO. 13**

Denied.

**REQUEST NO. 14**

Admit that during your time at DOC you have heard Officers use Derogatory Terms to describe incarcerated people.

**RESPONSE NO. 14**

Denied.

**REQUEST NO. 15**

Admit that, according to DOC Policies and Procedures, You were required to accurately describe each use of force in the incident report You wrote concerning that use of force incident.

**RESPONSE NO. 15**

Defendant objects to this Request to the extent that it purports to characterize a policy/policies as well as a document or documents that speak for themselves.

Subject to and without waiving these objections: Admitted.

**REQUEST NO. 16**

Admit that, according to DOC Policies and Procedures, you were required to report any observed Use of Force by another officer, regardless of whether you personally participated in that Use of Force.

**RESPONSE NO. 16**

Defendant objects to this Request to the extent that it purports to characterize a policy/policies as well as a document or documents that speak for themselves.

Subject to and without waiving these objections: Admitted.

**REQUEST NO. 17**

Admit that, according to DOC Policies and Procedures, You were required to submit any incident report concerning a Use of Force incident by the end of Your shift.

**RESPONSE NO. 17**

Defendant objects to this Request to the extent that it purports to characterize a policy/policies as well as a document or documents that speak for themselves.

Subject to and without waiving these objections: Denied as written. DOC's policy during the Relevant Time Period required a report to be written by end of tour.

**REQUEST NO. 18**

Admit that, according to DOC Policies and Procedures, if You could not submit an incident report concerning a Use of Force incident by the end of Your shift, You were required to stay after the end of Your shift to complete that report.

**RESPONSE NO. 18**

Defendant objects to this Request to the extent that it purports to characterize a policy/policies as well as a document or documents that speak for themselves.

Subject to and without waiving these objections: Denied as written. DOC's policy during the Relevant Time Period required a report to be written by end of tour unless authorization was

received to submit the report at a later time. There was no explicit requirement that I was required to stay after my shift though I likely did at times.

**REQUEST NO. 19**

Admit that the document attached hereto as Exhibit A, Bates No. R11 P22, is a true and correct copy of your Incident Report, dated March 5, 2020.

**RESPONSE NO. 19**

Defendant objects to this Request to the extent that it purports to characterize a document or documents which speaks for themselves.

Subject to and without waiving these objections: Admitted.

**REQUEST NO. 20**

Admit that Your Incident Report accurately reflects the full extent of Your recollection of the March 5 incident.

**RESPONSE NO. 20**

Defendant objects to this Request to the extent that it purports to characterize a document or documents which speaks for themselves.

Subject to and without waiving these objections: Admitted.

**REQUEST NO. 21**

Admit that, prior to March 5, 2020, You were aware that Plaintiff started the BLACC program at SBCC.

**RESPONSE NO. 21**

Denied.

**REQUEST NO. 22**

Admit that You had concerns that the BLACC program was discriminatory towards white people.

**RESPONSE NO. 22**

Defendant objects to this Request to the extent that it is broad, vague, ambiguous and assumes facts not otherwise established.

Subject to and without waiving these objections: Denied.

**REQUEST NO. 23**

Admit that, prior to March 5, 2020, You were aware that Plaintiff had filed grievances against SBCC Officers.

**RESPONSE NO. 23**

Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, not limited in scope and time and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections: Denied. I have no knowledge of grievances filed against other SBCC officers.

**REQUEST NO. 24**

Admit that during the Relevant Time Period, You used Your personal phone for work communications.

**RESPONSE NO. 24**

Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, not limited in scope and time and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the use of the phrase "work communications" as vague, ambiguous, and possibly open to multiple interpretations.

Subject to and without waiving these objections: Admitted to the extent that if I needed to contact work, I would use my personal phone as I was not issued a DOC work phone.

**REQUEST NO. 25**

Admit that during the Relevant Time Period, You used Your personal email for work communications.

**RESPONSE NO. 25**

Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, not limited in scope and time and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the use of the phrase "work communications" as vague, ambiguous, and possibly open to multiple interpretations.

Subject to and without waiving these objections: Admitted to the extent that sometimes I would receive emails to my personal email since I did not have a DOC work email address at the time.

Signed under the pains and penalties of perjury this 14th day of August 2026.

THOMAS MEMBRINO

**AS TO OBJECTIONS:**

*/s/ Brittni Wipper*
Brittni Wipper, BBO #696786
Department of Correction- Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300, Ext. 1158
Brittni.Wipper@doc.state.ma.us