# EXHIBIT I

*The Commonwealth of Massachusetts*
*Executive Office of Public Safety & Security*
*Department of Correction*
*Legal Division*
*70 Franklin Street, Suite 600*
*Boston, MA 02110*
*Tel: (617) 727-3300*
*www.mass.gov/doc*

**MAURA T. HEALEY**
*Governor*

**KIMBERLEY DRISCOLL**
*Lieutenant Governor*

**GINA K. KWON**
*Secretary*

**SHAWN P. JENKINS**
*Commissioner*

Delivered via Email

September 25, 2026

Julia Bevan, Esq.
Sabina Mariella, Esq.
Jayden Rush, Esq.
Katherine Zhang, Esq.
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 10001

Derrick Luster, Esq.
Sumayya Saleh, Esq.
Rights Behind Bars
1800 M Street NW
Front 1 #33821
Washington, DC 20033

RE: Washington v. Department of Correction, et. al.; USDC 1:23-cv-10063 (MRG); DOC Defendants' Response to Plaintiff's September 21, 2026 Correspondence

Attorneys Bevan, Mariella, Rush, Zhang, Luster, and Saleh,

DOC Defendants respond to your email and letter dated September 21, 2026 with your inquiries regarding the DOC's Privilege and Redaction Logs.

As an initial matter, DOC Defendants assert that the redaction log produced in this matter does comport with the Federal Rules of Civil Procedure regarding discovery. DOC Defendants do not agree that the redaction log needs to meet the same requirements as a privilege log. Plaintiff is in possession of the documents that are identified on the redaction log just with the parts of the document redacted for specific reasons. There is no requirement that DOC Defendants need to go into extreme specificity regarding the redactions.

DOC Defendants stand by their redactions for most of the documents identified on the redaction log. The redaction for HIPAA and/or medical information is either of (1) other incarcerated individuals or (2) other DOC staff members and/or third parties. This information cannot be disclosed pursuant to both HIPAA and Massachusetts law absent these individuals providing consent and/or a release, which does not exist in this case. To the extent that there is a document in which Plaintiff's medical information was inadvertently redacted, that document will be produced in an unredacted form.

DOC Defendants stand by their redaction of personally identifying information ("PII) of third-party individuals as required by Massachusetts law. Massachusetts state law provides that personnel/personal information is not subject to public disclosure. G.L. c. 4, § 7(26)(a)(c); G.L. c. 66, § 10; G.L. c. 66A, § 2(c)(k); and G.L. c. 214, § 1B. PII of third parties is protected from disclosure, absent consent of the data subject, as "personal data" under the Fair Information Practices Act, G.L. c. 66A, and can only be provided through the process provided in that Act. G.L. c. 66A, §2.

Additionally, DOC Defendants redacted intelligence information, which is prohibited from disclosure to the public pursuant to Massachusetts statute G.L. c. 4, § 7(26)(b)(f) and G.L. c. 6, §§ 167, as well as Department regulation at 103 CMR 157.07. These redactions include Security Threat Group ("STG") status of individuals and other confidential intelligence information, which if disclosed, would jeopardize institutional and operational safety and security, as well as public safety. DOC Defendants need not go into detail as to the myriad ways that the safe and orderly running of a correctional facility would be impacted should this information be disclosed.

DOC Defendants are not improperly redacting names of potential witnesses. Rather, DOC Defendants have redacted the PII of third parties as required by Massachusetts law. DOC Defendants will not produce un-redacted copies of any documents that have been redacted for PII or for STG, safety and/or security concerns.

With regards to documents redacted for "nonresponsive", DOC Defendants contend that these documents are irrelevant and not responsive to Plaintiff's Request for Production of Documents and therefore were properly redacted. Nonetheless, in the interest of compromise, DOC Defendants will produce those documents in unredacted form.

We hope this clarifies and addresses your inquiries regarding DOC's redaction log. DOC Defendants intend to produce unredacted copies of the documents identified in this letter by September 30, 2026.

Sincerely,

/s/ *Brittni Wipper*

Brittni Wipper
Stephanie M. Caffrey