# EXHIBIT N

**From:** Julia Bevan
**To:** Caffrey, Stephanie M. (DOC); Wipper, Brittni (DOC)
**Cc:** Jayden Rush; Sabina Mariella; SSaleh; Katherine Zhang; Derrick Luster; Matthew D. Medoff; Matthew Holmes; Lori Vaulding; Richards, Danielle L. (DOC)
**Subject:** Re: Washington v. MDOC, et al., - Outstanding Discovery Issues
**Date:** Monday, September 28, 2026 10:40:32 PM
**Attachments:** image001.png
image002.png
image003.png
image004.png

---

Counsel,

We write regarding several outstanding discovery issues in advance of the close of fact discovery on September 30, 2026.

**The Kenneway Plan**

Plaintiff received Defendants' letter regarding the "Kenneway plan" and the March 5 strip-cell footage. With respect to the Kenneway plan, several questions remain unanswered. Plaintiff is not suggesting that another version of the produced memorandum exists. Rather, Plaintiff remains unconvinced that the memorandum Defendants produced is the plan Defendant Kenneway referenced during his deposition.

Defendants contend that the memorandum is the referenced plan because it "focuses on the restrictions of north side inmates." But the fact that the memorandum corresponds to some aspects of Defendant Kenneway's testimony does not establish that it is the same document he described.

Defendant Kenneway testified that the plan included protocols governing inmate assignments during the reorganization and that he submitted the plan for review and approval before implementation. (*See* Kenneway Tr. 100:22-101:3; 83:6-15; 84:13-16.) The produced memorandum contains no such assignment protocols. Moreover, the memorandum was sent nine days after the reorganization occurred, making it impossible for that memorandum to be the document Kenneway described as having been submitted for approval before the reorganization was implemented.

To be clear, Plaintiff is not asserting that another version of the produced memorandum exists. Plaintiff's position is simply that the produced memorandum does not appear to be the plan Defendant Kenneway described in his testimony.

Accordingly, Plaintiff requests that Defendants confirm, no later than September 30, 2026, that no other document or collection of documents exists matching the plan described by

Defendant Kenneway in his deposition. If such document does exist, please produce it immediately. For the avoidance of doubt, this request includes any memoranda, protocols, criteria governing North Side placements, and related correspondence.

**<u>March 5 Strip-Cell Footage</u>**

Plaintiff also requested a written certification from a records custodian with personal knowledge addressing:

1. Whether there exists a version of the March 5, 2020 footage that does not contain the superimposed gray box;
2. Whether there has ever existed a version of the footage without the gray box and, if so, when and why it was destroyed;
3. The purpose of the gray box, including any policy, procedure, or practice governing its use; and
4. The method by which the gray box is added, including whether it is generated by the recording equipment or applied after recording.

In response, Defendants directed Plaintiff to DOC Policy 103 DOC 519.05(F), a policy addressing sexual-abuse prevention and a superintendent's obligation to ensure privacy. The policy does not specifically address strip-cell surveillance footage or require the privacy masking reflected in the March 5 video.

Because the cited policy does not answer Plaintiff's questions, Plaintiff requests that DOC provide information regarding: (1) when privacy masking was first implemented on strip-cell video footage; (2) who determined the size of the masking box; and (3) whether the practice remains in effect today. Plaintiff also renews his request that the foregoing questions, as well as his prior follow-up questions, be addressed through a certification from a records custodian with personal knowledge.

Please advise by the close of business tomorrow if DOC does not intend to comply with Plaintiff's request, including refusal to respond with the requested certification.

**<u>Searches of Personal Devices</u>**

Finally, pursuant to the Court's August 21, 2026 Order, Defendants submitted declarations regarding searches of individual DOC Defendants' personal devices. Plaintiff is concerned that those searches may not satisfy the requirements imposed by the Court.

The Court ordered that the searches be "conducted by, or directly overseen by, defense counsel" and that "[i]t shall not be left to the individual Defendants to determine unilaterally whether potentially responsive communications exist." (ECF No. 211 at 1).

However, each declaration states that the individual declarant personally "conducted a diligent search of my personal cell phone's data, including messaging applications." (*See* ECF No. 215-1). Similar statements are made regarding personal email accounts. The declarations do not describe any involvement by counsel in conducting or directly overseeing the searches. In addition, Defendant Kenneway states that, after locating a responsive text message, he "forwarded" it to counsel, suggesting that he independently identified and collected responsive material.

Accordingly, by September 30, 2026, please confirm whether counsel conducted or directly oversaw these searches and provide a description of the process used, including the nature and extent of counsel's involvement.

Best,
Julia

**Julia Bevan** (she/her/hers)
Associate

BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(d) +1 212 446 2355
jbevan@bsfllp.com
www.bsfllp.com

---

**From:** Caffrey, Stephanie M. (DOC) <Stephanie.M.Caffrey@doc.state.ma.us>
**Sent:** Monday, September 14, 2026 11:35 AM
**To:** Julia Bevan <jbevan@bsfllp.com>; Wipper, Brittni (DOC) <Brittni.Wipper@doc.state.ma.us>
**Cc:** Jayden Rush <jrush@bsfllp.com>; Sabina Mariella <SMariella@BSFLLP.com>; SSaleh <sumayya@rightsbehindbars.org>; Katherine Zhang <KZhang@BSFLLP.com>; Derrick Luster <derrick@rightsbehindbars.org>; Matthew D. Medoff <mmedoff@adlercohen.com>; Matthew Holmes <mholmes@adlercohen.com>; Lori Vaulding <lvaulding@adlercohen.com>; Richards, Danielle L. (DOC) <Danielle.L.Richards@doc.state.ma.us>
**Subject:** RE: Washington v. MDOC, et al., - Outstanding Discovery Issues

**CAUTION: External email. Please do not respond to or click on links/attachments unless you recognize the sender.**