# EXHIBIT O

*The Commonwealth of Massachusetts*
*Executive Office of Public Safety & Security*
*Department of Correction*
*Legal Division*
*70 Franklin Street, Suite 600*
*Boston, MA 02110*
*Tel: (617) 727-3300*
*www.mass.gov/doc*

**MAURA T. HEALEY**
*Governor*

**KIMBERLEY DRISCOLL**
*Lieutenant Governor*

**GINA K. KWON**
*Secretary*

**SHAWN P. JENKINS**
*Commissioner*

Delivered via Email

September 30, 2026

Julia Bevan, Esq.
Sabina Mariella, Esq.
Jayden Rush, Esq.
Katherine Zhang, Esq.
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 10001

Derrick Luster, Esq.
Sumayya Saleh, Esq.
Rights Behind Bars
1800 M Street NW
Front 1 #33821
Washington, DC 20033

RE: Washington v. Department of Correction, et. al.; USDC 1:23-cv-10063 (MRG); DOC Defendants' Response to Plaintiff's September 28, 2026 Correspondence

Attorneys Bevan, Mariella, Rush, Zhang, Luster, and Saleh,

DOC Defendants have reviewed your email correspondence dated September 28, 2026 and respond as follows.

**The Kenneway Plan**

DOC Defendants have addressed this issue repeatedly and at length. While DOC Defendants understand that Plaintiff believes Defendant Kenneway was testifying about another document at his deposition, Counsel for DOC Defendants has conferred with Defendant Kenneway regarding his deposition testimony. Without waiving attorney-client privilege, Defendant Kenneway identified the produced document as the document he was referring to with regard to his deposition

testimony in this matter. Per Defendant Kenneway, there are no other documents to which he was referring. DOC Defendants contend that any ambiguity and/or confusion in his deposition testimony is due to the questions themselves as posed by Plaintiff's counsel. Again, as previously noted by DOC Defendants, the document identified as the Kenneway plan, along with his emails and various other documents, were produced to Plaintiff's counsel nearly one month before his deposition. There was ample opportunity to obtain further clarification during Defendant Kenneway's deposition testimony if Plaintiff was unclear about that testimony, especially where Defendant Kenneway was deposed for more than five hours. DOC Defendants have no other documents to produce with regard to the Kenneway plan. DOC Defendants trust that this ends Plaintiff's continued and belabored inquiry into this document.

**March 5 Strip Cell Footage**

DOC Defendants have also addressed this issue at length. Counsel for DOC Defendants made inquiries and provided responses to your questions regarding the March 5, 2020 video footage.

This issue was also briefed by both parties in the Second Joint Discovery Statement to the Court and the Court addressed this issue in its August 21, 2026 Order. DOC Defendants provided a converted format of the video to Plaintiff's Counsel on September 2, 2026 via a OneDrive link. Furthermore, the Court, in its Order, did not direct DOC Defendants to file any such written certification that Plaintiff seeks. As such, DOC Defendants are not willing to accommodate Plaintiff's written request for a certification. This request goes above and beyond the discovery requests propounded by Plaintiff in this action, and beyond what the Court ordered DOC Defendants to do with regard to the March 5 strip cell footage in its August 21, 2026 Order; as such, Plaintiff's insistence on such certification is completely unreasonable and irrational and beyond any plausible discovery requirements.

**Searches of Personal Cell Phones**

DOC Defendants disagree with Plaintiff's interpretation of the Court's August 21, 2026 Order. The Court's Order specifically states, "The Court **ORDERS** a counsel-supervised search of personal email and personal cell phone data, including messaging applications, for **Dumont, Catalano, Barnes, Pepoli, Fonseca, and Hillis**." The Court took the time to single out six (6) of the 23 DOC Defendants in Section 1 of its Order, which indicates that those six (6) Defendants are ordered to have a counsel-supervised search. The Order then further states in relevant part, "**As to the remaining individual Defendants,** each shall file on the docket a sworn affidavit by September 16, 2026 attesting that, after conducting a diligent search consistent with the parameters above, Defendants do not have any communications responsive to the above search terms." Nowhere in the second part of this Order does the Court order the remaining DOC Defendants to conduct counsel-supervised searches. Rather, DOC Defendants' reasonable interpretation of the Court's August 21, 2026 Order is that only for the first six (6) expressly identified DOC Defendants was a counsel-supervised search required. Such counsel-supervised searches were conducted for the six (6) named Defendants within the timeframe ordered by the Court, and responses were

produced to Plaintiff's counsel accordingly. Furthermore, the Court did not direct Counsel for DOC Defendants to file any confirmation or description of the process used, including the nature and extent of Counsel's involvement regarding these six (6) DOC Defendants. For the remaining DOC Defendants, the affidavits filed on the docket satisfy the Court's Order. As such, DOC Defendants have complied in good faith with the Court's Order on this matter.

Sincerely,

/s/ *Brittni Wipper*

Brittni Wipper
Stephanie M. Caffrey