**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

DERRICK WASHINGTON,

*Plaintiff*,

v.

MASSACHUSETTS DEPARTMENT OF CORRECTION, SUPERINTENDENT KENNEWAY, LIEUTENANT DESCHENE, LIEUTENANT FORGET, SERGEANT HELLIS, SERGEANT TOCCI, OFFICER CATALANO, OFFICER GAGNON, NURSE CAPOCCIA,

*Defendants*.

Civil No. 1:23-cv-10063-MRG

**ORDER RE: JOINT DISCOVERY DISPUTE [ECF No. 218]**

**GUZMAN, J.**

The Court has reviewed the parties' Third Joint Discovery Dispute Statement [ECF No. 218] and ORDERS as follows. Unless otherwise stated, amended, verified answers are due by November 12, 2026.

**1. Interrogatories**

Plaintiff's request that the Court deem DOC's objections waived is **DENIED**.

**Interrogatory 1. GRANTED** as narrowed. DOC shall identify the DOC staff and contractors who participated in or directly witnessed each of the Incidents (as defined in ECF No. 218-2, Definition 13), stating each person's name, job title at the time, and the Incident(s) involved. DOC may instead identify the specific Bates-numbered pages (such as incident reports or rosters) that name them. DOC need not provide addresses, badge numbers, or summaries of knowledge.

**Interrogatory 3.** The objections are **OVERRULED**. For each affirmative defense, DOC shall state the principal and material facts supporting it and identify the key documents (by Bates number) and/or witnesses. DOC need not state legal arguments or disclose privileged information.

If DOC cannot do so for lack of a factual basis, or chooses not to, it shall instead withdraw that defense by written notice served on Plaintiff by the same deadline.

**Interrogatory 4. GRANTED IN PART**. DOC shall identify each investigation of the Incidents (as defined in ECF No. 218-2, Definition 13) that it conducted in the ordinary course of business, including use-of-force reviews and Internal Affairs inquiries, and identify any resulting reports by Bates number. As to any investigation conducted by or for counsel in connection with this litigation, DOC shall state whether any witness statements were obtained and who has custody of them. DOC need not disclose counsel's findings, mental impressions, or conclusions.

**Interrogatory 5. GRANTED**. DOC shall describe its search for documents responsive to Plaintiff's Second Requests for Production, including the sources searched (such as email accounts, shared drives, paper files, and video systems), the custodians whose files were searched, the date ranges, and the search terms used.

**Interrogatories 8 and 9.** The parties shall meet and confer to agree on a reasonable scope for these interrogatories. By Friday, November 6, 2026, they shall file either (a) a joint notice stating the agreed scope, or (b) if they cannot agree, a joint statement of no more than three pages setting out each side's proposal. DOC shall answer within 14 days after the joint notice or the Court's ruling.

**Interrogatories 10 and 11.** The objections are **OVERRULED**. DOC shall state whether it disputes that Plaintiff suffered injuries as described and, if so, state the principal facts on which it relies. A reference to DOC's Answer is not sufficient. "[I]t is well settled that parties may use contention interrogatories to obtain specification of the facts upon which a claim is grounded." Britton v. Marcus, Errico, Emmer & Brooks, P.C., No. 18-CV-11288-IT, 2021 WL 3604841, at *2 n.1 (D. Mass. Aug. 13, 2021) (citing Fed. R. Civ. P. 33(a)(1)).

**Interrogatory 12. GRANTED** as narrowed. DOC shall identify, by name, title, and role, the staff who approved, administered, or supervised the BLACC program between June 1, 2019, and March 5, 2020. DOC may answer by identifying specific Bates-numbered pages that name them. DOC need not identify staff who merely attended or provided security at BLACC meetings and need not provide addresses or badge numbers.

**Interrogatory 13. GRANTED**. DOC shall identify any written or informal procedure in place at SBCC from January 1, 2020, to August 31, 2020, for screening for medical contraindications before force is used, including for spontaneous uses of force and force not involving chemical agents. If no procedure exists beyond the regulation quoted in DOC's answer, DOC shall state so in its amended answer.

**Interrogatory 14. GRANTED** as limited. Because DOC represents that March 5, 2020 was the only use of chemical agents on Plaintiff between 2015 and 2020, DOC shall answer as to that date only: whether the "Use of Chemical Agents" form was completed, by whom, and its Bates number.

**Interrogatory 15.** **GRANTED**. DOC shall describe the criteria and process used to assign Plaintiff to the North Side, who made the decision, and the documents reflecting it (by Bates number). If nothing further exists, DOC shall state so under oath.

**Interrogatory 16.** **GRANTED** as narrowed to subparts (i) through (iii). DOC shall state in writing whether Sgt. Tocci shared or disclosed Plaintiff's grievances with other staff between June 1, 2019, and December 31, 2020, with whom, and when. A reference to Sgt. Tocci's deposition, without citation to responsive testimony, is not sufficient.

**Interrogatory 19.** **GRANTED**. DOC shall provide, for each disciplinary report issued against Plaintiff between November 1, 2019, and March 31, 2020, the date, issuing officer, conduct alleged, and outcome, either in a short chart or by Bates ranges.

**Interrogatories 20 and 22.** **GRANTED**. For communications already produced, DOC may answer by Bates ranges. DOC shall also identify any other responsive communications known to it after reasonable inquiry.

**Interrogatory 21.** **GRANTED**. DOC may answer by Bates number. Responsive records may be designated Confidential under the Protective Order [ECF No. 130].

**Interrogatory 23.** **GRANTED IN PART**. Because no answer or objection was served, objections are waived. Each of Defendants Gilman, Hollenbach, Cummings, Gagnon, Pepoli, Dumont, Simula, Cacioppo, Membrino, and Fonseca shall serve a verified answer, limited to the Requests for Admission he denied outright. For each, he shall state the principal facts supporting the denial and identify supporting documents (by Bates number) and persons with knowledge. Partial admissions (including responses admitting force "as defined in 103 CMR 505") and lack-of-knowledge responses need not be explained.

**2. Requests for Admission**

**Asthma requests (Cacioppo No. 8; Simula No. 9; Membrino No. 9).** **GRANTED**. Each request asks whether Plaintiff told officers he was asthmatic before a chemical agent was deployed. Each officer admits he was present outside the strip cage at the time, and each answered that he lacks knowledge. A party may claim lack of knowledge only after a reasonable inquiry into information it knows or can readily obtain, and DOC's handheld video of the incident is readily obtainable. By November 12, 2026, each officer shall review that video and serve an amended response. An officer may state that he does not personally recall hearing the statement.

**Chemical-Agent Training (Gagnon No. 6).** **GRANTED IN PART**. By November 12, 2026, Defendant Gagnon shall serve an amended response that states specifically what training he admits receiving, including the chemical-agent training reflected in his training records, and what he denies. The Court does not find on this record that the original response was made in bad faith and declines to impose sanctions.

**3. Redaction Log**

The Court's Order dated August 21, 2026 [ECF No. 211] required a log that complies with Rule 26(b)(5) and Local Rule 34.1(e). That requirement applies to redactions as well as to documents withheld in full. Most of the redactions on DOC's log, however, rest on confidentiality rather than privilege: personal information, CORI, medical information, and security concerns. In this federal civil rights action, state confidentiality statutes do not create privileges. Those interests are protected by the Protective Order [ECF No. 130], which includes an Attorneys' Eyes Only designation.

Plaintiff's request for a finding that DOC waived its privilege claims is **DENIED**. By November 12, 2026, DOC shall:

(1) Remove redactions of Plaintiff's own information, including his date of birth, his medical information, and his own security-threat-group status.

(2) Remove redactions of the names of persons, including DOC staff, other incarcerated individuals, and third parties. DOC may designate them Confidential or Attorneys' Eyes Only under the Protective Order.

(3) Third-party identifiers may remain redacted: dates of birth, home addresses, Social Security numbers, telephone numbers, and employee identification numbers. The medical information and security-threat-group status of other incarcerated individuals may also remain redacted.

(4) Supplement the log for each redaction described as a confidential or institutional report, outside-agency material, or intelligence. Each entry shall state the date, author, recipients, general subject matter, and the basis for the redaction. DOC shall produce under an Attorneys' Eyes Only designation any such material that concerns Plaintiff, the Incidents, or his complaints.

(5) Supplement the log for each attorney-client redaction with the date, the attorney involved, the recipients, and the general subject matter.

To the extent any information ordered produced under this Order is protected health information, this Order authorizes its disclosure under 45 C.F.R. § 164.512(e)(1)(i), subject to the Protective Order.

**4. March 5, 2020 Strip-Cell Footage**

By November 12, 2026, DOC shall file a sworn affidavit from a person with personal knowledge, confirming (1) that the privacy mask is applied by the camera itself and appears on the live feed and on every recording from that camera, and (2) that no version of the March 5, 2020 footage without the mask exists or has ever existed. Plaintiff's request for a Rule 30(b)(6) deposition on this subject is **DENIED** without prejudice.

**5. Searches of Personal Devices**

The August 21, 2026 Order required that personal-device searches be conducted by, or directly overseen by, defense counsel, and that individual Defendants not decide on their own whether potentially responsive communications exist. That requirement applied to the six Defendants named in the Order (Dumont, Catalano, Barnes, Pepoli, Fonseca, and Hillis). Those were the Defendants as to whom Plaintiff made the showing required by the Court's April 24, 2026 Order: that "directly relevant and probative correspondence exists on personal devices or accounts[.]" [ECF No. 188]. The requirement does not apply to the remaining Individual Defendants. For them, a "diligent search consistent with the parameters above" meant a search using the same search terms and date range, followed by a sworn affidavit. [ECF No. 211 at 1–2].

Accordingly, Plaintiff's requests for new counsel-supervised searches of the remaining Individual Defendants' devices and for declarations regarding auto-delete settings are **DENIED**. To the extent not already done, DOC shall produce the responsive text message identified in Defendant Kenneway's affidavit by November 12, 2026.

**6. Schedule**

If the parties believe this Order makes compliance with the operative scheduling order impracticable, they shall file a joint proposed scheduling order by November 6, 2026. The Court will not tolerate unreasonable delay.

**SO ORDERED**.

Dated: November 2, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge