**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DERRICK WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | Case No. 1:23-cv-10063 |

**PLAINTIFF'S UNOPPOSED MOTION TO SEAL SUMMARY JUDGMENT EXHIBITS WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff Derrick Washington will be filing a motion for summary judgment. His statement of undisputed material facts relies, in part, on confidential documents containing personal health information ("PHI") and other documents DOC designated as "confidential" or "attorneys' eyes only." In accordance with the protective order (ECF No. 130) and Local Rule of Civil Procedure 7.2, Mr. Washington moves for an order permitting him to file unredacted versions of those exhibits under seal. Because the documents contain protected health information, including third-party medical care information and information not relevant to the dispute in this case, as well as sensitive corrections information, good cause exists to seal the documents "until further order of the court." L.R. Civ. 7.2.

**BACKGROUND**

1. The summary judgment deadline in this case is November 13, 2026. ECF No. 230.

2. Mr. Washington plans to file a motion for partial summary judgment.

3. Mr. Washington's statement of undisputed material facts relies, in part, on documents containing Mr. Washington's confidential medical records, including protected health

information. It also relies on two documents containing correctional information that Defendant MDOC designated "attorneys' eyes only" or "confidential."

4. Such information is protected under the terms of the protective order. *See* ECF No. 130 ¶ 3.c, e.

5. As such, Mr. Washington seeks an order permitting him to file unredacted versions of the following summary judgment exhibits under seal:[1]

| **Exhibit Number** | **Bates Number** | **Description** |
|---|---|---|
| Exhibit 1 | WASH_0002384 | PHI; includes information about medical issues and test results unrelated to this case |
| Exhibit 2 | WASH_0002463 | PHI; includes information about medical issues and test results unrelated to this case |
| Exhibit 3 | WASH_0002370-71 | PHI; includes information about medical issues unrelated to this case and their corresponding care plans or test results, as well as medical histories of Mr. Washington's mother and grandfather |
| Exhibit 4 | R9 P735-756 | Attorneys' Eyes Only; MDOC internal policy regarding the use of chemical agents, specialty impact munitions/distraction devices, batons, and electronic control devices |
| Exhibit 5 | WASH_0002359-60 | PHI; includes information about medical issues unrelated to this case |
| Exhibit 6 | WASH_0002353-2354 | PHI; includes information about medical issues unrelated to this case and their corresponding care plans, as well as medical histories of Mr. Washington's mother and grandfather |

[1] Redacted versions of all exhibits, except for Exhibit 19, will be attached to this motion and the summary judgment motion. Exhibit 19 is a video that cannot be redacted or electronically filed.

| | | |
|---|---|---|
| Exhibit 7 | WASH_0004288 | PHI; relevant to this case |
| Exhibit 9 | WASH_0000378-383 | PHI; includes information about medical issues unrelated to this case and their corresponding care plans, as well as medical histories of Mr. Washington's mother and grandfather; lists PREA report and identifies potential prior sexual abuse at a previous facility |
| Exhibit 10 | WASH_0004286 | PHI; relevant to this case |
| Exhibit 11 | WASH_0000502 | PHI; relevant to this case |
| Exhibit 12 | WASH_0000370-376 | PHI; includes information about medical issues unrelated to this case and their corresponding care plans, as well as medical histories of Mr. Washington's mother and grandfather |
| Exhibit 13 | WASH_0001341 | PHI; relevant to this case |
| Exhibit 14 | WASH_0003454 | PHI; relevant to this case |
| Exhibit 15 | WASH_0000501 | PHI; relevant to this case |
| Exhibit 16 | R86 P297 | Confidential; grievance filed by Mr. Washington related to use of force |
| Exhibit 18 | WASH_0001054 | PHI; relevant to this case |
| Exhibit 19 | M2UO1467 | Confidential; use of force video footage |
| Exhibit 21 | WASH_0004282 | PHI; relevant to this case |
| Exhibit 22 | WASH_0001335 | PHI; relevant to this case |
| Exhibit 23 | WASH_0003408-3413 | PHI; includes information about medical issues unrelated to this case and their corresponding care plans, as well as medical histories of Mr. Washington's mother and |

| | | |
|---|---|---|
| | | grandfather |

## DISCUSSION

"Judicial records," or "materials on which a court relies in determining the litigants' substantive rights" are presumptively subject to the common law right of public access. *United States v. Kravetz*, 706 F.3d 47, 54 (1st Cir. 2013) (citation omitted). When deciding a motion to seal, courts must "weigh the presumptively paramount right of the public to know against the competing private interests at stake." *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987).

### A. Protected Health Information

There are two types of medical records containing PHI at issue: 1) medical records pertaining solely to Mr. Washington's asthma and treatment, which are at issue in this case ("relevant but confidential"),[2] and 2) medical records containing extraneous information, either about unrelated and irrelevant pieces of Mr. Washington's medical history or that of his family members ("partially irrelevant and confidential").[3] Both should be sealed. "Medical information" "universally is presumed to be private, not public." *Kravetz*, 706 F.3d at 63 (citation omitted); *see also* Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d; 45 C.F.R. §§ 160.103–164.501 (2003). While the "privacy interest in medical information is neither fundamental nor absolute," *Kravetz*, 706 F.3d at 63 (citation modified), the circumstances here support sealing.

The privacy interest at stake is significant. With respect to the records that are "relevant but confidential," "the right of public access [will be] satisfied without unsealing the medical

[2] These are Exhibits 7, 10, 11, 13, 14, 15, 18, 21, and 22.
[3] These are Exhibits 1, 2, 3, 5, 6, 9, 12, and 23.

records underpinning the revealed information." *United States v. Curtis Oliver*, No. 1:16-CR-00137-JAW-1, 2024 WL 4544680, at *2 n.2 (D. Me. Oct. 22, 2024). This is because Mr. Washington plans to include in his summary judgment motion and statement of undisputed material facts unredacted medical information that is necessary for the disposition of his motion, focused on his diagnosis of and treatment for asthma. In other words, it is "unnecessary" to file the complete medical records on the public docket "since the public [will have] the critical information" relevant to the adjudication of the summary judgment motion. *See id.* The same is true for the "partially irrelevant and confidential" documents.

The "partially irrelevant and confidential" documents also contain information far beyond that which is necessary to "determin[e] the litigants' substantive rights" and are instead "peripheral." *Kravetz*, 706 F.3d at 54, 63 (citation omitted). For instance, they contain information about unrelated medical issues Mr. Washington had during the relevant time, including his symptoms, plan of care, and treatment information. Several also include notes relating to the medical history of Mr. Washington's mother and grandfather, who are non-parties and whose medical history is not otherwise relevant to this action. *See United States v. Hodges*, No. 2:23-CR-00048-JAW-1, 2025 WL 894936, at *4 (D. Me. Mar. 24, 2025) (explaining that third-party privacy interests are "a venerable common law exception to the presumption of access") (citation omitted).

**B. Other Confidential Information**

There are three additional documents that MDOC marked as confidential under the protective order. Exhibit 4 is an internal DOC policy governing the use of chemical agents and other types of force and Exhibit 19 is a video of the March 5, 2020 Use of Force incident. Presumably, these implicate correctional security concerns. The third (Exhibit 16) is a grievance Mr. Washington filed detailing one of the Use of Force incidents at issue in this case. While it is

unclear to Mr. Washington why MDOC designated it as confidential under the terms of the protective order, the right of public access will be satisfied even if it is under seal, because the relevant information is described in Mr. Washington's motion. *See Curtis Oliver*, 2024 WL 4544680, at *2 n.2

**CONCLUSION**

Because of the inherently confidential nature of medical records, and the security concerns that MDOC identified in designating the corrections documents confidential, good cause exists to keep the documents sealed until further order of the court. *See* L.R. Civ. 7.2(a). If, after reviewing the summary judgment briefing, the Court determines that public's interest in the disputed information outweighs the privacy and security interests, the Court can modify the sealing order accordingly.

Dated: November 13, 2026

*/s/ Sumayya Saleh*
Derrick Luster (*pro hac vice*)
Sumayya Saleh (*pro hac vice*)
RIGHTS BEHIND BARS
1800 M Street NW FNT 1 #33821
Washington, D.C. 20033
(t) +1 (202) 455-4399
derrick@rightsbehindbars.org
sumayya@rightsbehindbars.org

Sabina Mariella (*pro hac vice*)
John Lyons (BBO No. 569500)
Katherine Zhang (*pro hac vice*)
Julia Bevins (*pro hac vice*)
Jayden Rush (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(t) +1 (212) 446 2300
(f) +1 (212) 446 2380
smariella@bsfllp.com
jlyons@bsfllp.com

kzhang@bsfllp.com
jrush@bsfllp.com

*Counsel for Plaintiff Derrick Washington*

**CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2)**

Per Local Rule 7.1(a)(2) of the United States District Court for the District of Massachusetts, I hereby certify that I conferred with Defendants on November 12, 2026 by email with respect to this motion to seal. They do not oppose the motion.

*/s/ Sumayya Saleh*
Sumayya Saleh

*Counsel for Plaintiff Derrick Washington*