**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DERRICK WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | Civ. Case No. 1:23-cv-10063 |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Derrick Washington moves under Federal Rule of Civil Procedure 56 and Local Rule 56.1 for an order granting partial summary judgment in his favor on Counts VII and VIII of his First Amended Complaint, *see* ECF No. 126, brought under Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act ("RA"), respectively. *See* 42 U.S.C. § 12102; 29 U.S.C. § 794a.

Mr. Washington is entitled to partial summary judgment against the Massachusetts Department of Corrections ("MDOC") on Counts VII and VIII, and against Wellpath Litigation Trust, and Matthew J. Dundon as Trustee of the Wellpath Litigation Trust on Count VIII, because the undisputed facts establish that Mr. Washington is a qualified individual with a disability under the ADA and RA. Specifically, Mr. Washington has long been diagnosed with asthma, a physical impairment. His asthma interferes with his respiratory functions, as well as the major life activities of breathing and sleeping. Asthma causes shortness of breath, and Mr. Washington routinely uses an inhaler to help him breathe. After the March 5 incident, he received a nebulizer treatment to address his symptoms. The asthma also causes Mr. Washington to wheeze, frequently interrupting

his sleep. These symptoms predate the use of chemical agents in this case, were exacerbated by them, and continue to this day. So under either of two tests for determining whether the impairment rises to the level of a disability, Mr. Washington wins: he had an "actual disability" at the time of the discrimination, and a "record of" disability long predating it, because his asthma substantially limited his major life activities.

For these reasons, Mr. Washington requests that this Court find that his asthma renders him a qualified individual with a disability and grant partial summary judgment on that point.

Dated: November 13, 2026

*/s/ Sumayya Saleh*
Derrick Luster (*pro hac vice*)
Sumayya Saleh (*pro hac vice*)
RIGHTS BEHIND BARS
1800 M Street NW FNT 1 #33821
Washington, D.C. 20033
(t) +1 (202) 455-4399
derrick@rightsbehindbars.org
sumayya@rightsbehindbars.org

Sabina Mariella (*pro hac vice*)
John Lyons (BBO No. 569500)
Katherine Zhang (*pro hac vice*)
Julia Bevins (*pro hac vice*)
Jayden Rush (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(t) +1 (212) 446 2300
(f) +1 (212) 446 2380
smariella@bsfllp.com
jlyons@bsfllp.com
kzhang@bsfllp.com
jrush@bsfllp.com

*Counsel for Plaintiff Derrick Washington*

**CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2)**

Per Local Rule 7.1(A)(2) of the United States District Court for the District of Massachusetts and Judge Margaret R. Guzman's Standing Order Regarding Summary Judgment Motion Practice, I hereby certify that I conferred with Defendant MDOC on November 12, 2026 by email with respect to the Motion for Summary Judgment. They oppose the motion. Defendant MDOC did not confer with Plaintiff about filing a cross-motion for summary judgment, as contemplated by the Standing Order, and did not state an intention to file a cross-motion.

*/s/ Sumayya Saleh*
Sumayya Saleh

*Counsel for Plaintiff Derrick Washington*